**Donald A. Vaughn, Esq (Bar No. 110070)**
**Evan J. Topol Esq. (Bar No. 274932)**
**VAUGHN & VAUGHN**
**501 West Broadway, Suite 1770**
**San Diego, CA 92101**
**Tel: (619) 237-1717**
**Fax: (619) 237-0447**

Attorneys for JACK SCHINDLER

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO

| | |
|---|---|
| In re<br><br>JESSE WAYNE DAWBER,<br><br>Debtor. | Case No. 18-06044-LT11<br><br>Chapter 11<br><br>**CREDITOR JACK SCHINDLER'S STATUS REPORT AND CORRECTION TO CHAPTER 11 STATUS REPORT FILED BY DEBTOR**<br><br>Judge: Hon, Laura Taylor<br>Location: Dept. 3, Room 129<br>Date: December 13, 2018<br>Time: 2:00 p.m. |

Creditor Jack Schindler respectfully submits the following Status Report and Correction to the Chapter 11 Status Report filed by the debtor and debtor-in-possession:

## I.
## INTRODUCTION

Creditor Jack Schindler respectfully submits that his filings in connection with his Motion for Appointment of a Chapter 11 Trustee thoroughly explain the current status of the case. There are, however, a number of inaccuracies in the Debtor's Chapter 11 Status Report [Dkt. No. 56] which require correction and thus, Mr. Schindler respectfully submits the following Status Report and Correction.

The continued 341(a) meeting of creditors was held on December 4, 2018. Therein, it was further established by Mr. Dawber's inability to answer *even the most basic questions* – with respect to both his individual finances and those of his wholly owned corporation Class War, Inc. – that he completely lacks the ability to effectively oversee and manage the Bankruptcy Estate. This is despite having over 30 days to familiarize or educate himself as to the pertinent financial information, and despite the hiring of a new "President and Chief Restructuring Officer" for Class War, Inc.

The hearing before this Court on December 13, 2018 at 2:00 pm will address: (1) the Debtor's Application for Insider Compensation, to which Creditor Schindler objects; (2) the Debtor's Application for Employment of Arent Fox LLP, to which Creditor Schindler objects; and (3) Creditor Schindler's Motion for Appointment of a Chapter 11 Trustee.

## II.

## ISSUES TO BE ADDRESSED IN UPCOMING HEARINGS

### A. Debtor's Application for Insider Compensation

The Debtor's Status Report inaccurately states, "Based on the U.S. Trustee's opposition being resolved by the Insider Comp. Stipulation and there being *no other opposition* to the application, it is expected that the Court will approve insider compensation pursuant to the updated budget attached to thereto." [Dkt. No. 56, 4:1–4; emphasis added.] In fact, Creditor Schindler filed an Opposition to the Application for Insider Compensation [Doc. No. 34] and requests that the Court consider Mr. Schindler's Opposition before approving the Debtor's Application and/or Stipulation, because the Stipulation [Doc. No. 50] does not address all of the issues raised in Mr. Schindler's Opposition.

///
///
///

2

CREDITOR SCHINDLER'S STATUS REPORT – CORRECTION TO DEBTOR'S STATUS REPORT

## B. Debtor's Application for Employment of Arent Fox LLP

The Debtor's Status Report inaccurately states, "On November 30, 2018 a response to the oppositions was filed [Dkt. No 46] that addressed the concerns raised by the U.S. Trustee and the Schindler." [Dkt. No. 56, 4:10–12.] The Debtor's Response to the Oppositions does not in any way address or resolve the concerns raised by Mr. Schindler; rather, it only creates confusion and heightens cause for concern.

Essentially, the Debtor asks this Court to simply ignore the pre-petition engagement letter that was in fact executed by the Debtor, as well as the pre-petition retainer of $250,000, which was in fact received by Arent Fox LLP, and still remains in Arent Fox LLP's trust account, as far as anyone knows. Inexplicably, the Response states that, "Arent Fox typically seeks approval of its employment pursuant to 11 U.S.C. § 327 with compensation to be awarded in such amount as the Court may order pursuant to 11 U.S.C. § 330" [Dkt. No. 46, 2:23–24], without explaining why, in this case, Arent Fox required a pre-petition retainer of $250,000 as a condition precedent to their representation of Mr. Dawber. Moreover, the Response does not state that Arent Fox has somehow modified or rejected the engagement letter – which mandated a $250,000 advance deposit. The Debtor's Response again denies that it received a pre-petition retainer of $250,000 and fails to mention what will happen to that sum – presumably because Arent Fox intends to keep the funds in its trust account.

