Donald A. Vaughn, Esq (Bar No. 110070)
Evan J. Topol Esq. (Bar No. 274932)
**VAUGHN & VAUGHN**
**501 West Broadway, Suite 1770**
**San Diego, CA  92101**
**Tel: (619) 237-1717**
**Fax: (619) 237-0447**

Attorneys for JACK SCHINDLER

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO

| | |
|---|---|
| In re | Case No. 18-06044-LT11 |
| | Chapter 11 |
| JESSE WAYNE DAWBER, | ***EX PARTE* MOTION FOR ORDER AUTHORIZING JACK SCHINDLER TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND EXAMINATION PURSUANT TO FRBP RULE 2004; SUPPORTING DECLARATION OF DONALD A. VAUGHN** |
| Debtor. | |
| | *[No Hearing or Notice Required Pursuant to Local Bankr. R. 9013-3(c)]* |

Creditor Jack Schindler ("Schindler") respectfully submits this *Ex Parte* Motion ("Motion") requesting an Order authorizing Mr. Schindler to issue subpoenas to identified individuals and entities for the production of documents and examination pursuant to Federal Rules of Bankruptcy Procedure Rule 2004:

///

///

///

///

///

## I.

## REQUESTED RELIEF

By this Motion, Mr. Schindler seeks authorization pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("FRBP"), and Local Bankruptcy Rule ("LBR") 2004–1 to issue subpoenas for the production of documents and examination of: (1) Sarah Bryce (the Debtor's spouse and co-debtor), (2) Class War, Inc. (the Debtor's business), (3) City National Bank (the Debtor's bank), and (4) accounting firm BDO (the Debtor's accountant).

As explained below, the subject Rule 2004 examinations are necessary to obtain information concerning the acts, conduct, property, liabilities and financial condition of the Debtor and his spouse, matters which may affect the administration of the Debtor's Estate or the Debtor's right to a discharge, the operation of businesses in which the Debtor and/or his spouse have an interest and the desirability of their continuance, the source of any money or property acquired or to be acquired by the Debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan of reorganization. For the reasons set forth below, Mr. Schindler respectfully requests that the Court enter an order authorizing Mr. Schindler to issue subpoenas compelling the production of documents and oral examination as set forth in Exhibits 1 through 4 attached hereto.

## II.

## INTRODUCTION

Jack Schindler is by far the largest creditor in this Chapter 11 case, with an unsecured claim of $5,391,041 (the "Claim") against the Debtor and his wholly owned corporation, Class War, Inc. ("Class War"), arising from a verdict in the state court litigation styled as *Schindler v. Dawber, et al.* The Claim resulted from the Debtor's misappropriation in July 2015 of the same apparel business involved herein, from which he ejected Mr. Schindler, his partner in the endeavor. The

Debtor conducted the partnership apparel business through Class War and personally took more than $1,500,000 out of the business, which financials showed (until recently) was on track to approach or exceed sales of $6 million in 2018.

According to recent financials produced on behalf of the Debtor, three years of multimillion dollar success suddenly changed in the fourth quarter of 2018, but the Debtor cannot explain where his money went, why the IRS has a $600,000 claim against him, or why the fortunes of Class War and the Debtor supposedly took an abrupt nosedive right around the time the Verdict (as to which no execution proceedings have ever been conducted) was rendered.

In contravention of 11 U.S.C. section 1106(a) and 11 U.S.C. section 704(a)(7), the Debtor and his representatives have not furnished requested and promised information, and the documentation they have filed is opaque, changes from accrual to cash basis so comparison is impossible, and the Debtor himself has no answers to even the most basic questions about his own finances – including a missing $350,000. More disturbingly, recent financial information pertaining to Class War appears to document a *sudden* downturn – **not** *continued* deterioration – because this business was healthy as of September 1, 2018. Thus, the requested examinations and document productions are not only *authorized* under Rule 2004, but appear to be the *only* means to obtain complete, accurate, and nonbiased (perhaps *any*) information about the acts, conduct, property, liabilities and financial condition of the Debtor and his spouse, and the operation of businesses in which the Debtor and his spouse have an interest, as well as the desirability of continuing them. Indeed, in continuing Schindler's Motion to Appoint a Trustee, this Court suggested that he avail himself of the Rule 2004 process and Mr. Schindler is now doing so in conformity with the Court's recommendation.

///

///

///

### III.

### JURISDICTION AND VENUE

This Court has jurisdiction over the within Motion pursuant to 28 U.S.C. sections 157 and 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. section 157(b)(2). Venue of these proceedings is proper in this judicial district pursuant to 28 U.S.C. sections 1408 and 1409. The statutory basis for the relief requested herein is Section 105(a) of the Bankruptcy Code and FRBP Rules 2004 and 9016.

### IV.

### BASIS FOR REQUESTED RELIEF

Bankruptcy Rule 2004(a) provides that, "On motion of any party in interest, the court may order the examination of any entity." Bankruptcy Rule 2004(b) provides that an examination under the Rule may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." In a Chapter 11 case such as this matter, the examination may also relate to "the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan." FED. R. BANKR. P. RULE 2004(b).

Rule 2004 examinations are not limited to use by debtors and official committees. To the contrary, courts have repeatedly recognized that creditors and other parties in interest may utilize Rule 2004 examinations. *See*, *In re Lehman Bros. Inc.,* No. 08-01420, 2008 WL 5423214 *1, *2-3 (Bankr. S.D.N.Y. Nov. 26, 2008); *People's Bank v. Poirier (In re Poirier)*, 214 B.R. 53, 58 (Bankr. D. Conn. 1997) (stating that "[t]he broad scope and ready availability of a Rule 2004 Examination provides a forum for an individual creditor to question a debtor at

great length on all matters relevant to the debtors' financial affairs....").

Here, Mr. Schindler is a "party in interest" with standing to seek authorization for, and to undertake, a Bankruptcy Rule 2004 examination. *See*, 11 U.S.C. § 1109(b) ("A party in interest, including ... a creditor ... may raise and may appear and be heard on any issue in a case under this chapter."). Further, the requested relief is well within the scope of Rule 2004 because it would assist Mr. Schindler – and indeed the United States Trustee as well – "in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004).

As the basic discovery device used in bankruptcy cases, "[t]he purpose of a Rule 2004 examination is to allow the court to gain a clear picture of the condition and whereabouts of the bankrupt's estate" and "the inquiry may cut a broad swath through the debtor's affairs, those associated with him, and those who might have had business dealings with him." *In re Johns-Manville Corp.*, 42 B.R. 362, 364 (Bankr. S.D.N.Y. 1984); *see also*, *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 708-09 (Bankr. S.D.N.Y. 1991). Rule 2004 examinations "allow inquiry into the debtor's acts, conduct or financial affairs so as to discover the existence and location of assets of the estate." *In re Dinubilo*, 177 B.R. 932, 940 (Bankr. E.D. Cal. 1993). The examinations may also be used for the purpose of unearthing frauds. *In re International Fibercom, Inc.*, 283 B.R. 290, 293 (Bankr. D. Ariz. 2002).

The scope of a Rule 2004 examination is "unfettered and broad;" the rule essentially permits a "fishing expedition." *In re Mastro*, (B.A.P. 9th Cir. 2018) 585 B.R. 587, 597 (quoting *In re Subpoena Duces Tecum*, 461 B.R. 823, 829 (Bankr. C.D. Cal. 2011)); *In re North Plaza, LLC*, 395 B.R. 113, 122 n. 9 (Bankr. S.D. Cal. 2008), quoting *In re Rafsky,* 300 B.R. 152, 153 n. 2 (Bankr. D. Conn. 2003) (stating "the scope of a Rule 2004 examination is exceptionally broad and provides few of

4

the procedural safeguards found in Federal Rule of Civil Procedure 26"). "No contested matter or adversary proceeding need be instituted as a prerequisite to conducting an examination under this rule." *In re Almatis*, No. 10-12308, 2010 WL 4877868 *1, *3 (Bankr. S.D.N.Y. Nov. 24, 2010). Consequently, a Rule 2004 motion need not be tied to specific factual allegations at issue between parties. *In re Symington*, 209 B.R. 678, 684 (Bankr. D. Md. 1997).

A Rule 2004 examination also may be had of any entity with knowledge of the debtor's acts, property, liabilities, and financial affairs relating to the debtor's bankruptcy proceedings, and courts have generally permitted the examination of "any third party who can be shown to have a relationship with the debtor." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994); *In re Fin. Corp. of Am.*, 119 B.R. 728, 733 (Bankr. C.D. Cal. 1990) (stating that the examination may "extend to third parties who have had dealings with the debtor"). This includes Debtor's pre-petition accountants or auditors. *See*, *In re Andersen*, No. BAP MB 10-015, 2011 WL 4571900 *1, *4 (B.A.P. 1st Cir. Jan. 20, 2011) (finding that accountant's testimony gleaned from Rule 2004 examination may serve as basis for reopening case where testimony demonstrates that debtor was not forthcoming about his financial condition); *In re National Risk Assessment, Inc.*, 547 B.R. 63, 66 (Bankr. W.D.N.Y. 2016) (granting motion to direct an examination of a Certified Public Accountant familiar with the debtor's accounting and finances). ***This also includes non-debtor entities affiliated with the Debtor.*** *See*, *In re Vaughan*, BAP No. NV-15-1254-JuKiD, 2016 WL 878308 *1, *2 (B.A.P. 9th Cir. Feb. 29, 2016) (affirming court's order granting Rule 2004 Motion to include three non-debtor affiliated entities).

