CSD 1180 [07/01/18]

Name, Address, Telephone No. & I.D. No.

Aram Ordubegian (SBN 185142)
M. Douglas Flahaut (SBN 245558)
Christopher K.S. Wong (SBN 308048)
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:  213.629.7400
Facsimile:   213.629.7401
E-mail:      aram.ordubegian@arentfox.com
             douglas.flahaut@arentfox.com
             christopher.wong@arentfox.com

General Bankruptcy Counsel to Debtor Jesse Wayne Dawber

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re
Jesse Wayne Dawber

BANKRUPTCY NO. 18-06044-LT11

Tax I.D.(EIN)#: 83-6468914       /S.S.#:XXX-XX- 8952       Debtor.

**NOTICE OF INTENDED ACTION AND OPPORTUNITY FOR HEARING**

TO OTHER PARTIES IN INTEREST:

**You are hereby notified** that Jesse Dawber

(select one:) proposes to: (check all that apply)
☐ the Trustee     ☐ United States Trustee     ☒ Debtor-in-Possession     ☐ Creditor,

☒ Use, sell or lease the following property not in the ordinary course of business [include information as required by FRBP 2002(c)(1)];

- see attached *Motion Under 11 U.S.C. § 363 for Order Approving the Limited Use of Estate Money to Fund the Attorney's Fees of Debtor's Non-Filing Spouse Sarah Rose Bryce Under 11 U.S.C. § 363*

☐ Abandon the following property [description of property to be abandoned];

☐ Compromise or settle the following controversy [description of controversy to be settled and relevant standards for approval as required by LBR 9019];

☐ Seek allowance of compensation or remuneration to debtor(s) or insiders as provided by LBR 4002-2;

☐ Seek compensation, commissions, or expenses of professionals to the extent the aggregate compensation and expenses exceed $1,000 as governed by FRBP 2002(a)(6);

☐ Seek compensation for reimbursement of expenses from the estate when the application is that of the trustee only;

☐ Intended dismissal of a complaint or cause of action for denial of discharge under 11 U.S.C. § 727, provided by FRBP 7041;

☐ Other [specify the nature of the matter]:

Note that sales free and clear of liens and interests require service under FRBP 6004 and a separate declaration identifying the liens and interest.

CSD 1180
AFDOCS/17488524.1

[Continued on Page 2]

American LegalNet, Inc.
www.FormsWorkFlow.com

If you object to the proposed action:

1. **You are required** to obtain a hearing date and time from the appropriate Courtroom Deputy for the judge assigned to your bankruptcy case. Determine which deputy to call by looking at the Bankruptcy Case No. in the caption on Page 1 of this notice. If the case number is followed by the letters:

   - MM - call (619) 557-7407 - DEPARTMENT ONE (Room 218)
   - LA - call (619) 557-6594 - DEPARTMENT TWO (Room 118)
   - LT - call (619) 557-6018 - DEPARTMENT THREE (Room 129)
   - CL - call (619) 557-6019 - DEPARTMENT FIVE (Room 318)

2. **Within 21$^1$ days from the date of service of this motion**, you are further required to serve a copy of your *Declaration in Opposition to Motion* and separate *Request and Notice of Hearing* [Local Form CSD 1184$^2$] upon the moving party, together with any opposing papers. The opposing declaration must be signed and verified in the manner prescribed by FRBP 9011, and the declaration must:

   a. identify the interest of the opposing party; and

   b. state, with particularity, the grounds for the opposition.

3. **You must** file the original and one copy of the Declaration and Request and Notice of Hearing with proof of service with the Clerk of the U.S. Bankruptcy Court at 325 West F Street, San Diego, California 92101-6991, no later than the next business day following the date of service.

   **If you fail to serve your** "*Declaration in Opposition to Intended Action*" **and** "*Request and Notice of Hearing*" within the 21-day$^1$ period provided by this notice, **no hearing will take place**, you will lose your opportunity for hearing, and the moving party may proceed to take the intended action.

