Aram Ordubegian (SBN 185142)
M. Douglas Flahaut (SBN 245558)
Christopher K.S. Wong (SBN 308048)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:	213.629.7400
Facsimile:	213.629.7401
E-mail:	aram.ordubegian@arentfox.com
	douglas.flahaut@arentfox.com
	christopher.wong@arentfox.com

General Bankruptcy and Restructuring Attorneys
for Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

# SAN DIEGO DIVISION

| | |
|---|---|
| In re<br><br>**JESSE WAYNE DAWBER.**, an individual<br><br>　　　　Debtor and Debtor-in-Possession. | Case No. 18-06044-LT11<br><br>Chapter 11<br><br>**MOTION FOR PROTECTIVE ORDER IN RESPONSE TO 2004 MOTION FILED BY JACK SCHINDLER; DECLARATION OF M. DOUGLAS FLAHAUT IN SUPPORT THEREOF**<br><br>Hearing<br>Date:	February 5, 2019<br>Time:	3:00 p.m.<br>Place:	Courtroom 129<br>　　　　325 West F. Street<br>　　　　San Diego, CA 92101-6991 |

**TO THE HONORABLE LAURA S. TAYLOR, UNITED STATES BANKRUPTCY JUDGE; AND ALL INTERESTED PARTIES:**

Debtor and debtor-in-possession Jesse Dawber (the "Debtor"), by and through his undersigned counsel, hereby moves (the "Motion") this Court to issue a limited protective order in response to the motion for 2004 examination ("2004 Motion") [Dkt. No. 80] filed by Jack Schindler ("Schindler").  As set forth herein, this Motion does not oppose the substance of Schindler's discovery efforts in his 2004 Motion; but rather seeks to

postpone the proposed January 7, 2019 deposition date and document production deadline as concerns the Debtor's non-filing spouse Sarah Rose Bryce for an reasonable amount of time so that the Debtor can seek and obtain authority to spend reasonable estate funds to permit Ms. Bryce to retain an attorney to respond substantively to the requests and defend Ms. Bryce at any deposition ordered by this Court.

## I.

## STATEMENT OF FACTS

On October 8, 2018 (the "Petition Date"), the Debtor filed his voluntary petition under chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code") and he has been operating as a debtor-in-possession since the Petition Date. The Debtor is a graphic artist who has been creating and designing artwork since 2010. He currently resides in Encinitas, California with his non-filing spouse, Ms. Bryce, and their four-year-old special-needs child.

Late in the afternoon on December 21, 2018, Schindler filed his 2004 Motion which seeks authority to, *inter alia*, subpoena Ms. Bryce for deposition on January 7, 2019 and for production of certain documents related to her income, taxes, and financial information and communications.

On or about December 17, 2018 in connection with certain limited meet and confer attempts by Schindler, the Debtor and Schindler through their counsel had discussed a possible stipulation to amend the Court-approved budget to allocate up to an additional $10,000 of estate funds to be used for Ms. Bryce's to obtain counsel to represent her in responding to any 2004 discovery order. Through counsel, Schindler agreed that he would stipulate to the proposed one-time expenditure but asked the Debtor to "contact [the United States Trustee] to see if he is also in accord." A true and correct copy of Schindler's e-mail response is attached to the Flahaut Declaration as **Exhibit "1"**. To that end, the Debtor reached out to the United States Trustee on December 19, 2018 to arrange for the proposed stipulation. In response that same day, the United States Trustee represented that a better vehicle to achieve this allocation would be through a motion

under 11 U.S.C. § 363, but agreed that such a request would not be opposed. A true and correct copy of the United States Trustee's e-mail response is attached to the Flahaut Declaration as **Exhibit "2"**.

Consistent with such discussions, the Debtor has concurrently filed his *Motion Under 11 U.S.C. § 363 for Order Approving the Limited Use of Estate Money to Fund the Attorney's Fees of Debtor's Non-Filing Spouse Sarah Rose Bryce* [Dkt. No. 83] (the "Motion to Approve Limited Use of Estate Funds") and, barring any objection thereto, would expect an order sometime in late January 2019.