Additionally, while the Debtor's counsel informed this Court at the November 2, 2018 Informal Status Conference that there was a "potential" transaction for license of Mr. Dawber's intellectual property in exchange for the sum of $250,000, and that Court approval would be sought, nothing has happened in this regard. In fact, the Debtor and his counsel have refused to reveal **any** information concerning that transaction which led to a quarter of a million dollars finding its way into the Arent Fox trust account. Mr. Schindler also objected to the

3

CREDITOR SCHINDLER'S STATUS REPORT – CORRECTION TO DEBTOR'S STATUS REPORT

hourly rates charged by Arent Fox, a Los Angeles firm, for a bankruptcy case in the Southern District and, contrary to the Debtor's Response, Mr. Schindler's concerns are not assuaged by Arent Fox's policy to bill travel time at "only" half the normal rate where local counsel would not have to bill time to travel between Los Angeles and San Diego.

With respect to any potential conflict of interest that Arent Fox has with Hogan Lovells, it is confusing why Arent Fox apparently indicated in the Debtor's Application [Dkt. No. 29; Exhibit 4] that Hogan Lovells was a current and former client, but now says it is not.

### C. Creditor Schindler's Motion for Appointment of Chapter 11 Trustee

Creditor Schindler's Motion was filed on November 15, 2018. The Debtor filed Opposition, and Schindler filed his Reply on December 6, 2018. The Debtor has objected to nearly every piece of evidence offered in support of Schindler's Motion. It appears that many of the objections are not meritorious, and therefore waste this Court's precious resources. Mr. Schindler believes it is important for the Court to consider testimony provided by Mr. Dawber in the initial 341(a) meeting, as well as the recent continued 341(a) meeting. To that end, Mr. Schindler will be providing the transcript from the continued 341(a) meeting held on December 4, 2018, as referenced in Schindler's Reply. If the Court is inclined to grant Debtor's objections to the transcripts of the 341(a) meetings, as authenticated by Mr. Vaughn, Mr. Schindler respectfully submits that the testimony can be authenticated by the U.S. Trustee's attorney, Mr. Ortiz, or if the Court wishes, the audio recording can be submitted to the Court. As set forth in the moving papers, substantial evidence and legal precedent support the granting of Schindler's Motion for Appointment of a Chapter 11 Trustee to impose much-needed independent oversight and corrective action; patently, this is the only way anyone will find out anything because the Debtor refuses to reveal what he has done and is now doing.

///

4

CREDITOR SCHINDLER'S STATUS REPORT – CORRECTION TO DEBTOR'S STATUS REPORT

## III.
## FUTURE HEARING RE DEBTOR'S MOTION TO APPROVE CORPORATE RESOLUTIONS

The Debtor has filed a motion to approve certain corporate resolutions of the Debtor's wholly owned corporation, Class War, Inc., which is set for hearing on January 16, 2019. These corporate resolutions, among other things, appoint Jeremy Rosenthal as the President, Chief Restructuring Officer and Secretary of Class War, Inc. As fully set forth in Schindler's Reply to the Debtor's Opposition to the Motion for Appointment of a Chapter 11 Trustee, there are a number of problems with the appointment of Mr. Rosenthal, a bankruptcy lawyer who has no experience running an apparel (or indeed any other) business, and who is not truly independent. Creditor Schindler will be filing an opposition to the Debtor's Motion to approve the corporate resolutions.