## V.

## THE REQUESTED RELIEF SHOULD BE GRANTED

As this court is aware, the Debtor has been less-than-forthcoming with information. Both the United States Trustee and Schindler have been unable to

5

secure answers to relevant and highly important inquiries through the 341(a) meeting process. Two sessions of the 341(a) meeting were held more than one month apart and, despite the Debtor being unable to answer many inquiries in the first session, he made no effort whatsoever in the interim to find out any of the missing information, and made no effort to educate himself about his finances or the operation of his business. At least according to *The Rutter Group Practice Guide: Bankruptcy*, the debtor-in-possession, as a fiduciary for creditors, has a duty to respond to reasonable inquiries. Kathleen P. March, et al., *The Rutter Group California Practice Guide: Bankruptcy* Ch. 11-B, ¶ 11:275 (2018). "Unless the court orders otherwise, the DIP is required to furnish information concerning the estate and its administration as requested by parties in interest." *Ibid*. (citing 11 U.S.C. § 1106(a), incorporating by reference 11 U.S.C. § 704(a)(7)).

This failure to provide information, coupled with **admitted** pre-petition misconduct in connection with Class War, led Mr. Schindler to seek appointment of a Chapter 11 trustee. The court has not yet granted that relief, but continued the Motion, while keeping the Debtor on a "short leash." As Mr. Schindler described to the Court in connection with the referenced Motion, the Class War financials – as well as financials of one of the Debtor's other entities, Sketchy Tank, LLC – are opaque to analysis, and it appears Class War which was on track to $6 million in gross sales in 2018, has suddenly taken a precipitous nosedive. During the hearing on Schindler's Motion for Appointment of a Trustee, the Court commented that the purported efforts of "new management" to investigate pre-petition finances might very well be frustrated because the people in charge at that time likely kept questionable records. Thus, as the Court actually recommended, Schindler has necessarily been relegated to the Rule 2004 examination process in order to obtain information, and brings the instant Motion in pursuit of that recommended course.

///

///

## A.    Sarah Bryce – The Debtor's Spouse

With regard to Sarah Bryce, the Debtor's schedules and Statement of Financial affairs [Dkt. No. 16] assert that his co-debtor Ms. Bryce is a self-employed digital strategist, with income of $2,750 per month, and that she is the one who took out credit for which the community is allegedly responsible. [Id at pp. 21 – 23.] In addition, the Debtor and his spouse filed tax returns jointly and, in the absence of the Debtor being able to supply information concerning a $600,000+ Claim filed by the IRS (as to which he again had no information in the 341(a) meetings), Ms. Bryce should be able to shed light on that subject. Thus, co-debtor Ms. Bryce may be examined and required to produce the requested documents. As courts have recognized, Rule 2004 requires the bankrupt ***and his or her spouse*** to appear for examination to afford creditors the opportunity to locate and protect assets of the bankrupt's estate. *See*, *In re Shulund*, 210 F.Supp. 195 (Bankr. D. Mont. 1962); *In re Foerst*, 93 F. 190 (Bankr. S.D.N.Y. 1899) (the wife of the bankrupt can be interrogated as to money or other property in her possession, and as to how and when the same was received or acquired); *In re Worrell*, 125 F. 159 (Bankr. E.D. Pa. 1903) (finding that a certain latitude must be permitted in the examination of the bankrupt's wife). Thus, a Rule 2004 examination of Ms. Bryce is entirely proper, pursuant to the proposed subpoena attached as Exhibit 1.

## B.    Class War, Inc. – The Debtor's Wholly Owned Business

With regard to Class War, Inc., the Debtor's wholly owned corporation, the finances of the company are directly and inextricably linked to the finances of the Debtor. *See*, *In re Vaughan*, BAP No. NV-15-1254-JuKiD, 2016 WL 878308 *1, *2 (B.A.P. 9th Cir. Feb. 29, 2016) (affirming court's order granting Rule 2004 Motion to include three non-debtor affiliated entities); *In re Charlotte Textile Co.*, 94 F.Supp. 872 (Bankr. S.D.N.Y. 1950). The Periodic Reports, which the Debtor eventually filed with respect to Class War, provide little detail, have changed from accrual to cash basis and vice versa, and fail to account for pre-petition operations.

The business financials do, however, show a precipitous downturn in sales, profits which switched from positive to increasing losses of money, and the Debtor himself testified in the most recent 341(a) meeting that he was "told" by Mr. Madacsi that a license for apparel goods by major customer Zumiez had been "canceled" but the Debtor had no information concerning those circumstances, and even claimed he was not sure who had canceled this license. As a business owned by the Debtor which historically generated – and still ought to be generating – millions of dollars in profits, company records are well within the scope of Rule 2004, and the subpoenas attached as Exhibit 2 should be authorized to obtain not only company records, but information in the form of testimony from its in-house bookkeeper, Gina Piskur, and new officer Jeremy Rosenthal, who has refused to provide information unless Schindler stipulates it is inadmissible before this Court under Fed. R. Evid. 408.

## C.    City National Bank – The Debtor's Bank

With regard to the Debtor's bank, City National Bank, these records contain valuable information regarding the Debtor's financial affairs, both individually and for the Debtor's business, which is precisely the purpose of a Rule 2004 examination – to obtain information as to the "financial condition of the debtor". FED. R. BANKR. P. RULE 2004(b); *see generally*, *In re Kvassay*, No. BAP CC–13–1418–KiLaPa, 2014 WL 2446181 *1, *2 (B.A.P. 9th Cir. May 30, 2014); *In re Kennedy*, 566 B.R. 690 (Bankr. D.N.J. 2017). In this Chapter 11 context where finances of the Debtor and his assets are not just the primary focus – but the only focus – it is a self-evident proposition that these bank records are highly probative and again well within the scope of Rule 2004.

## D.    BDO – The Debtor's Accountant

With regard to the Debtor's accountant, BDO, examination of a debtor's accountant under Rule 2004 is widely accepted. "[A creditor] is entitled to a face to face examination of the debtor and his accountant without filtering or spin from the

MOTION FOR AN ORDER PURSUANT TO FRBP RULE 2004 TO ISSUE SUBPOENAS

debtor's attorney." *In re Zaruba*, No. J07–00100–DMD, 2007 WL 4219406 *1 (Bankr. D. Alaska Nov. 29, 2007). Such examinations are reasonably necessary for the protection of a creditor's legitimate interests in the Chapter 11 process. *Ibid*. *See*, *Int'l Horizons, Inc. v. Comm. of Unsecured Creditors*, 16 B.R. 484 (Bankr. N.D. Ga. 1981), aff'd, 689 F.2d 996 (11th Cir. 1982) (unsecured creditors committee permitted to discover financial information from debtor's accountant); *In re Mittco, Inc.*, 44 B.R. 35 (Bankr. E.D. Wis. 1984) (creditor allowed to examine debtor's accountant on showing that examination's purpose was to benefit estate); *In re Clearview Concrete Prods., Inc.*, 23 C.B.C. 373 (Bankr. E.D.N.Y. 1980) (creditor permitted to examine debtor's accountant to determine use of debtor's funds). Similarly, an accountant's records are subject to a Rule 2004 examination. *See*, *In re Int'l Horizons, Inc.*, *supra*, aff'd, 689 F.2d 996 (11th Cir. 1982) (accountant required to permit unsecured creditors' committee access to financial documents and work papers); *In re Mittco, Inc.*, 44 B.R. 35 (Bankr. E.D. Wis. 1984) (creditor authorized to examine and copy work papers of debtor's accountant used in preparation of audited financial statements); *In re GHR Cos., Inc.*, 41 B.R. 655 (Bankr. D. Mass. 1984) (tax work papers prepared for debtors by outside auditors discoverable by creditors); *In re Clearview Concrete Prods., Inc.*, 23 C.B.C. 373 (Bankr. E.D.N.Y. Aug. 21, 1980) (tax returns are relevant subject of examination).

## VI.

## CONCLUSION

The requested relief will allow Mr. Schindler, *and the United States Trustee*, to obtain highly probative information which the Debtor has refused to provide. For instance, the Debtor has provided no explanation why the finances of his lucrative Class War corporation took a sudden downturn – after he himself took personal profits in excess of $1,500,000 out of that business. The Debtor has refused to disclose why, although the unsigned "Creative Agreement" license he

9

says was, and still is, in force required it, he never received over $350,000 which was owed to him thereunder. The Debtor has sworn under oath that there is no list of designs or intellectual property which were purportedly licensed by him to STFU, and no record of what Class War supposedly licensed back from that Singapore company – at a cost of multiple millions of dollars. The Class War financials vary widely from month-to-month, and do not even employ consistent accounting methods, such that the only source for reliable information will be records from banks and the Debtor's accountants. Moreover, in the Debtor's Reply to Schindler's Opposition to the pending Motion for Approval of Post-Petition Shareholder and Director Resolutions [hearing date of January 16, 2019], one ground of the Debtor's response is that Schindler supplied *no evidence* to support his Opposition. The problem is this: Schindler does not have evidence because the Debtor won't give it to him! The instant Motion is designed to fill that void.

Finally, the IRS has filed a Proof of Claim in the instant matter seeking more than $600,000 from the Debtor and his co-debtor wife, but Mr. Dawber has no idea where that claim comes from – even though he admits having received a communication in that regard right before the second 341(a) examination. Mr. Dawber and his co-debtor filed joint tax returns, and the background and underpinnings of the IRS' priority claim are highly important in this matter, where if valid it would be paid (in large measure) before Mr. Schindler sees a dime.

Given the expansive scope of permitted Rule 2004 examinations, the Debtor's stonewalling in providing even basic financial information, and this Court's suggestion that Mr. Schindler avail himself of the subject process, it is respectfully submitted the instant Motion should be immediately approved.

Respectfully submitted,

Dated: December 21, 2018          VAUGHN & VAUGHN

By:    /s/ DONALD A. VAUGHN
       Attorneys for JACK SCHINDLER

# DECLARATION OF DONALD A. VAUGHN

I, Donald A. Vaughn, declare and state as follows:

1.    I am an attorney licensed to practice before all the Courts of this State, am admitted to practice before the United States District Court for the Southern District of California, and am a member of the law firm of Vaughn & Vaughn, counsel of record for Creditor Jack Schindler in the above-entitled matter.   I represented Mr. Schindler in litigation in San Diego Superior Court against the Debtor, individually, and California Corporation Class War, Inc. ("Class War") and handled that case from its inception on August 11, 2015, through the Jury Verdict in favor of Mr. Schindler.  I know the following facts by personal knowledge, and could competently testify thereto if called upon to do so as a witness.