DATED: 12/27/2018

*/s/ M. Douglas Flahaut*
Moving Party or Attorney
M. Douglas Flahaut

---

$^1$If you were served by mail, you have 3 additional days to react to this proposed action as calculated by FRBP 9006(f).
$^2$You may obtain Local Form CSD 1184 from the office of the Clerk of the U.S. Bankruptcy Court.

CSD 1180
AFDOCS/17488524.1


American LegalNet, Inc.
www.FormsWorkFlow.com

# MOTION

Aram Ordubegian (SBN 185142)
M. Douglas Flahaut (SBN 245558)
Christopher K.S. Wong (SBN 308048)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:     213.629.7400
Facsimile:      213.629.7401
E-mail:          aram.ordubegian@arentfox.com
                      douglas.flahaut@arentfox.com
                      christopher.wong@arentfox.com

General Bankruptcy and Restructuring Attorneys
for Debtor and Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**SAN DIEGO DIVISION**

| | |
|---|---|
| In re<br><br>**JESSE WAYNE DAWBER.**, an individual<br><br>Debtor and Debtor-in-Possession. | Case No. 18-06044-LT11<br><br>Chapter 11<br><br>**MOTION UNDER 11 U.S.C. § 363 FOR ORDER APPROVING THE LIMITED USE OF ESTATE MONEY TO FUND THE ATTORNEY'S FEES OF DEBTOR'S NON-FILING SPOUSE SARAH ROSE BRYCE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF JESSE DAWBER AND M. DOUGLAS FLAHAUT IN SUPPORT THEREOF**<br><br>*[No Hearing Required Unless Requested Pursuant to Local R. 2002-2(a)(2)]* |

**TO THE HONORABLE LAURA S. TAYLOR, UNITED STATES BANKRUPTCY JUDGE; AND ALL INTERESTED PARTIES:**

Jesse Dawber, as the above-captioned debtor and debtor-in-possession (the "Debtor"), by and through his undersigned counsel, hereby moves this Court for entry of an order approving the allocation of up to a maximum of $10,000 in estate funds (the "Funds") to permit Sarah Rose Bryce to retain counsel of her choice to assist and advise

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

her in responding to Jack Schindler's ("Schindler") motion for 2004 examination [Dkt. No. 80] (the "2004 Motion"), any order entered thereon, and any subpoena issued as a result thereof. As set forth more fully in the accompanying memorandum of points and authorities, the Debtor believes there is good and sufficient cause to grant this Motion pursuant to Bankruptcy Code Sections 105, 363, and 1108.

**WHEREFORE**, the Debtor respectfully requests that the Court: (1) enter an order approving use of the Funds as requested herein; and (2) grant Debtor such other and further relief as may be just and proper.

Dated: December 27, 2018       **ARENT FOX LLP**

By: */s/ M. Douglas Flahaut*
 Aram Ordubegian
 M. Douglas Flahaut
 Christopher K.S. Wong
 General Bankruptcy and Restructuring
 Attorneys for Debtor and Debtor-in-Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

### A.   General Case Background

On October 8, 2018 (the "Petition Date"), the Debtor filed his voluntary petition under chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code") and he has been operating as a debtor-in-possession since the Petition Date. The Debtor is a graphic artist who has been creating and designing artwork since 2010. He currently resides in Encinitas, California with his non-filing spouse, Ms. Bryce, and their four-year-old special-needs child.

Late in the afternoon on December 21, 2018, Schindler filed his 2004 Motion which seeks authority to, *inter alia*, subpoena Ms. Bryce for deposition on January 7, 2019 and for production of certain documents related to her income, taxes, and financial information and communications.

On or about December 17, 2018, in connection with certain limited meet and confer attempts by Schindler, the Debtor and Schindler through their counsel discussed a possible stipulation to amend the Debtor's Court-approved budget to allocate up to an additional $10,000 of estate funds to be used by Ms. Bryce to obtain counsel of her choosing to represent her in responding to any 2004 discovery order. Through counsel, Schindler agreed that he would stipulate to the proposed one-time expenditure but asked the Debtor to "contact [the United States Trustee] to see if he is also in accord." A true and correct copy of Mr. Flahaut's email and counsel for Mr. Schindler's response is attached to the Flahaut Declaration as **Exhibit "1"**. To that end, the Debtor reached out to the United States Trustee on December 19, 2018 to arrange for the proposed stipulation. In response that same day, the Office of the United States Trustee represented that a better vehicle to achieve this allocation would be through a motion under 11 U.S.C. § 363, but agreed that such a request would not be opposed. A true and correct copy of Mr. Flahaut's e-mail and Mr. Ortiz' e-mail response is attached to the Flahaut Declaration as

Exhibit "2".