## II.

## ARGUMENT

**A.     Any Order Requiring Non-Debtor Spouse Sarah Rose Bryce to Produce Documents Or Attend a Deposition Should Be Postponed Until She Is Authorized to Use Estate Funds to Retain an Attorney**

Pursuant to Local Bankr. R. 7026-4, "any Individual or Entity may seek a protective order under FRCP 26(c)." "[T]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expenses, including [. . .] (B) specifying the terms, including time and place or the allocation of expenses, for the disclosure or discovery." Fed. R. C. P. 26(c)(1), incorporated by Fed. R. Bankr. P. 7026. Further, under Fed. R. Civ. P. 45, as incorporated by Fed. R. Bankr. P. 9016, the Court may modify a subpoena that "fails to allow reasonable time to comply" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

At the time the Debtor and the United States Trustee finalized the budget attached to the *Stipulation Between the Debtor and the United States Trustee Re: Debtor's Application for Approval of Insider Compensation [Dkt. No. 22]* [Dkt. No. 50] (the "Stipulation for Approval of Insider Compensation"), the Debtor had not anticipated that Ms. Bryce would be subject to discovery in this case (particularly from Schindler), as she

is neither a party to the underlying state court action nor a debtor in this bankruptcy.

As a non-debtor spouse in this case, all of Ms. Bryce's community property interests in income are marital assets and constitute property of the estate. Therefore, without a Court order permitting her to use estate property to retain counsel, she is unable to retain an attorney to represent and counsel her with respect to Schindler's 2004 efforts . To account for this new turn of events, the Debtor separately reached out to the United States Trustee and Schindler to arrange for a stipulation to permit up to $10,000 in estate funds to be used for the limited purpose of funding Ms. Bryce's representation in response to the 2004 Motion. While both parties were amenable to this request, after discussions with the United States Trustee, the Debtor believes the best course of action is to request the limited use of funds under 11 U.S.C. § 363(b)(1). As more fully set forth therein, the Motion to Approve Limited Use of Estate Funds seeks the Court's approval of the foregoing fund allocation as a reasonable and necessary use of property of the estate.

Against this backdrop, the Debtor requests that the Court issue a protective order for the limited purpose of postponing Ms. Bryce's deposition and deadline to produce documents until at least three (3) weeks after an order is entered approving the use of up to $10,000 of estate funds to fund Ms. Bryce independent representation in this matter. Without granting the relief requested herein, Ms. Bryce would be left without the ability or wherewithal to obtain counsel of her choosing to assist her and represent her in responding to Schindler's 2004 Motion and any order this Court may enter thereon would be forced to sit for a deposition as well as review and produce a significant amount of documents, without counsel representing her.

**B.     The Proposed 2004 Examination Date Does Not Comply With This Court's Local Rules Requiring Twenty-One Days' Notice to Examinees**

Local. R. 2004-1(d) requires that the "order for examination under FRBP 2004 must require a minimum of 21 days' notice from the date of service of the Court's order, unless otherwise agreed to by the parties and ordered by the Court." No order has been

- 4 -

AFDOCS/17486357.1

Arent Fox LLP
Attorneys At Law
Los Angeles

entered on the 2004 Motion as of the filing of this Motion on December 27, 2018. The proposed January 7, 2019 examination date is merely eleven (11) days away and therefore does not provide Ms. Bryce and other examinees the requisite twenty-one (21) days' notice.

### III.

### RESERVATION OF RIGHTS

Because Arent Fox only represents the Debtor and does not represent Ms. Bryce, nothing herein or in any other filing by the Debtor shall prejudice or otherwise waive any rights Ms. Bryce may have in response to the 2004 Motion and all rights of Ms. Bryce are hereby reserved and may be asserted by her or her counsel with respect to the 2004 Motion or anything else at the appropriate time.

### IV.

### CONCLUSION

**WHEREFORE**, based on the foregoing, the Debtor respectfully requests that any order granting the 2004 Motion specifically provide that no document production or deposition of Ms. Bryce shall occur until at least three (3) weeks after this Court has entered an order permitting up to $10,000 of estate funds to be used to fund counsel of Ms. Bryce's choice to assist her in responding to the 2004 Motion and / or any order thereon; and (b) granting such other and further relief as is necessary and appropriate.