## IV.
## THE DEBTOR'S FAILURE TO COMPLY WITH REPORTING REQUIREMENTS

The Debtor's Status Report inaccurately claims that, "timely monthly operating reports have been filed, with the most recent monthly operating report [Dkt. No. 38] having been filed on November 20, 2018." In fact, as this Court may recall, at the Informal Status Conference held on November 2, 2018, the Debtor was instructed to file Fed. R. Bankr. P. Rule 2015.3 reports for Class War, Inc. and Sketchy Tank, LLC on a monthly basis, concurrently with the filing of monthly operating reports. Although the Debtor's monthly operating report for the month of October 2018 was filed on November 20, 2018, the Debtor failed to concurrently file the Rule 2015.3 report. Despite requests by Mr. Schindler's counsel, the 2015.3 report was not filed until December 6, 2018, over two weeks later. Not only was the report late, but in opposition to the Motion for Appointment of a Chapter 11 Trustee, Mr. Dawber, himself, falsely declared that the report had indeed been

filed on November 23, 2018. At the continued 341(a) meeting, Mr. Dawber offered no explanation for his false statement. Moreover, even the tardy financial statements Mr. Dawber filed are impossible to reconcile with earlier documentation, and inexplicably switch between different accounting methods. Contrary to the Debtor's assertions, he has not complied with reporting requirements.

## V.

## THE DEBTOR'S PURPORTED PLAN OF REORGANIZATION

In the Debtor's Status Report, the Debtor asserts his belief, despite having no actual knowledge of Class War's current financial status or operations, that "a viable plan of reorganization can be formulated […]." [Dkt. No. 56, 5:17.] The Debtor also states that "Class War is subject to Schindler's multi-million dollar claim and is itself facing serious financial difficulties." [Dkt. No. 56, 5:19–20.] This statement is curious considering the Debtor's admitted utter lack of knowledge with respect to Class War's financial status and the fact that no judgment has been entered against Class War, not to mention the fact that Class War will have sold approximately $6 million worth of apparel by year's end and should therefore be highly profitable if it were not for the seven-figure royalty payments to a Singapore entity and exorbitant fees paid to attorneys and other individuals designed to make the company appear insolvent.

More worrisome, Mr. Schindler believes the Debtor is licensing or selling Class War's intellectual property, to make it impossible for Class War to continue its business. Thus, Mr. Schindler's fears the "Plan" which the Debtor says he will someday propose will be to "reorganize" a business which was highly successful but in three months turned into a shell from which all valuable property has been carved off and sold so that the remaining corpse is worth next to nothing and has no ongoing operations. Indeed, given Mr. Rosenthal's lack of experience in a running a business, it appears his retention is designed to do exactly as Schindler fears and

CREDITOR SCHINDLER'S STATUS REPORT – CORRECTION TO DEBTOR'S STATUS REPORT

Mr. Rosenthal himself has suggested – liquidate.

The Debtor's Status Report states that, "a month or two will be needed to stabilize Class War's operations and finances so that its new Chief Restructuring Officer Mr. Rosenthal will be able to provide the Debtor and this Court reliable financial projections […]." [Dkt. No. 56, 5:20–22.] With all due respect, it has now been one month since Mr. Rosenthal took over and two months since the Debtor filed his Petition, and there is no sign of any progress – in fact, the recently-filed financial statements indicate that Class War is losing *even more money*. Despite conclusory remarks that Mr. Rosenthal has "worked to maximize and otherwise preserve the value of the company for the benefit of its creditors" [Dkt. No. 42, p. 30 of 51, ¶ 8], there is no evidence to support that proposition and no explanation as to why Mr. Rosenthal, who has already been paid a $50,000 retainer, earning $25,000 per month, needs "a month or two" more to "stabilize" Class War's operations and finances. This is especially true where the Debtor's counsel advised Mr. Schindler's attorneys that Mr. Rosenthal would quickly get up to speed, such that he could discuss finances at the meeting Mr. Dawber's attorneys suggested for December 5, 2018, and at which no financial information whatsoever was revealed. The creditors cannot stand by while Class War's assets continue to be wasted in secret.

///
///
///
///
///
///
///
///
///

CREDITOR SCHINDLER'S STATUS REPORT – CORRECTION TO DEBTOR'S STATUS REPORT

## VI.
## CONCLUSION

Based upon the foregoing, Creditor Schindler respectfully requests that the Court consider his Oppositions to the Debtor's Applications for Insider Compensation and Employment of Arent Fox LLP and most importantly, the Motion for Appointment of a Chapter 11 Trustee, to provide independent oversight to protect the creditors and the Estate.