2.    The document attached as Exhibit 1 is a true and correct copy of the proposed subpoena on local Form CSD 2540, as required by the Local Bankruptcy Rules, for an examination of and production by Sarah Bryce, the co-debtor of Jesse Wayne Dawber, the Debtor herein, under Federal Rules of Bankruptcy Procedure Rule 2004.

3.    The document attached as Exhibit 2 is a true and correct copy of the proposed subpoena on local Form CSD 2540, as required by the Local Bankruptcy Rules, for an examination of and production by the bookkeeper and new officer of the Debtor's wholly-owned business, Class War, Inc. (Gina Piskur and Jeremy Rosenthal, respectively) under Federal Rules of Bankruptcy Procedure Rule 2004.

4.    The document attached as Exhibit 3 is a true and correct copy of the proposed subpoena on local Form CSD 2540, as required by the Local Bankruptcy Rules, for an examination of and production by the Debtor's bank, City National Bank, under Federal Rules of Bankruptcy Procedure Rule 2004.

5.    The document attached as Exhibit 4 is a true and correct copy of the proposed subpoena on local Form CSD 2540, as required by the Local Bankruptcy Rules, for an examination of and production by BDO, the Debtor's accountant,

under Federal Rules of Bankruptcy Procedure Rule 2004.

6.     The document attached as Exhibit 5 is a true and correct copy of an email I wrote to both attorneys for the Debtor on December 4, 2018 attempting, in conformity with Local Bankruptcy Rule 2004–1, to reach agreement on the time, place, scope, and production of materials for the identified Rule 2004 examinations.

7.     The document attached as Exhibit 6 is a true and correct copy of an email response I received from the Debtor's attorney on December 10, 2018 advising me that they did not represent Sarah Bryce or any of the other prospective examinees, and encouraging me to reach out to them directly.  Also contained in this Exhibit is my December 10, 2018 response indicating that I had contacted the Debtor's attorneys concerning Sarah Bryce because she was the Debtor's wife but that, in light of their declining to speak on her behalf, I would contact her directly.

8.     The document attached as Exhibit 7 is a true and correct copy of a letter I mailed to co-debtor Sarah Bryce on December 10, 2018, attempting to meet and confer with her concerning the date, time, place, and scope of her examination under Rule 2004.  I never received any response from Ms. Bryce.

9.     The document attached as Exhibit 8 is a true and correct copy of a letter I emailed to Christine Baur (counsel for Class War) on December 11, 2018, attempting to meet and confer with her concerning the date, time, place, and scope of the examination of Class War under Rule 2004.  I never received any response from Ms. Baur at any time.

10.    The document attached as Exhibit 9 is a true and correct copy of an email I received from the Debtor's attorney on December 17, 2018, and my response that same day.  As the Court will see, the initial email to me reports, in contrast to their previous communication, that they are now acting on behalf of Ms. Bryce although they do not represent her, but are assisting her in obtaining "a lawyer."  My response indicates that we agree to expenditure of the monies to obtain counsel on her behalf.

11.     The document attached as Exhibit 10 is a true and correct copy of an email I received from the Debtor's attorney on December 19, 2018 indicating that they would request approval of the expenditure of funds to obtain counsel for Ms. Bryce "in the near future."

12.     Exhibits 5–10, above, document my efforts to meet and confer concerning the date, time, place, and scope of the referenced examinations.  I have not reached out to City National Bank or BDO, because I do not know who to contact at those entities to make these arrangements.  If the Court approves issuance of the subpoenas to those entities, I will make every effort to accommodate their convenience when and if contacted by a representative and will agree to change the date and time of the examination and production to a mutually convenient reasonable place and time.

13.     With regard to Class War, the Debtor's Motion for Approval of Post-Petition Shareholder and Director Resolutions is set for January 16, 2019.  It is important that we obtain the requested information from Mr. Rosenthal and Ms. Piskur in advance of that hearing so that I can bring this information to the Court's attention, which is why I have scheduled their examination prior to the Motion date, in the absence of any feedback whatsoever from Class War's attorney concerning this matter, despite my reaching out to her as documented by Exhibit 8.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I authorized filing of this Declaration on December 21, 2018, at San Diego, California.

/s/ DONALD A. VAUGHN
DONALD A. VAUGHN
Attorney for Creditor,
JACK SCHINDLER
E-mail: Dav@vv-law.com

## TABLE OF EXHIBITS SUBMITTED IN SUPPORT OF
## MOTION FOR ORDER AUTHORIZING JACK SCHINDLER TO ISSUE
## SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND
## EXAMINATION PURSUANT TO FRBP RULE 2004

| EX. NO. | DOCUMENT | PG. NO. |
|---------|----------|---------|
| 1. | SUBPOENA FOR RULE 2004 EXAMINATION – SARAH BRYCE | 15 |
| 2. | SUBPOENA FOR RULE 2004 EXAMINATION – CLASS WAR, INC. [GINA PISKUR AND JEREMY ROSENTHAL] | 21 |
| 3. | SUBPOENA FOR RULE 2004 EXAMINATION – CITY NATIONAL BANK | 28 |
| 4. | SUBPOENA FOR RULE 2004 EXAMINATION – BDO | 33 |
| 5. | E-MAIL CORRESPONDENCE DATED DECEMBER 4, 2018 FROM DONALD A. VAUGHN TO DOUGLAS FLAHAUT AND ARAM ORDUBEGIAN | 39 |
| 6. | E-MAIL CORRESPONDENCE DATED DECEMBER 10, 2018 BETWEEN DONALD A. VAUGHN AND DOUGLAS FLAHAUT | 43 |
| 7. | E-MAIL CORRESPONDENCE DATED DECEMBER 10, 2018 TO SARAH BRYCE | 46 |
| 8. | E-MAIL CORRESPONDENCE DATED DECEMBER 11, 2018 TO CHRISTINE F. BAUR | 49 |
| 9. | E-MAIL CORRESPONDENCE DATED DECEMBER 17, 2018 BETWEEN DOUGLAS FLAHAUT AND DONALD A. VAUGHN | 54 |
| 10. | E-MAIL CORRESPONDENCE DATED DECEMBER 17, 2018 BETWEEN DONALD A. VAUGHN AND DOUGLAS FLAHAUT | 57 |

# EXHIBIT 1

# SUBPOENA FOR RULE 2004 EXAMINATION

# [SARAH BRYCE]

CSD 2540 (1/07/12)
Name, Address, Telephone No. & I.D. No.
Donald A. Vaughn, Esq.                          SBN: 110070
VAUGHN & VAUGHN
501 West Broadway, Suite 1770
San Diego, CA 92101
Tel: 619-237-1717                Fax: 619-237-0447
Email: dav@vv-law.com
Attorney for: JACK SCHINDLER

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
1.5 West F Street, San Diego, California 92101-6991

In re:

JESSE WAYNE DAWBER

                                                    BANKRUPTCY NO. *18-06044-LT11

Debtor.

## SUBPOENA FOR RULE 2004 EXAMINATION

TO: Sarah Bryce
_____
*(Name of person to whom the subpoena is directed)*

[ X ] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| VAUGHN & VAUGHN, 501 West Broadway, Suite 1770 San Diego, CA 92101 | January 7, 2019; 10:00 a.m. |

The examination will be recorded by this method: Certified Shorthand [Court] Reporter
_____

[ X ] *Production*: You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
  Please see attached.

_____

  The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached - Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____
                  CLERK OF COURT
                                              OR

_____          _____
  *Signature of Clerk or Deputy Clerk*              *Attorney's signature*
_____
The name, address, email address, and telephone number of the attorney representing (*name of party*)

JACK SCHINDLER_____ , who issues or requests this subpoena, are:

Donald A. Vaughn, Esq.                                    dav@vv-law.com
501 West Broadway, Suite 1770, SAN DIEGO, CA 92101        Tel: 619-237-1717

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed.R.Civ.P. 45(a)(4).

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

16

CSD 2540

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any):*_____
on *(date)*_____.

[   ] I served the subpoena by delivering a copy of the named person as follows: _____

_____

_____ on (date) _____; or

[   ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $_____ for travel and $_____ for services, for a total of $ _____.

I declare under penalty of perjury that the foregoing information is true and correct.

Executed on _____
              (Date)

_____
(Server's signature)

_____
(Printed name and title)

_____
(Server's address)

Additional information concerning attempted service, etc.:

**Federal Rule of Civil Procedure 45(c),(d),(e), and (g) (Effective 12/1/13)**
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires;

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.**

The court for the district where compliance is required - and, also, after a motion is transferred, the issuing court - may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

IN RE

JESSE WAYNE DAWBER, DEBTOR

Subpoena to Sarah Bryce for testimony and production of the following materials:

(1)     All documentation from January 1, 2016 to the present constituting or pertaining to any checking, savings, other bank, PayPal, stock, or other account containing money or anything of value in which Sarah Bryce or Jesse Dawber is or was during the relevant period a signatory, owner, or had/has a beneficial or contingent interest (individually or with others);

(2)     All financial (and entity) records of Sarah Bryce's current Digital Strategist business from inception to date;

(3)     All records pertaining to any legal or beneficial interest Ms. Bryce has (or had) in any real property (or personal property valued in excess of $10,000) from January 1, 2016, to the present;

(4)     All records pertaining to any legal or beneficial interest Ms. Bryce has or had in any domestic or foreign (i.e., outside the State of California or outside the United States of America) entity or trust from January 1, 2016, to the present;

(5)     All documentation and communications between Ms. Bryce, or anyone on her behalf, and the Internal Revenue Service or any taxing agency of the State of California including, but not limited to, all state and federal tax returns for calendar years 2015, 2016, and 2017 for Ms. Bryce, Jesse Dawber, and any entity in which either of them held an interest;

(6)     All notices, assessments, proposed taxes, or proposed penalties involving Ms. Bryce or Jesse Dawber, and any State or Federal taxing agency pertaining to 2015 or subsequent years;

(7)     All email communications from or to Ms. Bryce from January 1, 2016 to the present pertaining to money or property in which she holds or held a legal or beneficial interest, or in which it was proposed that she acquire same;

(8)     All documentation pertaining to or associated with Silvr Social including, but not limited to, compensation paid or payable to Sarah Bryce or anyone

on her behalf, any transaction involving her acquisition or relinquishment of any equity interest in said entity, and her exit from said entity;

(9)     All K-1 and other documentation related to any entity in which Sarah Bryce currently owns, or owned any legal or beneficial interest from January 1, 2016, to the present;

(10)    All tangible, email or text message communications between Ms. Bryce and any financial institution, financial manager, financial advisor, or accountant from January 1, 2016, to the present;

(11)    All account statements and records of payment for any credit card which Ms. Bryce used, or for which she was responsible (individually or jointly) from January 1, 2016, to the present.