A. <u>Summary of the Funds to Be Used</u>

By way of this Motion the Debtor seeks approval of Ms. Bryce's use of up to $10,000 of estate funds to pay counsel of her choice to represent and assist her in responding to Schindler's 2004 Motion, any order this Court may enter thereon, and any subpoenas issued as a result thereof, which would require her to attend a deposition and/or produce certain requested documents.

## II.

## ARGUMENT

A. <u>Approving the Funds is in the Ordinary Course of Business</u>

Under 11 U.S.C. §§ 1107 and 1108, a debtor-in-possession has the right to continue operating its business without the prior approval of the Bankruptcy Court. Under Section 363, a debtor-in-possession has the right to enter into transactions and to use the estate's property without notice or a hearing as long as the subject transaction or use of property is made in the ordinary course of business. 11 U.S.C. § 363(c)(1). To determine whether an activity falls within the ordinary course of business and therefore does not require court approval, courts rely on two tests: (1) the vertical dimension test, previously known as the creditor's expectation test, and (2) the horizontal dimension test, also called the industry-wide test. *In re Straigthline Investments, Inc.*, 525 F. 3d 870, 879 (9th Cir. 2008) (citing *Burlington Northern R.R. v. Dant & Russell, Inc. (In re Dant & Russell, Inc.)*, 853 F.2d 700, 704 (9th Cir. 1988).

The vertical dimension or creditor's expectation test analyzes a debtor's activities "from the vantage point of a hypothetical creditor and inquires whether the transaction subjects a creditor to economic risks of a nature different from those he accepted when he decided to extend credit [to the subject debtor]." *Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y.), rev'd on other grounds, 801 F.2d 60 (2d Cir. 1986); *see also In re Waterfront Cos., Inc.*, 56 B.R. 31, 35 (Bankr. D. Minn. 1985); *In re James A. Phillips,*

*Inc.*, 29 B.R. 391, 394 (S.D.N.Y. 1983). Under the more objective horizontal dimension test, courts ask whether an activity falls within a debtor's ordinary course of business by analyzing "whether the postpetition transaction is of a type that other similar businesses would engage in as ordinary business." *Dant & Russell*, supra, 853 F.2d at 704; *Waterfront*, supra, 56 B.R. at 34-35.

Here, the vertical dimension test is satisfied as a hypothetical creditor would likely be well aware that estate funds may have to be used to fund representation for the non-filing spouse if discovery is directed at her. Moreover, here the most active creditor as well as the Office of the United States Trustee do not oppose the use of up to $10,000 of estate funds by Ms. Bryce as requested herein. Thus the proposed use of estate funds is appropriate.

The horizontal test is also satisfied as retention of counsel to represent one spouse is something that similar couples would readily use community property in the ordinary course of their affairs. As such, the proposed use of estate funds is also appropriate under the horizontal test.

Further, the scope of 11 U.S.C. § 363(c)(1) is sufficiently expansive to allow for the use of marital income to pay for one spouse's legal expenses as within the ordinary course of business. *See In re Rodriquez*, 41 B.R. 774, 775 (Bankr. S.D. Fla 1984) (11 U.S.C. § 363(c)(1) cannot be construed "so narrowly as to prevent the debtor from using his capital assets or income earned by those assets in supporting himself and his dependents during the pendency of [his] chapter 11 proceeding."); *see also In re Seely*, 492 B.R. 284, 289 (Bankr. C.D. Cal. 2013) (authorizing the debtor to use property of the estate to pay post-petition living expenses). As such, the Funds should be approved as an ordinary course transaction.