Dated: December 27, 2018       **ARENT FOX LLP**

By: */s/ M. Douglas Flahaut*
    Aram Ordubegian
    M. Douglas Flahaut
    Christopher K.S. Wong
    General Bankruptcy and Restructuring
    Attorneys for Debtor and Debtor-in-Possession

## DECLARATION OF M. DOUGLAS FLAHAUT

I, M. Douglas Flahaut, declare that:

1. I am an attorney at law, duly admitted to practice law in the state of California and before the above-entitled Court. I am counsel at the law firm Arent Fox LLP ("Arent Fox"). Unless otherwise noted, I know the following facts of my own personal knowledge and if called as a witness to these proceedings I could and would testify competently thereto.

2. I make this declaration in support of the foregoing *Motion for Protective Order in Response to 2004 Motion Filed by Jack Schindler* (the "Motion"). Capitalized terms not otherwise defined herein have the meaning given them in the Motion.

3. On December 17, 2018, I reached out to Schindler's counsel, Donald Vaughn, to discuss a stipulation to use up to $10,000 of estate funds to fund representation of Ms. Bryce in connection with the 2004 Motion. A true and correct copy of my email and counsel for Schindler's e-mail response is attached hereto as **Exhibit "1"**.

4. On December 19, 2018, I reached out to the Office of the United States Trustee to seek the U.S. Trustee's approval of the proposed stipulation discussed in the preceding paragraph. A true and correct copy of my email and Mr. Ortiz' e-mail response is attached hereto as **Exhibit "2"**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 27th day of December 2018, at Los Angeles, California.

*/s/ M. Douglas Flahaut*
M. DOUGLAS FLAHAUT

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/17486357.1

- 6 -

# EXHIBIT 1

**From:** "DAV@vv-law.com" <dav@vv-law.com>
**Date:** December 17, 2018 at 7:43:14 PM PST
**To:** "Flahaut, M. Douglas" <Douglas.Flahaut@arentfox.com>
**Cc:** "Ordubegian, Aram" <Aram.Ordubegian@arentfox.com>
**Subject: RE: In re Dawber -- 2004 Requests Directed at the Debtor's Non-Filing Spouse, Ms. Bryce**

As you can probably appreciate, one of the reasons why we wish to examine Ms. Bryce is because Mr. Dawber has no information. That is why, after two unproductive sessions with him, we are looking elsewhere.

Thus, while we will consider your suggestion for delay, I'm not convinced that doing so will allow us to get the information we have been seeking, and have yet to obtain. Since community property is an asset of the estate, I don't really understand why Ms. Bryce would need separate counsel and (to the extent we have any say in the matter) would stipulate to joint representation and not raise any issue of conflict. Of course, that is up to you folks; it does seem curious, however, that when I previously reached out to you about this matter, you told me that you could not speak for Ms. Bryce.

In any event, I would stipulate to the proposed $10,000 expenditure. I expect you will contact Mr. Ortiz to see if he is also in accord.

Thanks.

DAV

```
Donald A. Vaughn Esq.
VAUGHN & VAUGHN
501 WEST BROADWAY ST., Suite 1770
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 237-1717
FAX (619) 237-0447
E-mail DAV@vv-law.com

The information contained in this electronic mail transmission is
confidential and intended to be read only by the stated recipient of the
transmission.  It is therefore protected from unauthorized use or
dissemination by the attorney-client and/or attorney work-product
privileges.  If you are not the intended recipient or the intended
recipient's agent, you are hereby requested to notify the Law Firm of Vaughn
& Vaughn immediately by telephone and to delete this transmission with any
attachments and destroy all copies in any form.  Any unauthorized review,
use, dissemination, distribution or copying of this communication or its
attachments, if any, is strictly prohibited and may result in legal action or
prosecution by appropriate authorities.  Thank you in advance for your
cooperation.
```