Respectfully submitted,

Dated: December 10, 2018    VAUGHN & VAUGHN

By: /s/ DONALD A. VAUGHN
Attorneys for JACK SCHINDLER

8

CREDITOR SCHINDLER'S STATUS REPORT – CORRECTION TO DEBTOR'S STATUS REPORT

| | |
|---|---|
| 1 | Donald A. Vaughn, Esq. (Bar No. 110070) |
| 2 | Evan J. Topol, Esq. (Bar No. 274932) |
| | VAUGHN & VAUGHN |
| 3 | 501 West Broadway, Suite 1770 |
| 4 | San Diego, CA 92101 |
| | Tel: (619) 237-1717 / Fax: (619) 237-0447 |
| 5 | |
| 6 | Attorneys for JACK SCHINDLER |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re | Case No. 18-06044-LT11 |
| JESSE WAYNE DAWBER, | **PROOF OF SERVICE** |
| Debtor in Possession. | |

I, Tatiana Tomacelli, DECLARE AS FOLLOWS:

I am a resident of and employed in the State of California, County of San Diego. I am over the age of 18 years and not a party to the above-entitled action. On December 10, 2018, I served a true copy of the following document(s):

**CREDITOR JACK SCHINDLER'S STATUS REPORT AND CORRECTION TO CHAPTER 11 STATUS REPORT FILED BY DEBTOR**

on the parties in this action as follows:

[X] BY CM/ECF NOTICE OF ELECTRONIC FILING by causing such document(s) listed above to be served through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth below as identified on the service list obtained from this Court on the Electronic Mail Notice List.

1

| | |
|---|---|
| 1 | Christine E. Baur on behalf of Party Class War, Inc. |
| 2 | christine@baurbklaw.com |
| 3 | Douglas Flahaut on behalf of Debtor Jesse Wayne Dawber |
| 4 | flahaut.douglas@arentfox.com |
| 5 | Aram Ordubegian on behalf of Debtor Jesse Wayne Dawber |
| 6 | ordubegian.aram@arentfox.com |
| 7 | Todd S. Garan on behalf of Creditor BANK OF AMERICA, N.A. |
| 8 | ch11ecf@aldridgepite.com, tgaran@aldridgepite.com, TSG@ecf.courtdrive.com |
| 9 | David Ortiz on behalf of Debtor Jesse Wayne Dawber |
| 10 | david.a.ortiz@usdoj.gov |
| 11 | United States Trustee |
| 12 | ustp.region15@usdoj.gov |
| 13 | Christine E. Baur on behalf of Class War, Inc. |
| 14 | christine@baurbklaw.com, admin@baurbklaw.com |

All other interested parties in this action that are not a registered ECF User are served as follows:

**SEE ATTACHED SERVICE LIST**

[X] By U.S. Mail by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Diego, California addressed as set forth below.

[ ] BY OVERNIGHT DELIVERY by causing such envelope(s) to be deposited in a box or other facility regularly maintained by Federal Express overnight delivery with fees paid.

[ ] BY ELECTRONIC SERVICE by causing document(s) to be electronically served on the interested parties in the above-referenced action. The transmission was reported as complete without error and a copy of the report will be maintained with the document by the sender.

1    [ ]   BY FACSIMILE by causing the foregoing document(s) via facsimile transmission. The transmission was reported as complete without error and a copy of the report will be maintained with the document by the sender.

     I declare under penalty of perjury that the documents were served by methods indicated above and the foregoing is true and correct. Executed on December 10, 2018 at San Diego, California.

*Tatiana Tomacelli*
Tatiana Tomacelli

**Jesse Wayne Dawber**
**Case No. 18-06044-LT11**
**SERVICE LIST**

| Internal Revenue Service<br>Post Office Box 7346<br>Philadelphia, PA  19101-7346 | ALDRIDGE PITE LLP<br>4375 Jutland Drive, Suite 200<br>San Diego, CA  92117 | Bankruptcy Counsel<br>United States Security & Exchange Commission<br>444 South Flower St., Ste. 900<br>Los Angeles, CA  90071-9591 |
|---|---|---|
|  |  | Franchise Tax Board<br>ATTN:  Bankruptcy<br>Post Office Box 2952<br>Sacramento, CA  95812-2952 |