# EXHIBIT 2

# SUBPOENA FOR RULE 2004 EXAMINATION

# [CLASS WAR, INC.]

CSD 2540 [11/01/15]
Name, Address, Telephone No. & I.D. No.
Donald A. Vaughn, Esq.                    SBN: 110070
VAUGHN & VAUGHN
501 West Broadway, Suite 1770
SAN DIEGO, CA 92101
Tel: 619-237-1717          Fax: 619-237-0447
Email: dav@vv-law.com
Attorney for: JACK SCHINDLER

## UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

JESSE WAYNE DAWBER

BANKRUPTCY NO. *18-06044-LT11

Debtor.

## SUBPOENA FOR RULE 2004 EXAMINATION

TO: Class War, Inc. [Gina Piskur and Jeremy Rosenthal]

*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| VAUGHN & VAUGHN<br>501 West Broadway, Suite 1770<br>San Diego, CA 92101 | January 10, 2019; 9:00 a.m. |

The examination will be recorded by this method: Certified Shorthand [Court] Reporter

[X] *Production*: You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
Please see attached.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached - Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____
                    CLERK OF COURT

                                        OR

_____          _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*

JACK SCHINDLER_____ , who issues or requests this subpoena, are:

Donald A. Vaughn, Esq.                                      dav@vv-law.com
501 West Broadway, Suite 1770, SAN DIEGO, CA 92101          Tel: 619-237-1717

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed.R.Civ.P. 45(a)(4).

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

22

CSD 2540

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*:_____
on *(date)*_____.

[   ] I served the subpoena by delivering a copy of the named person as follows:_____

_____

_____ on (date) _____; or

[   ] I returned the subpoena unexecuted because:_____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that the foregoing information is true and correct.

Executed on _____
(Date)

_____
(Server's signature)

_____
(Printed name and title)

_____
(Server's address)

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c),(d),(e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.**

The court for the district where compliance is required - and, also, after a motion is transferred, the issuing court - may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
- Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
- The party serving the subpoena should make reasonable provisions for prompt access.
- The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

IN RE

JESSE WAYNE DAWBER, DEBTOR

Subpoena to Class War, Inc. for testimony and production by Gina Piskur and Jeremy Rosenthal of the following materials:

(1)     All communications from or to Drew Madacsi from January 1, 2016, to the present;

(2)     All communications from or to Jeslyn Leong, or anyone on her behalf, from January 1, 2016, to the present:

(3)     The Class War Federal Income Tax Returns for calendar years 2015, 2016, and 2017;

(4)     The Class War State Income Tax Returns for calendar years 2015, 2016, and 2017;

(5)     The Class War State Payroll Tax filings for calendar years 2015, 2016, and 2017;

(6)     All records of any bank, PayPal, or other financial deposit/credit account in which Class War had any interest or liability from January 1, 2015, to the present;

(7)     All forms K – 1 issued to Jesse Dawber or any other individual;

(8)     All Class War, Inc. bank deposits from June 1, 2015 to the present;

(9)     All Class War Inc. banking transaction information and account statements from June 1, 2015 to the present;

(10)    All communications with, and documentation supplied to or received from, any accountant concerning Jesse Dawber or Sarah Bryce, or any business in which they have or have had an interest including, but not limited to, Sketchy Tank, LLC, Class War Inc., JD Creative, Sketchy Tank, Silvr Social, or Lurking Class, LLC;

(11)    All financial statements of Class War, Inc. [this includes all Profit & Loss, Statement of Cash Flows, Balance Sheets, and General Ledgers] from May

13, 2015, to the present [in readable electronic format such as QuickBooks or Microsoft Excel];

(12)   All financial statements of JD Creative [this includes all Profit & Loss, Statement of Cash Flows, Balance Sheets, and General Ledgers] from January 1, 2015, to the present [in readable electronic format such as QuickBooks or Microsoft Excel];

(13)   All financial statements of Sketchy Tank, LLC [this includes all Profit & Loss, Statement of Cash Flows, Balance Sheets, and General Ledgers] from June 1, 2017, to the present [in readable electronic format such as QuickBooks or Microsoft Excel];

(14)   All financial statements of Lurking Class, LLC [this includes all Profit & Loss, Statement of Cash Flows, Balance Sheets, and General Ledgers] from June 1, 2017, to the present [in readable electronic format such as QuickBooks or Microsoft Excel];

(15)   All documentation pertaining to any agreement whereby Class War loaned money to, or received credit from, any individual or entity;

(16)   All documentation pertaining to the retention, compensation, or termination of Drew Madacsi;

(17)   All documentation pertaining to any contract, agreement, or license with, or payments to, STFU Pte Ltd.;

(18)   All documentation specifying, identify, or listing any item (including, but not limited to, designs, trademarks, copyrights, and other intellectual property) for which Class War paid or accrued a royalty at any time from June 2015 until the present.

(19)   All documentation accounting for any royalty payments made or accrued by Class War from June 2015 until the present.

(20)   All documentation pertaining to any contract, agreement, license, or other business arrangement between Class War (as seller or licenseor) and any purchaser or licensee of products or property.

(21)   All documentation pertaining to any contract, agreement, license, or other business arrangement between Class War (as purchaser or licensee) and any seller or licensor of products or property.

(23) All documentation pertaining to any agreement between Class War Inc. and Jesse Dawber or Sarah Bryce;

(24) All documentation pertaining to any license, distribution, or other contractual arrangement Class War had or currently has with Zumiez, and any modification or termination thereof

(25) All documentation pertaining to payments to Class War or any entity or person on its behalf, by Zumiez.

(26) All communications between Class War and Zumiez concerning contractual, license, or other agreements pertaining to apparel products.

(27) All communications between Class War and Zumiez concerning the Schindler v. Dawber State court lawsuit wherein a verdict was rendered against Jesse Dawber and Class War Inc. on or about September 25, 2018.

(28) All communications between Class War and Zumiez concerning the bankruptcy of Jesse Wayne Dawber.

# EXHIBIT 3

## SUBPOENA FOR RULE 2004 EXAMINATION

## [CITY NATIONAL BANK]

CSD 2540 [11/01/18]
Name, Address, Telephone No. & I.D. No.

Donald A. Vaughn, Esq.                    SBN: 110070
VAUGHN & VAUGHN
501 West Broadway, Suite 1770
SAN DIEGO, CA 92101
Tel: 619-237-1717          Fax: 619-237-0447
Email: dav@vv-law.com
Attorney for: JACK SCHINDLER

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
315 West F Street, San Diego, California 92101-6991

In Re

JESSE WAYNE DAWBER

BANKRUPTCY NO. *18-06044-LT11

Debtor.

## SUBPOENA FOR RULE 2004 EXAMINATION

TO: City National Bank

*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| VAUGHN & VAUGHN, 501 West Broadway, Suite 1770 San Diego, CA 92101 | January 17, 2019; 10:00 a.m. |

The examination will be recorded by this method: Certified Shorthand [Court] Reporter

[X] *Production*: You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see attached.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached - Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*

JACK SCHINDLER _____ ,who issues or requests this subpoena, are:

Donald A. Vaughn, Esq.                              dav@vv-law.com
501 West Broadway, Suite 1770, SAN DIEGO, CA 92101          Tel: 619-237-1717

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed.R.Civ.P. 45(a)(4).

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

29

CSD 2540

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any):*_____
on *(date)*_____.

|   | I served the subpoena by delivering a copy of the named person as follows: _____

_____

_____ on (date) _____; or

|   | I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $_____ for travel and $_____ for services, for a total of $ _____.

     I declare under penalty of perjury that the foregoing information is true and correct.

     Executed on _____
                (Date)

                                           _____
                                           (Server's signature)

                                           _____
                                           (Printed name and title)

                                           _____
                                           (Server's address)

Additional information concerning attempted service, etc.:

CSD 2540

# Federal Rule of Civil Procedure 45(c),(d),(e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
  *(B) When permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.**
The court for the district where compliance is required - and, also, after a motion is transferred, the issuing court - may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
- Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
- The party serving the subpoena should make reasonable provisions for prompt access.
- The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

31

IN RE

JESSE WAYNE DAWBER, DEBTOR

Subpoena to City National Bank for testimony and production by the Person Most Knowledgeable of the following materials:

(1) All account records, statements, checks, wire transfers, deposits, debits, ACH transactions, and communications constituting or pertaining to any checking, savings, deposit, or trust account in which Jesse Dawber (SSN xxx-xx-8952), Sarah Bryce, Sketchy Tank, LLC, Class War Inc., JD Creative, Sketchy Tank, or Lurking Class, LLC holds or held any legal, beneficial, or contingent interest from January 1, 2015 to the present, or was a signatory during the relevant time period, including but not limited to account numbers 625043484, 625043301, 625043808, 625046790, and 625048551;

(2) All communications pertaining to any such account described in the preceding paragraph.