**B.    In the Event the Court Deems the Funds to Be Outside the Ordinary Course of Business, They are Reasonable and In the Best Interest of the Estate and Creditors and Should be Approved**

To the extent the Court finds the Funds to be outside the ordinary course of

business, the Debtor requests that it be authorized under 11 U.S.C. § 363(b)(1). Pursuant to 11 U.S.C. § 363(b)(1), a debtor-in-possession may – after a notice and a hearing – use, sell, or lease property of the estate outside of the ordinary course of business.

Debtors-in-possession who wish to avail themselves of Section 363(b) to utilize property of the estate must demonstrate that the transaction has valid business justification. *In re 240 Brand Partners, Ltd.*, 200 B.R. 653, 660 (B.A.P. 9th Cir. 1996) (citing *In re Lionel Corp*, 722 F. 2d 1063, 1070 (2d Cir. 1983). Additionally, the debtor must show that the transaction is proposed in good faith. *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991). A determination of good faith encompasses fair value and looks to the integrity of the underlying transaction, including any collusion between the transacting parties. *Id.* at 842 (citing *In re Alpha Industries, Inc.*, 84 B.R. 703, 706 (Bankr. Mont. 1998).

The Funds requested herein are proposed in good faith and constitute a reasonable and necessary use of property of the estate. Since the Petition Date, Ms. Bryce has been left in a quandary as all her income and community property assets have become property of the Debtor's estate and therefore inaccessible by her absent a court order or through the court-approved budget. Now, faced with the 2004 Motion, Ms. Bryce is without access to her own income and otherwise without the ability to retain counsel to represent her in responding to Schindler's discovery requests. As such, use of the Funds, whether approved through §§ 363(c) or (b), is the Debtor's way of transparently disclosing his use of estate funds to provide Ms. Bryce with counsel of her own choosing. Further, the use of up to $10,000 in estate property is fair and reasonable when considering the breadth of information sought by Schindler in his 2004 Motion.

Therefore, in the event the Court does not believe the Funds to be an ordinary course transaction, the Debtor proposes that it should be approved outside of the ordinary course under 11 U.S.C. § 363(b)(1) as a reasonable and necessary expense of the bankruptcy estate.

## III.

## CONCLUSION

For the reasons set forth herein, the Debtor respectfully requests that the Court: (1) enter an order approving use of the Funds as requested herein; and (2) grant Debtor such other and further relief as may be just and proper.

Dated:   December 27, 2018          **ARENT FOX LLP**

By: */s/ M. Douglas Flahaut*
   Aram Ordubegian
   M. Douglas Flahaut
   Christopher K.S. Wong
   General Bankruptcy and Restructuring
   Attorneys for Debtor and Debtor-in-Possession

## DECLARATION OF JESSE DAWBER

I, Jesse Wayne Dawber, declare that:

1.  I am over 18 years of age. If called as a witness, I could and would competently testify with respect to the matters set forth in this declaration from my own personal knowledge or from knowledge gathered from my review of relevant documents.

2.  I am the debtor and debtor-in-possession in the above-captioned case (the "Debtor"). I submit this declaration in support of the foregoing *Motion Under 11 U.S.C. § 363 for Order Approving the Limited Use of Estate Money to Fund the Attorney's Fees of Debtor's Non-Filing Spouse Sarah Rose Bryce* (the "Motion"). All capitalized terms not defined herein shall have the meanings given to them in the Motion.

3.  My wife Sarah Rose Bryce has expressed her desire to retain counsel to assist her in responding to the recent discovery requests made of her by Schindler in this bankruptcy case. In connection therewith I believe use of up to $10,000 of estate funds to permit my wife Sarah Rose Bryce to retain and pay for counsel of her choosing to assist her in responding to the 2004 Motion and any related orders or subpoenas directed at her is reasonable and necessary for the operation and harmony of our household.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of December, 2018 at Encinitas, California.

_____
Jesse Dawber

## DECLARATION OF M. DOUGLAS FLAHAUT

I, M. Douglas Flahaut, declare that:

1. I am an attorney at law, duly admitted to practice law in the state of California and before the above-entitled Court. I am counsel at the law firm Arent Fox LLP ("Arent Fox"). Unless otherwise noted, I know the following facts of my own personal knowledge and if called as a witness to these proceedings I could and would testify competently thereto.