1

7

**From:** Flahaut, M. Douglas [mailto:Douglas.Flahaut@arentfox.com]
**Sent:** Monday, December 17, 2018 7:32 PM
**To:** DAV@vv-law.com
**Cc:** Ordubegian, Aram
**Subject:** In re Dawber -- 2004 Requests Directed at the Debtor's Non-Filing Spouse, Ms. Bryce

This e-mail concerns your recent attempts to meet and confer with the Debtor's spouse, Ms. Bryce, regarding a proposed 2004 examination request in which you intend to seek the production of various documents as well as the deposition of Ms. Bryce. As you know, Arent Fox represents the debtor and debtor-in-possession, but does not represent Ms. Bryce. However, Ms. Bryce has indicated to the Debtor and us that she desires a lawyer to assist her in responding to your recent request and, because all income of the Debtor and Ms. Bryce constitute property of the estate, any payment to Ms. Bryce's counsel will need to be approved by the Court as an additional budget item that comes out of this bankruptcy estate. To that end, we would propose a stipulation between your office, the U.S. Trustee and the Debtor to permit the expenditure of say no more than $10,000 in estate funds so that Ms. Bryce can retain a lawyer to represent her and otherwise assist her responding to your recent requests and representing her at any deposition that may be ordered. If you or the U.S. Trustee will not stipulate to such a one-time expenditure, we will then likely have to file a motion with the court seeking approval of the additional expenditure of estate funds and are also likely to oppose any 2004 motion you may file with respect to Ms. Bryce until and unless the additional funds to pay for a lawyer for Ms. Bryce are approved and authorized. Alternatively, it may be that it would be a better use of everyone's time and money to table Schindler's requests and proposed deposition of Ms. Bryce to a later date. Doing this would not seem to delay your requests directed at Class War, City National Bank, or BDO and, with respect to the documents you wish to obtain from Ms. Bryce, you can always file a 2004 document request seeking documents from the Debtor and, to the extent he has these documents in his joint possession custody and control and they are relevant and not otherwise privileged, the Debtor himself will need to produce them in compliance with any 2004 order.

Let us know how you would like to proceed.

--Doug

**M. Douglas Flahaut**
**Counsel**

**Arent Fox LLP** | Attorneys at Law
Gas Company Tower
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
213.443.7559 DIRECT | 213.629.7401 FAX
douglas.flahaut@arentfox.com | www.arentfox.com

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

# EXHIBIT 2

| | |
|---|---|
| **From:** | Ortiz, David (USTP) <David.A.Ortiz@usdoj.gov> |
| **Sent:** | Wednesday, December 19, 2018 4:04 PM |
| **To:** | Flahaut, M. Douglas |
| **Cc:** | Ordubegian, Aram; Wong, Christopher K.S. |
| **Subject:** | RE: In re Dawber - Proposed Stipulation Re Use of Estate Funds to Permit Non-Debtor Spouse's to Obtain Counsel for a Limited Representation |

Doug: After discussing this with the UST, we both agree that the proper vehicle to get this decided is a §363 motion. While I don't think, based upon the information provided below that we would oppose that request, the UST does not think a stipulation is appropriate and won't be a party to one. If timing is an issue, you can always move for shortened notice.

Regards,

**David A. Ortiz**
United States Department of Justice
Office of the United States Trustee
Trial Attorney

(619) 557-5013 ext. 4795 Work
(619) 557-5339 (Fax)
David.A.Ortiz@usdoj.gov
880 Front Street, Suite 3230
San Diego, CA 92101

This email is intended for the use of the addressee(s) only and may contain privileged, confidential, or proprietary information that is exempt from disclosure under law. If you have received this message in error, please inform us promptly by reply email, then delete the email and destroy any printed copy. Thank you.