# EXHIBIT 4

# SUBPOENA FOR RULE 2004 EXAMINATION

# [BDO]

Donald A. Vaughn, Esq.                         SBN: 110070
VAUGHN & VAUGHN
501 West Broadway, Suite 1770
San Diego, CA 92101
Tel: 619-237-1717              Fax: 619-237-0447
Email: dav@vv-law.com
Attorney for: JACK SCHINDLER

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

JESSE WAYNE DAWBER

BANKRUPTCY NO. *18-06044-LT11

Debtor.

## SUBPOENA FOR RULE 2004 EXAMINATION

TO: BDO

*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| VAUGHN & VAUGHN, 501 West Broadway, Suite 1770 San Diego, C | January 18, 2019; 10:00 a.m. |

The examination will be recorded by this method: Certified Shorthand [Court] Reporter

[X] *Production*: You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
Please see attached.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached - Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____
CLERK OF COURT

OR

_____           _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing (*name of party*)

JACK SCHINDLER                    , who issues or requests this subpoena, are:

Donald A. Vaughn, Esq.                                    dav@vv-law.com
501 West Broadway, Suite 1770, SAN DIEGO, CA 92101            Tel: 619-237-1717

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed.R.Civ.P. 45(a)(4).

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

CSD 2540

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*:_____
on *(date)*_____.

[　] I served the subpoena by delivering a copy of the named person as follows: _____

_____

_____ on (date) _____; or

[　] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $_____ for travel and $_____ for services, for a total of $ _____.

I declare under penalty of perjury that the foregoing information is true and correct.

Executed on _____
                  (Date)

_____
(Server's signature)

_____
(Printed name and title)

_____
(Server's address)

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c),(d),(e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.**
The court for the district where compliance is required - and, also, after a motion is transferred, the issuing court - may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
- Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
- The party serving the subpoena should make reasonable provisions for prompt access.
- The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

36

IN RE

JESSE WAYNE DAWBER, DEBTOR

Subpoena to BDO for testimony and production by the Person Most Knowledgeable of the following materials:

(1)     All documentation from or to and communications with the Internal Revenue Service or any State taxing agency pertaining to **Jesse Dawber or Sarah Bryce, or any business in which they have or have had an interest including, but not limited to, Sketchy Tank, LLC, Class War Inc., JD Creative, Sketchy Tank, Silvr Social, or Lurking Class, LLC,** including, but not limited to, all state and federal tax returns for these individuals and entities for calendar years 2015, 2016, and 2017;

(2)     All notices, assessments, proposed taxes, payments or proposed penalties involving any of these individuals or entities named above in **bold** on the one hand, and any State or Federal taxing agency, for calendar years 2015, 2016, and 2017;

(3)     All communications between BDO and any individual associated with Jesse Dawber or Sarah Bryce, or any business in which they have or have had an interest including, but not limited to, Sketchy Tank, LLC, Class War Inc., JD Creative, Sketchy Tank, Silvr Social, or Lurking Class, LLC;

(4)     All financial statements (whether draft or final) for Jesse Dawber or Sarah Bryce, or any business in which they have or have had an interest including, but not limited to, Sketchy Tank, LLC, Class War Inc., JD Creative, Sketchy Tank, Silvr Social, or Lurking Class, LLC;

(5)     All bookkeeping and other documentation (including financial and Bank and other account documentation and QuickBooks data) in the possession of BDO concerning Jesse Dawber or Sarah Bryce, or any business in which they have or have had an interest including, but not limited to, Sketchy Tank, LLC, Class War Inc., JD Creative, Sketchy Tank, Silvr Social, or Lurking Class, LLC;

(6)     All communications with, and documentation supplied by or to, Gina Piskur or Profitwise accounting;

(7)    All documentation constituting or associated with any contract, royalty, or payment to or from any person or entity related to artwork or intellectual property of Jesse Dawber or Class War Inc. including, but not limited to, any such transaction or agreement with STFU Pte. Ltd.;

(8)    All documentation pertaining to the finances of Jesse Dawber or Sarah Bryce, or any business in which they have or have had an interest including, but not limited to, Sketchy Tank, LLC, Class War Inc., JD Creative, Sketchy Tank, Silvr Social, or Lurking Class, LLC;

(9)    The entire file of BDO concerning any engagement by, or services provided to Jesse Dawber or Sarah Bryce, or any business in which they have or have had an interest including, but not limited to, Sketchy Tank, LLC, Class War Inc., JD Creative, Sketchy Tank, Silvr Social, or Lurking Class, LLC;

(10)   The entire file of BDO concerning any engagement by, or services provided to STFU Pte. Ltd.;

(11)   Any and all communications between or among BDO and Drew Madacsi or Matt Roberts concerning Jesse Dawber or Sarah Bryce, or any business in which they have or have had an interest including, but not limited to, Sketchy Tank, LLC, Class War Inc., JD Creative, Sketchy Tank, Silvr Social, or Lurking Class, LLC;

(12)   Any and all communications between or among BDO, on the one hand, and Drew Madacsi or Matt Roberts concerning any business involving the sale, manufacture, licensure, brokerage, creation, or franchising of artwork or apparel.

# EXHIBIT 5

# E-MAIL CORRESPONDENCE DATED DECEMBER 4, 2018 FROM DONALD A. VAUGHN TO DOUGLAS FLAHAUT AND ARAM ORDUBEGIAN

| | |
|---|---|
| **From:** | DAV@vv-law.com |
| **Sent:** | Tuesday, December 04, 2018 10:15 PM |
| **To:** | Flahaut, M. Douglas (Douglas.Flahaut@arentfox.com); Ordubegian, Aram <Aram.Ordubegian@arentfox.com> (Aram.Ordubegian@arentfox.com) |
| **Subject:** | In re Jesse Wayne Dawber [Case 18-06044-LT11] FRBP 2004 Examinations |

Counsel:

I am writing to you pursuant to LBR 2004-1 in an effort to obtain your agreement concerning the date, time, place, and scope of certain FRBP 2004 examinations.

With respect to the latter issue, the scope will be the acts, conduct, property, liabilities and financial condition of the debtor and/or his spouse, matters which may affect the administration of the debtor's estate or the debtor's right to a discharge, the operation of any business in which the debtor or his spouse has an interest and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan of reorganization.

The place of these examinations will be our offices located at 501 W. Broadway, Suite 1770 in the city of San Diego.

The individuals and entities to be examined under FRBP 2004, and the documents to be produced by them, are delineated below:

1. Sarah Bryce.
   The date for this examination would be January 7, 2019 commencing at 10:00 AM. Ms. Bryce will be requested to bring the following materials: (1) all documentation from January 1, 2016 to the present pertaining to any checking, savings, other bank, PayPal, stock, or other account containing money or anything of value in which she is or was during the relevant period a signatory, owner, or had/has a beneficial or contingent interest (individually or with others); (2) all financial (and entity) records of her current Digital Strategist business from inception to date; (3) all records pertaining to any legal or beneficial interest Ms. Bryce has (or had) in any real property (or personal property valued in excess of $10,000) from January 1, 2016, to the present; (4) all records pertaining to any legal or beneficial interest Ms. Bryce has or had in any domestic or foreign entity or trust from January 1, 2016, to the present; (5) all documentation and communications between Ms. Bryce, or anyone on her behalf, and the Internal Revenue Service or any taxing agency of the State of California including, but not limited to, all state and federal tax returns for calendar years 2015, 2016, and 2017 for this individual and any entity in which she held an interest; (6) all notices, assessments, proposed taxes, or proposed penalties involving Ms. Bryce and any State or Federal taxing agency pertaining to 2015 or subsequent years; (7) all email communications from or to Ms. Bryce from January 1, 2016 to the present pertaining to money or property in which she holds a legal or beneficial interest, or in which it was proposed that she acquire same; (8) all documentation pertaining to or associated with Silvr Social including, but not limited to, compensation paid or payable to her and her exit from said entity; (9) all K-1 and other documentation related to any entity in which she currently owns, or owned any legal or beneficial interest from January 1, 2016, to the present; (10) all tangible, email or text message communications between Ms. Bryce and any financial institution, financial manager, financial advisor, or accountant from January 1, 2016, to the

1                                                                                          40

present; (11) all account statements and records of payment for any credit card which Ms. Bryce used, or for which she was responsible (individually or jointly) from January 1, 2016, to the present.

2. City National Bank.
The date for this examination would be January 9, 2019 commencing at 10:00 AM. The Person Most Knowledgeable for City National Bank will be requested to bring the following materials: (1) all account records, statements, checks, wire transfers, deposits, debits, ACH transactions, and communications pertaining to any checking, savings, deposit, or trust account in which Jesse Dawber (SSN xxx-xx-8952), Sara Bryce, Sketchy Tank, LLC, Class War Inc., JD Creative, Sketchy Tank, or Lurking Class, LLC holds or held any legal, beneficial, or contingent interest from January 1, 2015 to the present, or was a signatory during the relevant time period, including but not limited to account numbers 625043484, 625043301, 625043808, 625046790, and 625048551; (2) all communications pertaining to any such account.