2. I make this declaration in support of the foregoing *Motion Under 11 U.S.C. § 363 for Order Approving the Limited Use of Estate Money to Fund the Attorney's Fees of Debtor's Non-Filing Spouse Sarah Rose Bryce* (the "Motion"). All capitalized terms not defined herein shall have the meanings given to them in the Motion.

3. On December 17, 2018, I reached out to Schindler's counsel, Donald Vaughn, to discuss a stipulation to use up to $10,000 of estate funds to fund representation of Ms. Bryce in connection with the 2004 Motion. A true and correct copy of my email and counsel for Schindler's e-mail response is attached hereto as **Exhibit "1"**.

4. On December 19, 2018, I reached out to the Office of the United States Trustee to seek the U.S. Trustee's approval of the proposed stipulation discussed in the preceding paragraph. A true and correct copy of my email and Mr. Ortiz' e-mail response is attached hereto as **Exhibit "2"**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 27th day of December 2018, at Los Angeles, California.

                                                */s/ M. Douglas Flahaut*
                                                M. Douglas Flahaut

# EXHIBIT 1

**From:** "DAV@vv-law.com" <dav@vv-law.com>
**Date:** December 17, 2018 at 7:43:14 PM PST
**To:** "Flahaut, M. Douglas" <Douglas.Flahaut@arentfox.com>
**Cc:** "Ordubegian, Aram" <Aram.Ordubegian@arentfox.com>
**Subject: RE: In re Dawber -- 2004 Requests Directed at the Debtor's Non-Filing Spouse, Ms. Bryce**

As you can probably appreciate, one of the reasons why we wish to examine Ms. Bryce is because Mr. Dawber has no information. That is why, after two unproductive sessions with him, we are looking elsewhere.

Thus, while we will consider your suggestion for delay, I'm not convinced that doing so will allow us to get the information we have been seeking, and have yet to obtain. Since community property is an asset of the estate, I don't really understand why Ms. Bryce would need separate counsel and (to the extent we have any say in the matter) would stipulate to joint representation and not raise any issue of conflict. Of course, that is up to you folks; it does seem curious, however, that when I previously reached out to you about this matter, you told me that you could not speak for Ms. Bryce.

In any event, I would stipulate to the proposed $10,000 expenditure. I expect you will contact Mr. Ortiz to see if he is also in accord.

Thanks.

DAV

**Donald A. Vaughn Esq.**
```
VAUGHN & VAUGHN
501 WEST BROADWAY ST., Suite 1770
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 237-1717
FAX (619) 237-0447
E-mail DAV@vv-law.com
```

The information contained in this electronic mail transmission is confidential and intended to be read only by the stated recipient of the transmission. It is therefore protected from unauthorized use or dissemination by the attorney-client and/or attorney work-product privileges. If you are not the intended recipient or the intended recipient's agent, you are hereby requested to notify the Law Firm of Vaughn & Vaughn immediately by telephone and to delete this transmission with any attachments and destroy all copies in any form. Any unauthorized review, use, dissemination, distribution or copying of this communication or its attachments, if any, is strictly prohibited and may result in legal action or prosecution by appropriate authorities. Thank you in advance for your cooperation.



1

**From:** Flahaut, M. Douglas [mailto:Douglas.Flahaut@arentfox.com]
**Sent:** Monday, December 17, 2018 7:32 PM
**To:** DAV@vv-law.com
**Cc:** Ordubegian, Aram
**Subject:** In re Dawber -- 2004 Requests Directed at the Debtor's Non-Filing Spouse, Ms. Bryce