---

**From:** Flahaut, M. Douglas <Douglas.Flahaut@arentfox.com>
**Sent:** Wednesday, December 19, 2018 3:00 PM
**To:** Ortiz, David (USTP) <David.A.Ortiz@UST.DOJ.GOV>
**Cc:** Ordubegian, Aram <Aram.Ordubegian@arentfox.com>; Wong, Christopher K.S. <Christopher.Wong@arentfox.com>
**Subject:** In re Dawber - Proposed Stipulation Re Use of Estate Funds to Permit Non-Debtor Spouse's to Obtain Counsel for a Limited Representation

David:

As you likely heard at the last hearing, Schindler desires to seek 2004 examinations of various parties including Class War, City National Bank, BDO, and the Debtor's non-filing spouse. While the first three entities can handle the requests, the Debtor's non-filing spouse Ms. Bryce presents a more interesting issues as she does not feel comfortable responding to doc requests and sitting for a deposition without being represented by counsel and Arent Fox does not represent her. Moreover, because all the joint income of the Debtor and his non-filing spouse is property of the estate, she cannot go out and retain a lawyer without such expenditure being approved by the court as a valid use of estate property. I explained these issues to Mr. Vaughn and suggested that the best course of action might be to simply pursue information from the other parties and pursue documents from the Debtor (after all, likely the documents he wants are probably under the joint custody and control of the Debtor *and* Ms. Bryce). However, I indicated that if that was not acceptable, I would request that he agree to stipulate for a one-time revision to the court approved budget to permit up

to $10K in estate funds to be paid to a lawyer of Ms. Bryce's choice for the limited purpose of representing her in response to his 2004 requests.  Mr. Vaughn did not seem keen to delay his efforts to get information from Ms. Bryce, but did agree to stipulate to permit up to 10K in estate funds to be used to fund representation for Ms. Bryce.  As such, I'm planning to prepare a stipulation to that effect, but wanted to reach out to you as well as I believe the U.S. Trustee should also be a part of any such stipulation.

Feel free to give me a call if you have any questions or need a further explanation.

Thanks,

--Doug



**M. Douglas Flahaut**
**Counsel**

**Arent Fox LLP** | Attorneys at Law
Gas Company Tower
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
213.443.7559 DIRECT | 213.629.7401 FAX
douglas.flahaut@arentfox.com | www.arentfox.com

---

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

# CERTIFICATE OF SERVICE

I, Yvonne Li, declare as follows:

I am a citizen of the United States and over the age of eighteen (18) years and not a party to the within action. My business address is 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013.

On December 27, 2018, I served document(s) described as:

**MOTION FOR PROTECTIVE ORDER IN RESPONSE TO 2004 MOTION FILED BY JACK SCHINDLER; DECLARATION OF M. DOUGLAS FLAHAUT IN SUPPORT THEREOF**

[x]   BY E-MAIL/NEF: Service was accomplished through the Notice of Electronic Filing ("NEF") for parties and counsel who are registered ECF Users and those identified below:

*Christine E. Baur on behalf of Party Class War, Inc.*
*christine@baurbklaw.com, admin@baurbklaw.com*

*Douglas Flahaut on behalf of Debtor Jesse Wayne Dawber*
*flahaut.douglas@arentfox.com*

*Todd S. Garan on behalf of Creditor BANK OF AMERICA, N.A.*
*ch11ecf@aldridgepite.com, tgaran@aldridgepite.com;TSG@ecf.courtdrive.com*

*Aram Ordubegian on behalf of Debtor Jesse Wayne Dawber*
*ordubegian.aram@arentfox.com*

*David Ortiz on behalf of United States Trustee United States Trustee*
*david.a.ortiz@usdoj.gov,*
*USTP.REGION15@USDOJ.GOV;tiffany.l.carroll@usdoj.gov;Elizabeth.C.Amorosi@usdoj.gov*

*United States Trustee*
*ustp.region15@usdoj.gov*

*Donald A. Vaughn on behalf of Creditor JACK SCHINDLER*
*dav@vv-law.com, etopol@vv-law.com*

*Christopher K.S. Wong on behalf of Debtor Jesse Wayne Dawber*
*christopher.wong@arentfox.com*

ARENT FOX LLP
ATTORNEYS AT LAW
WASHINGTON

AFDOCS/15212673.1

[ ]  BY MAIL: Service was accomplished by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below:

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.  This declaration was executed on December 27, 2018 at Los Angeles, California.

                              */s/ Yvonne Li*
                              YVONNE LI
                              Declarant

ARENT FOX LLP
ATTORNEYS AT LAW
WASHINGTON

- 2 -

AFDOCS/15212673.1