3. BDO
The date for this examination would be January 11, 2019 commencing at 10:00 AM. The Person Most Knowledgeable for BDO will be requested to bring the following materials: (1) all documentation from or to and communications with the Internal Revenue Service or any State taxing agency pertaining to Jesse Dawber or Sara Bryce, or any business in which they have or have had an interest including, but not limited to, Sketchy Tank, LLC, Class War Inc., JD Creative, Sketchy Tank, Silvr Social, or Lurking Class, LLC, including, but not limited to, all state and federal tax returns for these individuals and entities for calendar years 2015, 2016, and 2017; (2) all notices, assessments, proposed taxes, payments or proposed penalties involving any of these individuals or entities on the one hand, and any State or Federal taxing agency, for calendar years 2015, 2016, and 2017; (3) all communications between BDO and any individual associated with Jesse Dawber or Sara Bryce, or any business in which they have or have had an interest including, but not limited to, Sketchy Tank, LLC, Class War Inc., JD Creative, Sketchy Tank, Silvr Social, or Lurking Class, LLC; (4) all financial statements (whether draft or final) for Jesse Dawber or Sara Bryce, or any business in which they have or have had an interest including, but not limited to, Sketchy Tank, LLC, Class War Inc., JD Creative, Sketchy Tank, Silvr Social, or Lurking Class, LLC; (5) all bookkeeping and other documentation (including financial and Bank and other account documentation and QuickBooks data) in the possession of BDO concerning Jesse Dawber or Sara Bryce, or any business in which they have or have had an interest including, but not limited to, Sketchy Tank, LLC, Class War Inc., JD Creative, Sketchy Tank, Silvr Social, or Lurking Class, LLC; (6) all communications with, and documentation supplied by or to, Gina Piskur; (7) all documentation associated with any contract, royalty, or payment to or from any person or entity related to artwork or intellectual property of Jesse Dawber including, but not limited to, any such transaction or agreement with STFU Pte. Ltd.; (8) all documentation pertaining to the finances of Jesse Dawber or Sara Bryce, or any business in which they have or have had an interest including, but not limited to, Sketchy Tank, LLC, Class War Inc., JD Creative, Sketchy Tank, Silvr Social, or Lurking Class, LLC; (9) all documentation pertaining to the bank accounts or assets of Jesse Dawber or Sara Bryce, or any business in which they have or have had an interest including, but not limited to, Sketchy Tank, LLC, Class War Inc., JD Creative, Sketchy Tank, Silvr Social, or Lurking Class, LLC; (10) your entire file concerning Jesse Dawber or Sara Bryce, or any business in which they have or have had an interest including, but not limited to, Sketchy Tank, LLC, Class War Inc., JD Creative, Sketchy Tank, Silvr Social, or Lurking Class, LLC.

4. Class War Inc.
The date for this examination would be January 14, 2019 commencing at 10:00 AM. The Person Most Knowledgeable for Class War will be requested to bring the following materials: (1) All communications from or to Drew Madacsi from January 1, 2016, to the present; (2) All communications from or to Jeslyn Leong, or anyone on her behalf, from January 1, 2016, to the present; (3) The Class

War Federal Income Tax Returns for calendar years 2015, 2016, and 2017; (4) The Class War State Income Tax Returns for calendar years 2015, 2016, and 2017; (5) The Class War State Payroll Tax filings for calendar years 2015, 2016, and 2017; (6) All records of any bank, PayPal, or other financial deposit/credit account in which Class War had any interest or liability from January 1, 2015, to the present; (7) All forms K – 1 issued to Jesse Dawber or any other individual; (8) All Class War, Inc. bank deposits from June 1, 2015 to the present; (9) All Class War Inc. banking transaction information and account statements from June 1, 2015 to the present; (10) All communications with, and documentation supplied to or received from, any accountant concerning Jesse Dawber or Sara Bryce, or any business in which they have or have had an interest including, but not limited to, Sketchy Tank, LLC, Class War Inc., JD Creative, Sketchy Tank, Silvr Social, or Lurking Class, LLC; (11) All financial statements of Class War, Inc. [this includes all Profit & Loss, Statement of Cash Flows, Balance Sheets, and General Ledgers] from May 13, 2015, to the present [in readable native electronic format]; (12) All financial statements of JD Creative [this includes all Profit & Loss, Statement of Cash Flows, Balance Sheets, and General Ledgers] from January 1, 2015, to the present [in readable native electronic format]; (13) All financial statements of Sketchy Tank, LLC [this includes all Profit & Loss, Statement of Cash Flows, Balance Sheets, and General Ledgers] from June 1, 2017, to the present [in readable native electronic format]; (14) All financial statements of Lurking Class, LLC [this includes all Profit & Loss, Statement of Cash Flows, Balance Sheets, and General Ledgers] from June 1, 2017, to the present [in readable native electronic format]; (15) All documentation pertaining to any agreement whereby Class War loaned money to, or received credit from, any individual or entity; (16) all documentation pertaining to the retention, compensation, or termination of Drew Madaesi; (17) all documentation pertaining to any contract with, or payments to, STFU Pte Ltd.; (18) all documentation pertaining to any agreement between Class War Inc. and STFU Pte Ltd.; (18) all documentation pertaining to any license, distribution, or other contractual arrangement with Zumiez, and any payments from said entity.

As I am sure you can appreciate, the debtor's inability/refusal to provide any information at today's continued 341(a) meeting is very troubling. It appears these examinations are the only way in which we can procure the necessary information, especially in light of the failure to file the required Rule 2015.3 reports – the lack of which I raised with you over a week ago and which has been entirely ignored.

If I do not hear back from you by the close of business this week, I will make the appropriate applications for the process compelling these examinations.

DAV

**Donald A. Vaughn Esq.**
VAUGHN & VAUGHN
501 WEST BROADWAY ST., Suite 1770
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 237-1717
FAX (619) 237-0447
E-mail DAV@vv-law.com

The information contained in this electronic mail transmission is confidential and intended to be read only by the stated recipient of the transmission. It is therefore protected from unauthorized use or dissemination by the attorney-client and/or attorney work-product privilege. If you are not the intended recipient of the intended recipient's agent, you are hereby requested to notify the law firm of Vaughn & Vaughn immediately by telephone and to destroy this transmission with any attachments and destroy all copies in any form. Any unauthorized review, use, dissemination, distribution or copying of this communication, or its contents, if any, is strictly prohibited and may result in legal and/or appropriate remedies. Thank you in advance for your cooperation.

**EXHIBIT 6**

**E-MAIL CORRESPONDENCE DATED DECEMBER 10, 2018 BETWEEN DONALD A. VAUGHN AND DOUGLAS FLAHAUT**

| | |
|---|---|
| **From:** | DAV@vv-law.com |
| **Sent:** | Monday, December 10, 2018 11:18 AM |
| **To:** | Flahaut, M. Douglas |
| **Subject:** | RE: In re Jesse Wayne Dawber [Case 18-06044-LT11] FRBP 2004 Examinations |

Since you represent Jesse Dawber, and community property belongs to his bankruptcy estate, I didn't feel comfortable contacting his wife, Sara, directly.

If you are disinclined to communicate with us on Ms. Bryce's behalf, I'll just go ahead and reach out to her directly.

DAV

**Donald A. Vaughn Esq.**
VAUGHN & VAUGHN
501 WEST BROADWAY ST., Suite 1770
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 237-1717
FAX (619) 237-0447
E-mail DAV@vv-law.com

The information contained in this electronic mail transmission is confidential and intended to be read only by the stated recipient of the transmission. It is therefore protected from unauthorized use or dissemination by the attorney-client and/or attorney work-product privileges. If you are not the intended recipient or the intended recipient's agent, you are hereby requested to notify the Law Firm of Vaughn & Vaughn immediately by telephone and to delete this transmission with any attachments and destroy all copies in any form. Any unauthorized review, use, dissemination, distribution or copying of this communication or its attachments, if any, is strictly prohibited and may result in legal action or prosecution by appropriate authorities. Thank you in advance for your cooperation.



**From:** Flahaut, M. Douglas [mailto:Douglas.Flahaut@arentfox.com]
**Sent:** Monday, December 10, 2018 11:03 AM
**To:** DAV@vv-law.com; Ordubegian, Aram
**Subject:** RE: In re Jesse Wayne Dawber [Case 18-06044-LT11] FRBP 2004 Examinations

Thank you for reaching out to coordinate 2004 examinations. As you may or may not know, Arent Fox represents Mr. Dawber as a debtor and debtor-in-possession in his chapter 11 case. Arent Fox does not represent Sarah Bryce, City National Bank, BDO, or Class War, Inc. As such, I would encourage you reach out to the non-debtor third parties you wish to examine and attempt to agree on an acceptable date, time, and scope of your proposed 2004 examination as is required by the local bankruptcy rules.

While am not aware of counsel information for Ms. Bryce, City National Bank, or BDO, I do know that Class War, Inc. has retained Christine Baur as restructuring counsel and her e-mail is Christine@baurcklaw.com. Of course, the debtor reserves all rights to object to the 2004 examination of any third party to the extent the request or requests are objectionable.

-Doug

**M. Douglas Flahaut**
Counsel

Arent Fox LLP   Attorneys at la
Gas Company Tower
555 West 5th Street 48th Floor
Los Angeles, CA 90013
213.443.7547 DIRECT   213.629    3613 FAX
douglas.flahaut@arentfox.com   www.arentfox.com

**From:** DAV@vv-law.com <dav@vv-law.com>
**Sent:** Tuesday, December 4, 2018 10:15 PM
**To:** Flahaut, M. Douglas <Douglas.Flahaut@arentfox.com>; Ordubegian, Aram <Aram.Ordubegian@arentfox.com>
**Subject:** In re Jesse Wayne Dawber [Case 18-06044-LT11] FRBP 2004 Examinations

Counsel:

I am writing to you pursuant to LBR 2004-1 in an effort to obtain your agreement concerning the date, time, place, and scope of certain FRBP 2004 examinations.

With respect to the latter issue, the scope will be the acts, conduct, property, liabilities and financial condition of the debtor and/or his spouse, matters which may affect the administration of the debtor's estate or the debtor's right to a discharge, the operation of any business in which the debtor or his spouse has an interest and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan of reorganization.

The place of these examinations will be our offices located at 501 W. Broadway, Suite 1770 in the city of San Diego.