This e-mail concerns your recent attempts to meet and confer with the Debtor's spouse, Ms. Bryce, regarding a proposed 2004 examination request in which you intend to seek the production of various documents as well as the deposition of Ms. Bryce. As you know, Arent Fox represents the debtor and debtor-in-possession, but does not represent Ms. Bryce. However, Ms. Bryce has indicated to the Debtor and us that she desires a lawyer to assist her in responding to your recent request and, because all income of the Debtor and Ms. Bryce constitute property of the estate, any payment to Ms. Bryce's counsel will need to be approved by the Court as an additional budget item that comes out of this bankruptcy estate. To that end, we would propose a stipulation between your office, the U.S. Trustee and the Debtor to permit the expenditure of say no more than $10,000 in estate funds so that Ms. Bryce can retain a lawyer to represent her and otherwise assist her responding to your recent requests and representing her at any deposition that may be ordered. If you or the U.S. Trustee will not stipulate to such a one-time expenditure, we will then likely have to file a motion with the court seeking approval of the additional expenditure of estate funds and are also likely to oppose any 2004 motion you may file with respect to Ms. Bryce until and unless the additional funds to pay for a lawyer for Ms. Bryce are approved and authorized. Alternatively, it may be that it would be a better use of everyone's time and money to table Schindler's requests and proposed deposition of Ms. Bryce to a later date. Doing this would not seem to delay your requests directed at Class War, City National Bank, or BDO and, with respect to the documents you wish to obtain from Ms. Bryce, you can always file a 2004 document request seeking documents from the Debtor and, to the extent he has these documents in his joint possession custody and control and they are relevant and not otherwise privileged, the Debtor himself will need to produce them in compliance with any 2004 order.

Let us know how you would like to proceed.

--Doug

**M. Douglas Flahaut**
**Counsel**

**Arent Fox LLP** | Attorneys at Law
Gas Company Tower
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
213.443.7559 DIRECT | 213.629.7401 FAX
douglas.flahaut@arentfox.com | www.arentfox.com

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

# EXHIBIT 2

| | |
|---|---|
| **From:** | Ortiz, David (USTP) <David.A.Ortiz@usdoj.gov> |
| **Sent:** | Wednesday, December 19, 2018 4:04 PM |
| **To:** | Flahaut, M. Douglas |
| **Cc:** | Ordubegian, Aram; Wong, Christopher K.S. |
| **Subject:** | RE: In re Dawber - Proposed Stipulation Re Use of Estate Funds to Permit Non-Debtor Spouse's to Obtain Counsel for a Limited Representation |

Doug: After discussing this with the UST, we both agree that the proper vehicle to get this decided is a §363 motion. While I don't think, based upon the information provided below that we would oppose that request, the UST does not think a stipulation is appropriate and won't be a party to one. If timing is an issue, you can always move for shortened notice.

Regards,

**David A. Ortiz**
United States Department of Justice
Office of the United States Trustee
Trial Attorney

(619) 557-5013 ext. 4795 Work
(619) 557-5339 (Fax)
David.A.Ortiz@usdoj.gov
880 Front Street, Suite 3230
San Diego, CA 92101

This email is intended for the use of the addressee(s) only and may contain privileged, confidential, or proprietary information that is exempt from disclosure under law. If you have received this message in error, please inform us promptly by reply email, then delete the email and destroy any printed copy. Thank you.

---

**From:** Flahaut, M. Douglas <Douglas.Flahaut@arentfox.com>
**Sent:** Wednesday, December 19, 2018 3:00 PM
**To:** Ortiz, David (USTP) <David.A.Ortiz@UST.DOJ.GOV>
**Cc:** Ordubegian, Aram <Aram.Ordubegian@arentfox.com>; Wong, Christopher K.S. <Christopher.Wong@arentfox.com>
**Subject:** In re Dawber - Proposed Stipulation Re Use of Estate Funds to Permit Non-Debtor Spouse's to Obtain Counsel for a Limited Representation

David:

As you likely heard at the last hearing, Schindler desires to seek 2004 examinations of various parties including Class War, City National Bank, BDO, and the Debtor's non-filing spouse. While the first three entities can handle the requests, the Debtor's non-filing spouse Ms. Bryce presents a more interesting issues as she does not feel comfortable responding to doc requests and sitting for a deposition without being represented by counsel and Arent Fox does not represent her. Moreover, because all the joint income of the Debtor and his non-filing spouse is property of the estate, she cannot go out and retain a lawyer without such expenditure being approved by the court as a valid use of estate property. I explained these issues to Mr. Vaughn and suggested that the best course of action might be to simply pursue information from the other parties and pursue documents from the Debtor (after all, likely the documents he wants are probably under the joint custody and control of the Debtor *and* Ms. Bryce). However, I indicated that if that was not acceptable, I would request that he agree to stipulate for a one-time revision to the court approved budget to permit up