The individuals and entities to be examined under FRBP 2004, and the documents to be produced by them, are delineated below:

1. Sarah Bryce.
   The date for this examination would be January 7, 2019 commencing at 10:00 AM. Ms. Bryce will be requested to bring the following materials: (1) all documentation from January 1, 2016 to the present pertaining to any checking, savings, other bank, PayPal, stock, or other account containing money or anything of value in which she is or was during the relevant period a signatory, owner, or had/has a beneficial or contingent interest (individually or with others); (2) all financial (and entity) records of her current Digital Strategist business from inception to date; (3) all records pertaining to any legal or beneficial interest Ms. Bryce has (or had) in any real property (or personal property valued in excess of $10,000) from January 1, 2016, to the present; (4) all records pertaining to any legal or beneficial interest Ms. Bryce has or had in any domestic or foreign entity or trust from January 1, 2016, to the present; (5) all documentation and communications between Ms. Bryce, or anyone on her behalf, and the

2

# EXHIBIT 7

# E-MAIL CORRESPONDENCE DATED DECEMBER 10, 2018 TO SARAH BRYCE



LAW OFFICES OF
## VAUGHN & VAUGHN
A CIVIL LITIGATION PARTNERSHIP

501 WEST BROADWAY, SUITE 1770
SAN DIEGO, CA 92101

DONALD A. VAUGHN, ESQ.
EVAN J. TOPOL, ESQ.

Telephone: (619) 237-1717
Facsimile: (619) 237-0447

December 10, 2018

Ms. Sarah Rose Bryce
468 Puebla St.
Encinitas, California 92024

> ### Re: *Jesse Wayne Dawber, Debtor*
> ### *Bankruptcy Case No.: 18-06044-LT11*

Dear Ms. Bryce:

As you know, we represent Jack Schindler. We need to examine you under oath pursuant to Federal Rule of Bankruptcy Procedure 2004 in the near future. Please advise regarding your availability during the next few weeks. Although not my first choice, we could do this in the week between Christmas and New Year's Day. Please advise if there is a convenient time for you to give this testimony, and produce documents, during that time. If not, the first week in January works for us and, if the examination cannot be scheduled at an earlier mutually – convenient time, we will select January 7, 2019 for your examination and production, commencing at 10:00 AM in our offices.

The scope of the examination will be the acts, conduct, property, liabilities and financial condition of the debtor and/or his spouse, matters which may affect the administration of the debtor's estate or the debtor's right to a discharge, the operation of any business in which the debtor or his spouse has an interest and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan of reorganization. The materials which you will need to produce are delineated below:

(1) all documentation from January 1, 2016 to the present pertaining to any checking, savings, other bank, PayPal, stock, or other account containing money or anything of value in which you are or were during the relevant period identified above, a signatory, owner, or had/have a beneficial or contingent interest (individually or with others);

(2) all financial (and entity) records of your current Digital Strategist business from inception to date;

47

---

(3) all records pertaining to any legal or beneficial interest you, or any entity in which you have or had or had any ownership or beneficial interest, has (or had) in any real property (or personal property valued in excess of $10,000) from January 1, 2016, to the present;

(4) all records pertaining to any legal or beneficial interest you have or had in any domestic or foreign entity or trust from January 1, 2016, to the present;

(5) all documentation and communications between you, or anyone on your behalf, and the Internal Revenue Service or any taxing agency of the State of California including, but not limited to, all state and federal tax returns for calendar years 2015, 2016, and 2017 for you and any entity in which you hold or held an interest;

(6) all notices, assessments, proposed taxes, or proposed penalties involving any State or Federal taxing agency and you pertaining to 2015 or subsequent years;

(7) all email communications from or to you from January 1, 2016 to the present pertaining to money or property in which you hold or held a legal or beneficial interest, or in which it was proposed that you acquire same;

(8) all documentation pertaining to or associated with Silvr Social including, but not limited to, compensation paid or payable to you from January 1, 2016, to the present, and your exit or disassociation from said entity;

(9) all K-1 forms and other financial documentation related to any entity in which you currently own, or owned any legal or beneficial interest from January 1, 2016, to the present;

(10) all tangible, email or text message communications between you and any financial institution, financial manager, financial advisor, or accountant from January 1, 2016, to the present;

(11) all account statements and records of payment for any credit card which you used, or for which you were responsible (individually or jointly), from January 1, 2016, to the present.

I look forward to hearing back from you concerning arrangements for this examination and production. Thank you very much for your anticipated cooperation.

Very truly yours,

Donald A. Vaughn

DAV/mkr

**EXHIBIT 8**

**E-MAIL CORRESPONDENCE
DATED DECEMBER 11, 2018
TO CHRISTINE F. BAUR**

## DAV@vv-law.com

| | |
|---|---|
| **From:** | Assistant@vv-law.com |
| **Sent:** | Tuesday, December 11, 2018 11:45 AM |
| **To:** | DAV@vv-law.com |
| **Subject:** | Jesse Wayne Dawber / Class War, Inc. |
| **Attachments:** | BAUR.001.pdf |

Dear Ms. Baur:

Please see attached correspondence.

Thank you very much.

DAV

**Donald A. Vaughn Esq.**
VAUGHN & VAUGHN
501 WEST BROADWAY ST., Suite 1770
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 237-1717
FAX (619) 237-0447
E-mail DAV@vv-law.com

The information contained in this electronic mail transmission is confidential and intended to be read only by the stated recipient of the transmission. It is therefore protected from unauthorized use or dissemination by the attorney-client and/or attorney work-product privileges. If you are not the intended recipient or the intended recipient's agent, you are hereby requested to notify the Law Firm of Vaughn & Vaughn immediately by telephone and to delete this transmission with any attachments and destroy all copies in any form. Any unauthorized review, use, dissemination, distribution or copying of this communication or its attachments, if any, is strictly prohibited and may result in legal action or prosecution by appropriate authorities. Thank you in advance for your cooperation.





LAW OFFICES OF
# VAUGHN & VAUGHN
A CIVIL LITIGATION PARTNERSHIP

501 WEST BROADWAY, SUITE 1770
SAN DIEGO, CA 92101

DONALD A. VAUGHN, ESQ.
EVAN E. TOPOL, ESQ.

Telephone: (619) 237-1717
Facsimile: (619) 237-0447

December 11, 2018

Christine E. Baur, Esq.
LAW OFFICE OF CHRISTINE E. BAUR
4653 Carmel Mountain Road, Suite 308 #332
San Diego, California 92130

**VIA E-MAIL**

> **Re:** *Jesse Wayne Dawber, Case No.: 18-06044-LT11*
> ***Rule 2004 Examinations***

Dear Ms. Baur:

As you know, we represent Creditor Jack Schindler. We need to examine Jeremy Rosenthal and, since he is not fully up to speed on business and financial matters, the person most knowledgeable regarding business and financial matters for Class War (I assume Gina Piskur) under FRBP 2004 in the very near future.

We will conduct these examinations on successive days, with Mr. Rosenthal going first. Although not my first choice, we could do this in the week between Christmas and New Year's Day because time is of the essence.

The scope of the examination will be the acts, conduct, property, liabilities and financial condition of the debtor and or his spouse, matters which may affect the administration of the debtor's estate or the debtor's right to a discharge, the operation of any business in which the debtor or his spouse has an interest and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan of reorganization.

The materials which need to be produced are:

(1)     All communications from or to Drew Madaesi from January 1, 2016, to the present;

(2)     All communications from or to Jeslyn Leong, or anyone on her behalf, from January 1, 2016, to the present;

(3)     The Class War Federal Income Tax Returns for calendar years 2015, 2016, and 2017;

(4)     The Class War State Income Tax Returns for calendar years 2015, 2016, and 2017;

(5)     The Class War State Payroll Tax periodic filings and returns for calendar years 2015, 2016, and 2017;

(6)     All records of any bank, PayPal, or other financial deposit/credit account in which Class War had or had any interest or liability from January 1, 2015, to the present;

(7)     All forms K-1 issued to Jesse Dawber or any other individual or entity;

(8)     All records reflecting Class War, Inc. bank deposits and incoming wire transfers from June 1, 2015 to the present;

(9)     All Class War Inc. banking and PayPal transaction information and account statements from May 1, 2015 to the present;

(10)    All communications with, and documentation supplied to or received from, any accountant concerning Class War Inc., or Lurking Class, LLC including, but not limited to, communications to which Gina Piskur was a party or recipient;

(11)    All financial statements of Class War, Inc. [this includes all Profit & Loss, Statement of Cash Flows, Balance Sheets, and General Ledgers] from May 13, 2015, to the present;

(12)    All financial statements of Lurking Class, LLC [this includes all Profit & Loss, Statement of Cash Flows, Balance Sheets, and General Ledgers] from June 1, 2017, to the present;

(13)    All documentation pertaining to any agreement whereby Class War loaned money to, or received credit from, any individual or entity;

(14)    All documentation pertaining to the retention, compensation, or termination of Drew Madacsi;

(15)    All communications to or from, and any contract with, or payments to, STFU Pte. Ltd., as well as the termination or modification of any such contractual arrangement in the possession, custody, or control of Class War, Inc.;

(16)    All documentation pertaining to any license, agreement, or other business arrangement between Class War, Inc. and STFU Pte Ltd.; and

(17)    All documentation, including communications, pertaining to any license, distribution, or other contractual arrangement with Zumiez, any payments from said entity, and the creation, modification or termination of any contractual arrangement with Zumiez in the possession, custody, or control of Class War Inc.

(18)    All documentation in the possession, custody, or control of Class War Inc. pertaining to taxation including, but not limited to, communications concerning payment, underpayment, assessments, proposed assessments, levies, and any other communication with any taxing agency.

If I do not hear back from you with suggested earlier dates, I will set these examinations for January 8 and 9, 2019 commencing at 10:00 AM in our offices.

Thank you very much.

Very truly yours,

Donald A. Vaughn

DAV/mkr

**EXHIBIT 9**

**E-MAIL CORRESPONDENCE DATED DECEMBER 17, 2018 BETWEEN DOUGLAS FLAHAUT AND DONALD A. VAUGHN**

| | |
|---|---|
| **From:** | DAV@vv-law.com |
| **Sent:** | Monday, December 17, 2018 7:43 PM |
| **To:** | 'Flahaut, M. Douglas' |
| **Cc:** | Ordubegian, Aram |
| **Subject:** | RE: In re Dawber -- 2004 Requests Directed at the Debtor's Non-Filing Spouse, Ms. Bryce |

As you can probably appreciate, one of the reasons why we wish to examine Ms. Bryce is because Mr. Dawber has no information. That is why, after two unproductive sessions with him, we are looking elsewhere.