1

to $10K in estate funds to be paid to a lawyer of Ms. Bryce's choice for the limited purpose of representing her in response to his 2004 requests. Mr. Vaughn did not seem keen to delay his efforts to get information from Ms. Bryce, but did agree to stipulate to permit up to 10K in estate funds to be used to fund representation for Ms. Bryce. As such, I'm planning to prepare a stipulation to that effect, but wanted to reach out to you as well as I believe the U.S. Trustee should also be a part of any such stipulation.

Feel free to give me a call if you have any questions or need a further explanation.

Thanks,

--Doug


**M. Douglas Flahaut**
Counsel

**Arent Fox LLP** | Attorneys at Law
Gas Company Tower
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
213.443.7559 DIRECT | 213.629.7401 FAX
douglas.flahaut@arentfox.com | www.arentfox.com

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

# CERTIFICATE OF SERVICE

I, Yvonne Li, declare as follows:

I am a citizen of the United States and over the age of eighteen (18) years and not a party to the within action. My business address is 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013.

On December 27, 2018, I served document(s) described as:

**MOTION UNDER 11 U.S.C. § 363 FOR ORDER APPROVING THE LIMITED USE OF ESTATE MONEY TO FUND THE ATTORNEY'S FEES OF DEBTOR'S NON-FILING SPOUSE SARAH ROSE BRYCE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF JESSE DAWBER AND M. DOUGLAS FLAHAUT IN SUPPORT THEREOF** *and* **NOTICE OF INTENDED ACTION AND OPPORTUNITY FOR HEARING**

[x]  BY E-MAIL/NEF: Service was accomplished through the Notice of Electronic Filing ("NEF") for parties and counsel who are registered ECF Users and those identified below:

*Christine E. Baur on behalf of Party Class War, Inc.*
*christine@baurbklaw.com, admin@baurbklaw.com*

*Douglas Flahaut on behalf of Debtor Jesse Wayne Dawber*
*flahaut.douglas@arentfox.com*

*Todd S. Garan on behalf of Creditor BANK OF AMERICA, N.A.*
*ch11ecf@aldridgepite.com, tgaran@aldridgepite.com;TSG@ecf.courtdrive.com*

*Aram Ordubegian on behalf of Debtor Jesse Wayne Dawber*
*ordubegian.aram@arentfox.com*

*David Ortiz on behalf of United States Trustee United States Trustee*
*david.a.ortiz@usdoj.gov,*
*USTP.REGION15@USDOJ.GOV;tiffany.l.carroll@usdoj.gov;Elizabeth.C.Amorosi@usdoj.gov*

*United States Trustee*
*ustp.region15@usdoj.gov*

*Donald A. Vaughn on behalf of Creditor JACK SCHINDLER*
*dav@vv-law.com, etopol@vv-law.com*

*Christopher K.S. Wong on behalf of Debtor Jesse Wayne Dawber*
*christopher.wong@arentfox.com*

ARENT FOX LLP
ATTORNEYS AT LAW
WASHINGTON

AFDOCS/15212673.1

[x]  BY MAIL: Service was accomplished by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below:

**JUDGE**

Chief Judge Laura S. Taylor
Jacob Weinberger United States Courthouse
325 West F Street, Room 129
San Diego, California 92101

**CREDITOR MATRIX:**

American Express
P.O. Box 0001
Los Angeles, CA 90096-8000

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

Bank of America
P.O. Box 982235
El Paso, TX 79998

Bank Of America, N.A.
c/o Aldridge Pite, LLP
4375 Jutland Drive, Ste. 200

P.O. Box 17933
San Diego, CA 92177-7921

Discover
P.O. Bank 51908
Los Angeles, CA 90051-6208

Hogan Lovells US LLP
c/o Michael Turrill
1999 Ave of the Stars, Ste. 1400
Los Angeles, CA 90067

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. This declaration was executed on December 27, 2018 at Los Angeles, California.

*/s/ Yvonne Li*
YVONNE LI
Declarant