Thus, while we will consider your suggestion for delay, I'm not convinced that doing so will allow us to get the information we have been seeking, and have yet to obtain. Since community property is an asset of the estate, I don't really understand why Ms. Bryce would need separate counsel and (to the extent we have any say in the matter) would stipulate to joint representation and not raise any issue of conflict. Of course, that is up to you folks; it does seem curious, however, that when I previously reached out to you about this matter, you told me that you could not speak for Ms. Bryce.

In any event, I would stipulate to the proposed $10,000 expenditure. I expect you will contact Mr. Ortiz to see if he is also in accord.

Thanks.

DAV

**Donald A. Vaughn Esq.**
VAUGHN & VAUGHN
501 WEST BROADWAY ST., Suite 1770
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 237-1717
FAX (619) 237-0447
E-mail DAV@vv-law.com

The information contained in this electronic mail transmission is confidential and intended to be read only by the stated recipient of the transmission. It is therefore protected from unauthorized use or dissemination by the attorney-client and/or attorney work-product privileges. If you are not the intended recipient or the intended recipient's agent, you are hereby requested to notify the law firm of Vaughn & Vaughn immediately by telephone and to delete this transmission with any attachments and destroy all copies in any form. Any unauthorized review, use, dissemination, distribution or copying of this communication or its attachments, if any, is strictly prohibited and may result in legal action or prosecution by appropriate authorities. Thank you in advance for your cooperation.



**From:** Flahaut, M. Douglas [mailto:Douglas.Flahaut@arentfox.com]
**Sent:** Monday, December 17, 2018 7:32 PM
**To:** DAV@vv-law.com
**Cc:** Ordubegian, Aram
**Subject:** In re Dawber -- 2004 Requests Directed at the Debtor's Non-Filing Spouse, Ms. Bryce

This e-mail concerns your recent attempts to meet and confer with the Debtor's spouse, Ms. Bryce, regarding a proposed 2004 examination request in which you intend to seek the production of various documents as well as the deposition of Ms. Bryce. As you know, Arent Fox represents the debtor and debtor-in-possession, but does not represent Ms. Bryce. However, Ms. Bryce has indicated to the Debtor and us that she desires a lawyer to assist her in responding to your recent request and, because all income of the Debtor and Ms. Bryce constitute property of the estate, any payment to Ms. Bryce's counsel will need to be approved by the Court as an additional budget item that comes out of this bankruptcy estate. To that end, we would propose a stipulation between your office, the U.S. Trustee and the Debtor to permit the expenditure of say no more than $10,000 in estate funds so that Ms. Bryce can retain a lawyer to represent her and otherwise assist her responding to your recent requests and representing her at any deposition that may be ordered. If you or the U.S. Trustee will not stipulate to such a one-time expenditure, we will then likely have to file a motion with the court seeking approval of the additional expenditure of estate funds and are also likely to oppose any 2004 motion you may file with respect to Ms. Bryce until and unless the additional funds to pay for a lawyer for Ms. Bryce are approved and authorized. Alternatively, it may be that it would be a better use of everyone's time and money to table Schindler's requests and proposed deposition of Ms. Bryce to a later date. Doing this would not seem to delay your requests directed at Class War, City National Bank, or BDO and, with respect to the documents you wish to obtain from Ms. Bryce, you can always file a 2004 document request seeking documents from the Debtor and, to the extent he has these documents in his joint possession custody and control and they are relevant and not otherwise privileged, the Debtor himself will need to produce them in compliance with any 2004 order.

Let us know how you would like to proceed.

--Doug

**M. Douglas Flahaut**
Counsel

Arent Fox LLP | Attorneys at Law
Gas Company Tower
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
213.443.7559 DIRECT | 213.629.7401 FAX
douglas.flahaut@arentfox.com | www.arentfox.com

CONFIDENTIALITY NOTICE: this e-mail message and any attachments are for the sole use of the intended recipient. If you received this in error please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. Thank you. Unauthorized disclosure is prohibited by the transmission of this message.

**EXHIBIT 10**

**E-MAIL CORRESPONDENCE DATED
DECEMBER 17, 2018
BETWEEN DONALD A. VAUGHN AND
DOUGLAS FLAHAUT**

| | |
|---|---|
| **From:** | Flahaut, M. Douglas <Douglas.Flahaut@arentfox.com> |
| **Sent:** | Wednesday, December 19, 2018 6:49 PM |
| **To:** | DAV@vv-law.com |
| **Cc:** | Ordubegian, Aram |
| **Subject:** | RE: In re Dawber -- 2004 Requests Directed at the Debtor's Non-Filing Spouse, Ms. Bryce |

Just to keep you in the loop, I reached out to Mr. Ortiz regarding the proposed stipulation below and, while he did not oppose the use of up to $10,000 to pay for counsel for Ms. Bryce, he was not comfortable with doing so by way of stipulation because he believed such an expenditure should be preceded by a motion under Section 363(b), which the UST indicated it would not oppose. As such, while I believe this proposed expenditure of community property funds in the relatively low amount of $10K would be in the ordinary course under 363 and therefore could be done by way of a stipulation changing the budget, we obviously respect and understand the U.S. Trustee's position and so we likely will be filing a short motion seeking such approval in the near future.

--Doug

**M. Douglas Flahaut**
Counsel

Arent Fox LLP | Attorneys at Law
Gas Company Tower
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
213.443.7559 DIRECT | 213.629.7401 FAX
douglas.flahaut@arentfox.com | www.arentfox.com

**From:** DAV@vv-law.com <dav@vv-law.com>
**Sent:** Monday, December 17, 2018 7:43 PM
**To:** Flahaut, M. Douglas <Douglas.Flahaut@arentfox.com>
**Cc:** Ordubegian, Aram <Aram.Ordubegian@arentfox.com>
**Subject:** RE: In re Dawber -- 2004 Requests Directed at the Debtor's Non-Filing Spouse, Ms. Bryce

As you can probably appreciate, one of the reasons why we wish to examine Ms. Bryce is because Mr. Dawber has no information. That is why, after two unproductive sessions with him, we are looking elsewhere.

Thus, while we will consider your suggestion for delay, I'm not convinced that doing so will allow us to get the information we have been seeking, and have yet to obtain. Since community property is an asset of the estate, I don't really understand why Ms. Bryce would need separate counsel and (to the extent we have any say in the matter) would stipulate to joint representation and not raise any issue of conflict. Of course, that is up to you folks; it does seem curious, however, that when I previously reached out to you about this matter, you told me that you could not speak for Ms. Bryce.

In any event, I would stipulate to the proposed $10,000 expenditure. I expect you will contact Mr. Ortiz to see if he is also in accord.

Thanks.

1

Donald A. Vaughn, Esq. (Bar No. 110070)
Evan J. Topol, Esq. (Bar No. 274932)
VAUGHN & VAUGHN
501 West Broadway, Suite 1770
San Diego, CA 92101
Tel: (619) 237-1717 / Fax: (619) 237-0447

Attorneys for JACK SCHINDLER

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

In re

JESSE WAYNE DAWBER,

    Debtor in Possession.

Case No. 18-06044-LT11

**PROOF OF SERVICE**

I, Tatiana Tomacelli, DECLARE AS FOLLOWS:

I am a resident of and employed in the State of California, County of San Diego. I am over the age of 18 years and not a party to the above-entitled action. On December 21, 2018. I served a true copy of the following document(s):

**EX PARTE MOTION FOR ORDER AUTHORIZING JACK SCHINDLER TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND EXAMINATION PURSUANT TO FRBP RULE 2004; SUPPORTING DECLARATION OF DONALD A. VAUGHN**

on the parties in this action as follows:

[X] BY CM/ECF NOTICE OF ELECTRONIC FILING by causing such document(s) listed above to be served through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth below as identified on the service list obtained from this Court on the Electronic Mail Notice List.

1

Christine E. Baur on behalf of Class War, Inc.
christine@baurbklaw.com, admin@baurbklaw.com

Douglas Flahaut on behalf of Debtor Jesse Wayne Dawber
flahaut.douglas@arentfox.com

Aram Ordubegian on behalf of Debtor Jesse Wayne Dawber
ordubegian.aram@arentfox.com

Todd S. Garan on behalf of Creditor BANK OF AMERICA, N.A.
ch11ecf@aldridgepite.com, tgaran@aldridgepite.com, TSG@ecf.courtdrive.com

David Ortiz on behalf of Debtor Jesse Wayne Dawber
david.a.ortiz@usdoj.gov

United States Trustee
ustp.region15@usdoj.gov

        All other interested parties in this action that are not a registered ECF User
are served as follows:

## SEE ATTACHED SERVICE LIST

[X]    By U.S. Mail by placing the document(s) listed above in a sealed envelope
with postage thereon fully prepaid, in the United States Mail at San Diego,
California addressed as set forth below.

[ ]    BY OVERNIGHT DELIVERY by causing such envelope(s) to be deposited
in a box or other facility regularly maintained by Federal Express overnight
delivery with fees paid.

[ ]    BY ELECTRONIC SERVICE by causing document(s) to be electronically
served on the interested parties in the above-referenced action.  The transmission
was reported as complete without error and a copy of the report will be maintained
with the document by the sender.

[ ]    BY FACSIMILE by causing the foregoing document(s) via facsimile
transmission.  The transmission was reported as complete without error and a copy
of the report will be maintained with the document by the sender.

I declare under penalty of perjury that the documents were served by methods indicated above and the foregoing is true and correct. Executed on December 21, 2018 at San Diego, California.

_Tatiana Tomacelli_
Tatiana Tomacelli

3

| Internal Revenue Service Post Office Box 7346 Philadelphia, PA 19101-7346 | Franchise Tax Board ATTN: Bankruptcy Post Office Box 2952 Sacramento, CA 95812-2952 | Bankruptcy Counsel United States Security & Exchange Commission 444 South Flower St., Ste. 900 Los Angeles, CA 90071-9591 |
| --- | --- | --- |

4

62