**CSD 1159A** [07/01/18]

Name, Address, Telephone No. & I.D. No.

Donald A. Vaughn, Esq. (Bar No. 1100070)
Evan J. Topol, Esq. (Bar No. 274932)
VAUGHN & VAUGHN
501 West Broadway, Suite 1770
San Diego, CA 92101
Tel: (619) 237-1717 / Fax: (619) 237-0447

Order Entered on
January 8, 2019
by Clerk U.S. Bankruptcy Court
Southern District of California

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re<br>JESSE WAYNE DAWBER<br><br>Debtor. | BANKRUPTCY NO.   18-06044-LT11 |
| JACK SCHINDLER<br><br>Movant(s) | RS NO.  DAV-1 |
| v.<br>JESSE WAYNE DAWBER<br><br>Respondent(s) | Date of Hearing: None<br>Time of Hearing:<br>Name of Judge:  Hon. Laura S. Taylor |

## ORDER ON
## MOTION FOR STIPULATED RELIEF FROM STAY

The court orders as set forth on the continuation pages attached and numbered 3 through 56 with

exhibits, if any, for a total of 56 pages.  Motion/Application Docket Entry No. 70 .

//

//

//

//

//          January 7, 2019

DATE
D:

Judge, United States Bankruptcy Court

CSD 1159A [07/01/18]                                                                                           Page **2** of 2

ORDER ON PROPOSED FORM OF ORDER ON MOTION FOR RELIEF FROM STAY

DEBTOR: JESSE WAYNE DAWBER                                               CASE NO.:18-06044-LT11

                                                                        RS NO.:DAV-1

The Motion of Creditor Jack Schindler for Relief from Stay (RS No. DAV-1) filed on December 18, 2018 and requesting relief from the automatic stay in order to have judgment entered on a Superior Court jury verdict is granted, as follows:

1.  Schindler has complied with FRBP 4001(d)(1) and (2) by filing and serving the instant motion, as verified by the conformed application attached hereto as Exhibit A.  As reflected on the docket of this Court, no objection to Schindler's within motion has been filed, and the time for doing so has expired.

2.  Pursuant to the Stipulation of the parties attached hereto as Exhibit B, Schindler is granted relief from the Automatic Stay of 11 U.S.C. section 362(a) to seek entry of a Judgment in the San Diego Superior Court on the jury verdict attached hereto as Exhibit C.

3.  The Debtor, and Schindler, may appeal and/or otherwise challenge the Judgment and any and all related rulings, verdicts, and orders in the state court action.

4.  Nothing in this Order constitutes a finding, nor shall it be interpreted as providing any inference, that the Automatic Stay in any fashion applies to, or has any effect upon, non-Debtor Class War, Inc., which is not subject to the Automatic Stay.

5.  The Automatic Stay of 11 U.S.C. section 362(a) will remain in effect and prohibit Schindler from taking any and all actions to enforce the Judgment against the Debtor, or property of the Debtor's bankruptcy estate, absent further Order of this Court.

6.  Nothing in this Order grants the Debtor relief from stay to attempt to enforce the Judgment or take any collection or enforcement actions against Schindler, without further order of this Court, nor shall Schindler be prevented from asserting set off against any permitted action by the Debtor in connection with the Judgment.

IT IS SO ORDERED.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Signed by Judge Laura Stuart Taylor January 7, 2019

# EXHIBIT A

# NOTICE OF FILING OF A MOTION FOR RELIEF FROM AUTOMATIC STAY AND CORRESPONDING DOCUMENTS

3

CSD 1183 [07/18/18] Name, Address, Telephone No. & I.D. No.

Donald A. Vaughn, Esq. (Bar No. 110070)
Evan J. Topol, Esq. (Bar No. 274932)
VAUGHN & VAUGHN
501 West Broadway, Suite 1770
San Diego, CA 92101
Tel: (619) 237-1717 / Fax: (619) 237-0447

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re<br><br>JESSE WAYNE DAWBER<br><br>          Debtor. | BANKRUPTCY NO. 18-06044-LT11 |
| JACK SCHINDLER<br><br>        Moving Party | RS NO. DAV-1 |
| JESSE WAYNE DAWBER<br>SARAH BRYCE<br><br>        Respondent(s) | |

# NOTICE OF FILING OF A MOTION FOR RELIEF FROM AUTOMATIC STAY

## TO THE ABOVE NAMED RESPONDENT(S):

  **You are hereby notified** that a Motion for Relief from the Automatic Stay provided by § 362 of the Bankruptcy Code has been filed. If you object to the Court granting relief from the automatic stay as requested in the Motion, **you must, within 11² days** following the date of service of this notice of motion on you:

1. ***Obtain a hearing date and time from the appropriate Courtroom Deputy for the judge assigned to this bankruptcy case. Determine which deputy to call by looking at the Bankruptcy Case No. in the above caption of this notice. If the case number contains the letters:***

    | | | | | |
    |---|---|---|---|---|
    | - | MM | - | call (619) 557-7407 | - DEPARTMENT ONE (Room 218) |
    | - | LA | - | call (619) 557-6594 | - DEPARTMENT TWO (Room 118) |
    | - | LT | - | call (619) 557-6018 | - DEPARTMENT THREE (Room 129) |
    | - | CL | - | call (619) 557-6019 | - DEPARTMENT FIVE (Room 318) |

2. File with the Clerk of the Bankruptcy Court, at the address shown above, the original and one copy of:
    (a) an **"Opposition to Motion"²** (for real or personal property, use Form CSD 1161 of this Court);
    (b) a **"Declaration in Opposition to the Motion"²**; and
    (c) a separate **"Request and Notice of Hearing on Motion,"** using Form CSD 1186 of this Court (this form may be obtained from the Office of the Clerk);

3. Serve a copy of these documents on the [Attorney for the] Moving Party named in the upper left hand corner.

4. Serve a copy of these documents on each of the additional parties as required by LBR 4001-3.

  **If you fail to file with the clerk and serve on the moving party your request for hearing and the declaration in opposition to motion within the 11-day² period provided by this motion, the court may grant the moving party relief from the automatic stay without further notice to you or a hearing.**

Dated: December 17, 2018

                 [Attorney for] Moving Party

**All pleadings related to this particular RS action must contain the above caption.** 4

1.  **All pleadings related to this particular RS action must contain the above caption.**
2.  **Instruction to Respondent**: If you file a "Declaration in Opposition to the Motion," it must be signed by the respondent under oath; and
    (1)  identify the interest of the respondent in the property;
    (2)  state with particularity the grounds for the opposition;
    (3)  if respondent is the debtor or the trustee, state the provable value of the property specified in the Motion and the amount of equity which would be realized by the debtor after deduction of all encumbrances; and
    (4)  contain a statement as to competence of the declarant and the foundation for any opinion.
3.  **Instructions to Moving Party**: LBR 4001-2 provides that:
    "(a)  A motion for stay relief . . . must:
        "(1)  name the debtor, co-debtors, and the trustee, as respondents;
        "(2)  state with particularity the relief or order sought and the grounds for such relief or order;
        "(3)  state the status of any pending foreclosure, repossession, or unlawful detainer proceeding;
        "(4)  if the motion is filed in a chapter 11 or 13 case and if nonpayment of any post-Petition payment is a ground for relief, provide an accounting of each post-Petition payment received, the amount and date received, and date posted to the account;
        "(5)  where the value of an asset is relevant, provide admissible evidence of value and any known encumbrances; and
        "(6)  if the motion is brought for cause, provide admissible evidence of the specific facts that constitute such cause."
    "(b)  Service. The Movant must serve the motion, together with Local Form CSD 1185, on the debtor, co-debtor, any counsel for the debtor, the trustee, and other Entities or Individuals entitled to receive notice of default or notice of sale under applicable non-bankruptcy law governing foreclosure of real or personal property which is the subject of the motion."

**\*\* Motions filed _after_ the case is closed are not entitled to a refund of fees.**

[The Certification of Service must accompany the Notice of Motion printed on the reverse and any motion for entry of a default order pursuant to LBR 4001-5(a).]

## CERTIFICATE OF SERVICE

I, the undersigned whose address appears below, certify:

That I am, and at all relevant times was, more than 18 years of age;

That on _____ day _____ of , 20__ [**Date of Service**[3]], I served a true copy of this NOTICE OF FILING OF A MOTION FOR RELIEF FROM AUTOMATIC STAY, together with a copy of the Motion for Relief from Stay and [describe any other papers] on the following persons listed below by the mode of service shown below: List additional papers:

SEE ATTACHED PROOF OF SERVICE

1.  **To Be Served by the Court via Notice of Electronic Filing ("NEF")**:

Under controlling Local Bankruptcy Rules(s) ("LBR"), the document(s) listed above will be served by the court via NEF and hyperlink to the document. On _____ , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address(es) indicated and/or as checked below:

☐  Attorney for Debtor (or Debtor), if required:

☐  Chapter 7 Trustee:

| ☒ For Chpt. 11, & 12 cases:<br><br>UNITED STATES TRUSTEE<br>ustp.region15@usdoj.gov | ☐ For ODD numbered Chapter 13 cases:<br><br>THOMAS H. BILLINGSLEA, JR., TRUSTEE<br>Billingslea@thb.coxatwork.com | ☐ For EVEN numbered Chapter 13 cases:<br><br>DAVID L. SKELTON, TRUSTEE<br>admin@ch13.sdcoxmail.com<br>dskelton13@ecf.epiqsystems.com |

CSD 1185

5

2.    **Served by United States Mail**:

On _____ , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing accurate copies in a sealed envelope in the United States Mail via 1) first class, postage prepaid or 2) certified mail with receipt number, addressed as follows:

☐    Attorney for Debtor (or Debtor), if required:

3.    **Served by Personal Delivery, Facsimile Transmission, Overnight Delivery, or Electronic Mail**:

Under Fed.R.Civ.P.5 and controlling LBR, on _____ , I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission, by overnight delivery and/or electronic mail as follows:

☐    Attorney for Debtor (or Debtor), if required:

I declare under penalty of perjury under the laws of the United States of America that the statements made in this proof of service are true and correct.

Executed on _____          _____
                    (Date)                     (Typed Name and Signature)

                                         _____
                                         (Address)

                                         _____
                                         (City, State, ZIP Code)

[3]This **Date of Service** commences the time period for responding to Motion.
CSD 1185

6

**Donald A. Vaughn, Esq. (Bar No. 110070)**
**Evan J. Topol, Esq. (Bar No. 274932)**
**VAUGHN & VAUGHN**
**501 West Broadway, Suite 1770**
**San Diego, CA 92101**
**Tel: (619) 237-1717 / Fax: (619) 237-0447**

Attorneys for JACK SCHINDLER

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 18-06044-LT11 |
| JESSE WAYNE DAWBER, | **PROOF OF SERVICE** |
| Debtor in Possession. | |

I, Tatiana Tomacelli, DECLARE AS FOLLOWS:

I am a resident of and employed in the State of California, County of San Diego. I am over the age of 18 years and not a party to the above-entitled action. On December 18, 2018, I served a true copy of the following document(s):

### NOTICE OF FILING OF A MOTION FOR RELIEF
### FROM AUTOMATIC STAY
### [CSD 1185]

on the parties in this action as follows:

[X] BY CM/ECF NOTICE OF ELECTRONIC FILING by causing such document(s) listed above to be served through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth below as identified on the service list obtained from this Court on the Electronic Mail Notice List.

1

1  Christine E. Baur on behalf of Class War, Inc.
2  christine@baurbklaw.com, admin@baurbklaw.com

3  Douglas Flahaut on behalf of Debtor Jesse Wayne Dawber
4  flahaut.douglas@arentfox.com

5  Aram Ordubegian on behalf of Debtor Jesse Wayne Dawber
6  ordubegian.aram@arentfox.com

7  Todd S. Garan on behalf of Creditor BANK OF AMERICA, N.A.
8  ch11ecf@aldridgepite.com, tgaran@aldridgepite.com, TSG@ecf.courtdrive.com

9  David Ortiz on behalf of Debtor Jesse Wayne Dawber
10  david.a.ortiz@usdoj.gov

11  United States Trustee
12  ustp.region15@usdoj.gov

13

14      All other interested parties in this action that are not a registered ECF User
   are served as follows:
15

16              **SEE ATTACHED SERVICE LIST**

17  [X]    By U.S. Mail by placing the document(s) listed above in a sealed envelope
18  with postage thereon fully prepaid, in the United States Mail at San Diego,
   California addressed as set forth below.
19

20  [ ]    BY OVERNIGHT DELIVERY by causing such envelope(s) to be deposited
   in a box or other facility regularly maintained by Federal Express overnight
21  delivery with fees paid.

22
   [ ]    BY ELECTRONIC SERVICE by causing document(s) to be electronically
23  served on the interested parties in the above-referenced action.  The transmission
   was reported as complete without error and a copy of the report will be maintained
24  with the document by the sender.
25

26  [ ]    BY FACSIMILE by causing the foregoing document(s) via facsimile
   transmission.  The transmission was reported as complete without error and a copy
27  of the report will be maintained with the document by the sender.

28

2

Signed by Judge Laura Stuart Taylor January 7, 2019

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I declare under penalty of perjury that the documents were served by methods indicated above and the foregoing is true and correct. Executed on December 18, 2018 at San Diego, California.

Tatiana Tomacelli

Tatiana Tomacelli

3

**Jesse Wayne Dawber**
**Case No. 18-06044-LT11**
**SERVICE LIST**

| Internal Revenue Service<br>Post Office Box 7346<br>Philadelphia, PA 19101-7346 | Hogan Lovells US LLP<br>c/o Michael Turrill<br>1999 Ave of the Stars,<br>Suite 1400<br>Los Angeles, CA 90067 | Bankruptcy Counsel<br>United States Security &<br>Exchange Commission<br>444 South Flower St., Ste.<br>900<br>Los Angeles, CA 90071-9591 |
|---|---|---|
| American Express<br>P.O. Box 0001<br>Los Angeles, CA 90096-8000 | Bank of America<br>P.O. Box 982235<br>El Paso, TX 79998 | Franchise Tax Board<br>ATTN: Bankruptcy<br>Post Office Box 2952<br>Sacramento, CA 95812-2952 |
| Discover<br>P.O. Box 51908<br>Los Angeles, CA 90051-6208 | Sarah Bryce<br>468 Puebla Street<br>Encinitas, CA 92024 | Jesse Wayne Dawber<br>468 Puebla Street<br>Encinitas, CA 92024 |

4

10

Signed by Judge Laura Stuart Taylor January 7, 2019

Name, Address, Telephone No. & I.D. No.
Donald A. Vaughn, Esq. (Bar No. 110070)
Evan J. Topol, Esq. (Bar No. 274932)
VAUGHN & VAUGHN
501 West Broadway, Suite 1770
San Diego, CA  92101
Tel: (619) 237-1717 / Fax: (619) 237-0447

## UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| In Re | |
|---|---|
| JESSE WAYNE DAWBER | |
| Debtor. | BANKRUPTCY NO. 18-06044-LT11 |
| JACK SCHINDLER | |
| Moving Party. | RS NO. DAV-1 |
| JESSE WAYNE DAWBER SARAH BRYCE | |
| Respondent(s) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY
☐ **REAL PROPERTY**      ☐ **PERSONAL PROPERTY**

Movant in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below.

1.    A Petition under Chapter    ☐ 7    ☒ 11    ☐ 12    ☐ 13  was filed on <u>October 8, 2018</u>.

2.    Procedural Status:
   a.    ☐  Name of Trustee Appointed *(if any)*: _____

   b.    ☐  Name of Attorney of Record for Trustee *(if any)*: _____

   c.    ☐  *(Optional)* Prior Filing Information:
         Debtor has previously filed a Bankruptcy Petition on: _____ .
         If applicable, the prior case was dismissed on: _____ .

   d    ☐  *(If Chapter 13 case)*:  Chapter 13 Plan was confirmed on _____
         or a confirmation hearing is set for _____

Movant alleges the following in support of its Motion:

1.    ☐  The following real property is the subject of this Motion:
   a.        Street address of the property including county and state:

   b.        Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):

   c.        Legal description of property is attached as Exhibit A.

CSD 1160

11

      d.       If a chapter 11 or 13 case and if non-payment of any post-petition payment is a ground for relief, attach the accounting required by Local Bankruptcy Rule 4001-2(a) as Exhibit B.

      e.       *Fair market value of property as set forth in the Debtor's schedules: $ _____

      f.       *Nature of Debtor's interest in the property:

2.      ☐ The following personal property is the subject of this Motion *(describe property)*:

      a.       Fair market value of property as set forth in the Debtor's schedules: $ _____ .

      b.       Nature of Debtor's interest in the property:

3.      *Fair market value of property according to Movant: $ _____ .

4.      *Nature of Movant's interest in the property:

5.      *Status of Movant's loan:
      a.       Balance owing on date of Order for Relief:     $ _____
      b.       Amount of monthly payment:             $ _____
      c.       Date of last payment:               _ __ __ __ __ __
      d.       If real property,
          i.       Date of default:              _____
          ii.     Notice of Default recorded on:     _____
          iii.    Notice of Sale published on:       _____
          iv.    Foreclosure sale currently scheduled for:  _____
      e.       If personal property,
          i.       Pre-petition default:  $ _____       No. of months: _____
          ii.     Post-petition default: $ _____     No. of months: _____

6.      *(If Chapter 13 Case, state the following:)*
      a.       Date of post-petition default:        _____
      b.       Amount of post-petition default:     $ _____

7.      Encumbrances:
      a.       Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN) Pre-Petition Arrearages Total Amount - # of Months | | Post-Petition Arrearages Total Amount - # of Months | |
|---|---|---|---|---|---|
| 1st: | | | | | |
| 2nd: | | | | | |
| 3rd: | | | | | |
| 4th: | | | | | |
| Totals for all Liens: | $ | $ | | $ | |

      b.       Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in schedules or otherwise known to Movant:
             ☐ See attached page, if necessary.

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a).
CSD 1160

12

8.    Relief from the automatic stay should be granted because:

   a.    ☐    Movant's interest in the property described above is not adequately protected.

   b.    ☐    Debtor has no equity in the    ☐    real property    ☐    personal property described above and this property is not necessary to an effective reorganization.

   c.    ☐    The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or _____ days as ordered by this court) have passed since entry of the order for relief in this case, and

       i.    the Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and

       ii.    the Debtor/Trustee has

          (1)    ☐    not commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or

          (2)    ☐    commenced payments, but such payments are less than an amount equal to interest at a current fair market rate on the value of each creditors' interest in the property.

   d.    ☒    *Other cause exists as follows *(specify)*:    ☐    See attached page.
          See accompanying Declaration of Donald A. Vaughn.


When required, Movant has filed separate Declarations pursuant to Local Bankruptcy Rule 4001-2(a).

Movant attaches the following:

1.    ☒    Other relevant evidence:
          Stipulation Re Limited Relief from the Automatic Stay with Respect to State Court Action;
          Declaration of Donald A. Vaughn.


2.    ☒    *(Optional)* Memorandum of points and authorities upon which the moving party will rely.


WHEREFORE, Movant prays that this Court issue an Order granting the following:

☒    Relief as requested.

☐    Other:


Dated:  December 17, 2018

_____
[Attorney for] Movant


*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a).
CSD 1160

13

**Donald A. Vaughn, Esq. (Bar No. 110070)**
**Evan J. Topol, Esq. (Bar No. 274932)**
**VAUGHN & VAUGHN**
**501 West Broadway, Suite 1770**
**San Diego, CA  92101**
**Tel: (619) 237-1717  / Fax: (619) 237-0447**

Attorneys for JACK SCHINDLER

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 18-06044-LT11 |
| JESSE WAYNE DAWBER, | **PROOF OF SERVICE** |
| Debtor in Possession. | |

I, Tatiana Tomacelli, DECLARE AS FOLLOWS:

I am a resident of and employed in the State of California, County of San Diego.  I am over the age of 18 years and not a party to the above-entitled action.  On December 18, 2018, I served a true copy of the following document(s):

### MOTION FOR RELIEF FROM AUTOMATIC STAY
### [CSD 1160]

on the parties in this action as follows:

[X]  BY CM/ECF NOTICE OF ELECTRONIC FILING by causing such document(s) listed above to be served through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth below as identified on the service list obtained from this Court on the Electronic Mail Notice List.

1

1  Christine E. Baur on behalf of Class War, Inc.
2  christine@baurbklaw.com, admin@baurbklaw.com

3  Douglas Flahaut on behalf of Debtor Jesse Wayne Dawber
4  flahaut.douglas@arentfox.com

5  Aram Ordubegian on behalf of Debtor Jesse Wayne Dawber
6  ordubegian.aram@arentfox.com

7  Todd S. Garan on behalf of Creditor BANK OF AMERICA, N.A.
8  ch11ecf@aldridgepite.com, tgaran@aldridgepite.com, TSG@ecf.courtdrive.com

9  David Ortiz on behalf of Debtor Jesse Wayne Dawber
10  david.a.ortiz@usdoj.gov

11  United States Trustee
12  ustp.region15@usdoj.gov

13

14       All other interested parties in this action that are not a registered ECF User
15  are served as follows:

16  **SEE ATTACHED SERVICE LIST**

17  [X]   By U.S. Mail by placing the document(s) listed above in a sealed envelope
18  with postage thereon fully prepaid, in the United States Mail at San Diego,
19  California addressed as set forth below.

20  [ ]   BY OVERNIGHT DELIVERY by causing such envelope(s) to be deposited
21  in a box or other facility regularly maintained by Federal Express overnight
     delivery with fees paid.

22  [ ]   BY ELECTRONIC SERVICE by causing document(s) to be electronically
23  served on the interested parties in the above-referenced action.  The transmission
24  was reported as complete without error and a copy of the report will be maintained
25  with the document by the sender.

26  [ ]   BY FACSIMILE by causing the foregoing document(s) via facsimile
27  transmission.  The transmission was reported as complete without error and a copy
     of the foregoing document(s) via facsimile transmission.  The transmission was reported as complete without error and a copy
     of the report will be maintained with the document by the sender.

28

1

2        I declare under penalty of perjury that the documents were served by methods indicated above and the foregoing is true and correct.  Executed on December 18, 2018 at San Diego, California.

3

4

5                               *Tatiana Tomacelli*

                               Tatiana Tomacelli

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

PROOF OF SERVICE

16

1

**Jesse Wayne Dawber**
**Case No. 18-06044-LT11**
**SERVICE LIST**

| Internal Revenue Service<br>Post Office Box 7346<br>Philadelphia, PA 19101-7346 | Hogan Lovells US LLP<br>c/o Michael Turrill<br>1999 Ave of the Stars,<br>Suite 1400<br>Los Angeles, CA 90067 | Bankruptcy Counsel<br>United States Security &<br>Exchange Commission<br>444 South Flower St., Ste. 900<br>Los Angeles, CA 90071-9591 |
|---|---|---|
| American Express<br>P.O. Box 0001<br>Los Angeles, CA 90096-8000 | Bank of America<br>P.O. Box 982235<br>El Paso, TX 79998 | Franchise Tax Board<br>ATTN: Bankruptcy<br>Post Office Box 2952<br>Sacramento, CA 95812-2952 |
| Discover<br>P.O. Box 51908<br>Los Angeles, CA 90051-6208 | Sarah Bryce<br>468 Puebla Street<br>Encinitas, CA 92024 | Jesse Wayne Dawber<br>468 Puebla Street<br>Encinitas, CA 92024 |

4

PROOF OF SERVICE

**Donald A. Vaughn, Esq (Bar No. 110070)**
**Evan J. Topol Esq. (Bar No. 274932)**
**VAUGHN & VAUGHN**
**501 West Broadway, Suite 1770**
**San Diego, CA 92101**
**Tel: (619) 237-1717**
**Fax: (619) 237-0447**

Attorneys for JACK SCHINDLER

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO

| | |
|---|---|
| In re | Case No. 18-06044-LT11 |
| | Chapter 11 |
| JESSE WAYNE DAWBER, | **MEMORANDUM IN SUPPORT OF MOTION FOR STIPULATED RELIEF FROM STAY; SUPPORTING DECLARATION OF DONALD A. VAUGHN** |
| Debtor. | |
| | **RS NO: DAV-1** |

Creditor Jack Schindler ("Schindler") respectfully submits the following Memorandum in support of his Motion seeking an Order for Relief from the Stay of 11 U.S.C. section 362(a) ("Motion") pursuant to the Stipulation Re Limited Relief From the Automatic Stay with Respect to State Court Action ("Stipulation") entered into by Schindler and the Debtor, and appended to counsel's accompanying Declaration:

### I.

### CONCISE STATEMENT OF REQUESTED RELIEF

This information is provided pursuant to, and intended to satisfy the requirements of, Fed. R. Bankr. P. Rule 4001(d)(1)(A) and (B), and Local Bankruptcy Rules 4001–1 and 4001–2.

///

1

Signed by Judge Laura Stuart Taylor January 7, 2019

1      This Motion seeks limited relief from the automatic stay of 11 U.S.C. section

2  362(a) (the "Stay") so that a judgment (the "Judgment") can be entered in the

3  California Superior Court ("State Court") lawsuit [Case No. 37–2015–0026810–

4  CU–BT–NC; the "Case"] wherein Schindler obtained a verdict (the "Verdict")

5  awarding him $5,391,041 jointly and severally against the Debtor and non-debtor

6  Class War, Inc. ("Class War").[1]

7      Schindler and the Debtor have stipulated to the stay relief requested herein,

8  and the terms of said agreement are contained in the Stipulation attached as Exhibit

9  1 to the accompanying Declaration of Donald A. Vaughn, which Stipulation is by

10  this reference incorporated herein verbatim.[2]  Specifically, paragraph 2 contains the

11  parties' stipulation to relief from stay so that a Judgment can be entered on the

12  Verdict in the State Court Case, subject to the Debtor's right to appeal and/or

13  otherwise challenge the Judgment and related rulings, verdicts, and orders in the

14  State Court Case.  In paragraph 2, the parties have further stipulated that nothing in

15  the Stipulation constitutes a finding, nor shall it be interpreted as providing any

16  inference, that the stay applies to, or has any effect upon, non-debtor Class War.  In

17  paragraph 3, the parties have agreed that the Stay will remain in effect to prevent

18  Schindler from attempting to enforce the Judgment against the Debtor, or property

19  of the bankruptcy estate, absent further order of the Bankruptcy Court.   In

20  paragraph 4, the parties have agreed that the Debtor may appeal the Judgment and

21  Schindler may cross–appeal to final resolution.  Finally, in paragraph 5, the parties

22  have stipulated that the Stipulation does not: (1) permit Schindler to enforce the

23  ensuing Judgment against the Debtor or property of the Debtor's bankruptcy estate,

24  (2) permit the Debtor to enforce the Judgment against Schindler, or (3) prevent

25  Schindler from asserting set off against any permitted action by the Debtor in

26

27  [1] Because non-debtor Class War is not subject to the automatic stay, it is excluded from the
instant stipulation, as directed by the Court on November 2, 2018.  [See Exhibit 1 to Vaughn
28  Declaration, 2:21–22.]
[2] Paragraph references correspond to numbered paragraphs of the Stipulation appended as Exhibit
1 to counsel's accompanying Declaration, unless otherwise noted.

2

Signed by Judge Laura Stuart Taylor January 7, 2019

1  connection with the Judgment, absent further order of the Bankruptcy Court.

2                                    **II.**

3                    **MOTION FOR RELIEF FROM STAY**

4      By this Motion, Schindler seeks an Order granting relief from the automatic

5  stay of 11 U.S.C. section 362(a) on the grounds that cause exists to grant the instant

6  Motion under Section 362(d)(1), that mandatory abstention from deciding the State

7  Court Case is required under 28 U.S.C. section 1334(c)(2) or that permissive

8  abstention under 28 U.S.C. section 1334(c)(1) is required, and that the relief

9  requested herein promotes judicial economy, and does not threaten or compromise

10 the interest of creditors.

11     This Motion is based upon the Motion for Relief from Automatic Stay as set

12 forth on CSD 1160, the Notice of Filing of Motion for Relief from Automatic Stay

13 as set forth on CSD 1185, upon this Memorandum in support of the instant Motion,

14 upon the Declaration of Donald A. Vaughn ("Vaughn Dec.") incorporated herewith

15 pursuant to LBR 4001-6, upon the Stipulation appended to the Vaughn Dec. as

16 Exhibit 1, upon the proposed form of order required by FRBP Rule 4001

17 (d)(1)(A)(iii) and appended to the Vaughn Dec. as Exhibit 2, upon the Verdict

18 appended to the Vaughn Dec. as Exhibit 3, upon the records, files and pleadings in

19 this action, and upon such other and further oral and documentary evidence as may

20 be properly received by the Court.

21                                   **III.**

22                    **JURISDICTION AND VENUE**

23     This Court has jurisdiction over the within Motion pursuant to 28 U.S.C.

24 sections 157 and 1334(b).  This Motion, but not the underlying State Court matter

25 which is the subject hereof, is a core proceeding pursuant to 28 U.S.C. section

26 157(b)(2)(G).  Venue of these proceedings is proper in this judicial district pursuant

27 to 28 U.S.C. sections 1408 and 1409.  The statutory basis for the relief requested

28 herein is Section 362(d)(1) of the Bankruptcy Code, FRBP Rules 4001 and 9014,

3

Signed by Judge Laura Stuart Taylor January 7, 2019

1 and LBR Rule 4001–1 *et seq.*

2

## IV.

## FACTUAL BACKGROUND

4      On or about August 11, 2015, Schindler commenced an action against the
5 Debtor and others in the Superior Court of California, County of San Diego (the
6 "State Court"), styled as *Schindler v. Dawber et. al.*, Case No. 37–2015–0026810–
7 CU–BT–NC.

8      On or about September 25, 2018, the jury in the State Court Case returned a
9 Special Verdict for Schindler, and against the Debtor and defendant corporation
10 Class War, Inc. (collectively, "Defendants"), awarding damages in the sum of
11 $5,391,041 for breach of contract, finding Defendants liable on numerous tort
12 claims and finding, by clear and convincing evidence, that both the Debtor and
13 Class War had engaged in "malice, oppression, or fraud." [See Exhibit 3.]

14      Pursuant to discussions between the trial court and counsel for Schindler and
15 the Debtor, the State Court was scheduled to enter Judgment against Defendants on
16 October 9, 2018, but on the evening of October 8, 2018, the Debtor filed his
17 voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby
18 commencing the above-captioned chapter 11 case.

19      On or about October 9, 2018, the Debtor filed a notice of bankruptcy stay in
20 the State Court Action. As of the present time, no judgment has been entered in the
21 State Court Action.

22      On or about November 13, 2018, the Debtor executed a Stipulation Re
23 Limited Relief from the Automatic Stay with Respect to State Court Action.
24 Schindler countersigned the Stipulation on December 13, 2018, and a true and
25 correct copy of the fully–executed Stipulation is appended to the Vaughn Dec. as
26 Exhibit 1. By the instant Motion, Movant seeks an order granting relief from stay,
27 as set forth on the proposed form of order attached to the Vaughn Dec. as Exhibit 2.
28 ///

4

## V.

## LEGAL BASIS FOR THE REQUESTED RELIEF

Bankruptcy Code section 362(d)(1) provides that, on request of a party in interest, and after notice and hearing, the court shall grant relief from the stay provided in 362(a), "for cause." Since the Code provides little detail on what constitutes "cause," the issue of whether seeking relief from stay to liquidate a state court action by reducing it to judgment qualifies as cause for such relief is determined on a case–by–case basis. *In re Universal Life Church, Inc.*, 127 B.R. 453, 455 (Bankr. E.D. Cal. 1991); *In re MacDonald*, 755 F.2d 715, 717 (9th Cir. 1985).

Current creditors have standing to move for relief from stay. *In re Comcoach Corp.*, 698 F.2d 571, 573 (2d Cir. 1983). This includes unsecured creditors, who are entitled to seek relief from stay in order to proceed with litigation in a non–bankruptcy (i.e., state court) forum. *In re Blan*, 237 B.R. 737, 739 (B.A.P. 8th Cir. 1999). Thus, as a creditor, Mr. Schindler has standing to seek the relief requested herein, and to which the Debtor has stipulated.

## VI.

## RELIEF FROM STAY IS APPROPRIATE AND SHOULD BE ORDERED

The Stipulation authorizes – and jointly requests – that this Court grant relief from the Stay in order to allow judgment to be entered against the Debtor in the State Court Case.[3] The Stipulation also envisions post–trial motions, and perhaps an appeal as well, through the State Court system. Allowing the State Court Case to be liquidated is entirely appropriate; indeed, this Court should not – perhaps cannot – itself liquidate Mr. Schindler's Claim, for a number of reasons.

First, the dispute between Mr. Schindler and the Debtor is a creature of State law; no independent basis exists whereby a federal court can exercise jurisdiction to

---

[3] Judgment will also be entered against non-debtor Class War but, as recited in the Stipulation, stay relief is unnecessary with respect to that non-debtor corporation.

5

decide the merits of this State Court dispute.  Second, the Case was filed on August 11, 2015 and, therefore, has been pending in California State Court for more than three years.  Third, a jury trial was conducted and concluded in September 2018. There is no reason to start over in this federal forum, even if this could validly be accomplished, because it would abridge any notion of judicial efficiency.  Where the suit involves exclusively questions of state law or much of the litigation has already taken place in state court, the bankruptcy court should lift the stay to let the state action proceed to judgment.  *In re Castlerock Properties*, 781 F.2d 159, 163 (9th Cir. 1986); *see also*, *In re Tucson Estates. Inc.*, 912 F.2d 1162, 1169 (9th Cir. 1990).

Moreover, "A clear congressional policy exists to give state law claimants a right to have claims heard in state court."  *In re Castlerock Properties, supra*, at 163 (citing 28 U.S.C. § 1334(c)).  28 U.S.C. section 1334(c) contains two subsections concerning abstention where state law litigation is pending; Subsec. 1 relates to permissive abstention, and Subsec. 2 specifies the circumstances under which abstention is mandatory.  Subsec. 2 provides, in essence, that extension is mandatory if a timely motion is made by a party in a state law case which could not have been commenced in a federal forum.  This is the situation here; no federal jurisdictional basis existed for the underlying case, since the parties are all California residents and the matter contained no federal question claims.

With respect to permissive abstention, the Ninth Circuit's decision in *In re Tucson Estates, supra*, is instructive.  Specifically, on page 1167 of the opinion, the Court of Appeals quotes with approval a 12 factor test which, when applied to the facts of this case, clearly requires liquidation of Schindler's entitlement arising from the State Court Verdict by reducing it to judgment, and concluding the post– Judgment process (if any) under California law in the California State Court system.

///

6

Signed by Judge Laura Stuart Taylor January 7, 2019

1    Finally, the instant Court was clear in discussion at the November 2, 2018,
2 Informal Status Conference that nothing in the Stipulation should provide or infer
3 that the Stay applies to non-debtor Class War.  The Stipulation is equally clear on
4 this point, in accord with the settled principle that the automatic stay of chapter 11
5 bankruptcy, 11 U.S.C. section 362(a), is limited to debtors and ordinarily does not
6 encompass non-bankrupt co-defendants.  *See*, *In re Advanced Ribbons and Office*
7 *Products, Inc.*, 125 B.R. 259, 263 (B.A.P. 9th Cir. 1991); *In re Rohnert Park Auto*
8 *Parts, Inc.*, 113 B.R. 610, 614 (B.A.P. 9th Cir. 1990); *In re Condel, Inc.*, 91 B.R.
9 79, 82 (B.A.P. 9th Cir. 1988); *In re Casgul of Nevada, Inc.*, 22 B.R. 65, 66–67
10 (B.A.P. 9th Cir. 1982); *see also*, *Totten v. Kellogg Brown & Root, LLC.*, 152
11 F.Supp.3d 1243, 1267 (C.D. Cal. 2016).

## VII.

## CONCLUSION

14    Schindler and the Debtor have stipulated to the requested relief, which is
15 compelled by the existence of "cause" under Section 362(d)(1) as explained in
16 applicable decisional authority.  This Court cannot adjudicate the merits of the State
17 Court Case, and is in fact compelled to abstain from doing so even if it were so
18 inclined.    The Debtor lists Schindler's claim arising from the Verdict as
19 "unliquidated" and "disputed."[4]  Thus, in order to liquidate Schindler's claim, and
20 resolve any dispute the Debtor may have with respect thereto, the only viable
21 alternative is entry of judgment, as prayed for herein.  Finally, both the Stipulation
22 and Proposed Order preserve the Stay with respect to any attempt by Schindler to
23 execute upon property of the Debtor's Bankruptcy estate.

24                                    Respectfully submitted,
25 Dated: December 18, 2018          VAUGHN & VAUGHN
26                         By:    /s/ DONALD A. VAUGHN
27                                Attorneys for JACK SCHINDLER
28

---

[4] See Debtor's Petition herein, filed October 8, 2018 as Dkt. No. 1, page 9.

7

# DECLARATION OF DONALD A. VAUGHN

I, Donald A. Vaughn, declare and state as follows:

1.    I am an attorney licensed to practice before all the Courts of this State, am admitted to practice before the United States District Court for the Southern District of California, and am a member of the law firm of Vaughn & Vaughn, counsel of record for Creditor Jack Schindler in the above-entitled matter.    I represented Mr. Schindler in litigation in San Diego Superior Court against the Debtor, individually, and California Corporation Class War, Inc. ("Class War") and handled that case from its inception on August 11, 2015, through the Jury Verdict in favor of Mr. Schindler.  I know the following facts by personal knowledge, and could competently testify thereto if called upon to do so as a witness.

2.    I was the lead trial lawyer in the underlying Superior Court case.  Jesse Dawber, individually, and Class War, Inc., a California corporation, were the Defendants and I represented Plaintiff/Cross-Defendant Jack Schindler throughout the litigation, and through trial.

3.    On September 25, 2018, the jury in the trial of the Superior Court case between Mr. Schindler, on one hand, and Mr. Dawber and Class War on the other, returned a Verdict.  A true and correct copy of the Verdict is attached as Exhibit 3.

4.    As a result of *ex parte* appearances, the Honorable Earl H. Maas, III, who presided over the underlying case, indicated that the Court would hold and not enter Judgment on the jury's Verdict until October 9, 2018.  Jesse Wayne Dawber filed this chapter 11 case on the evening of October 8, 2018, and provided notice of the stay under 11 U.S.C section 362(a) on the morning of October 9, 2018.

5.    Through discussion and e-mail exchanges with Mr. Dawber's attorneys, a Stipulation was reached allowing Judgment to be entered in the Superior Court case, with the parties also reserving other rights.  Mr. Dawber's counsel signed the Proposed Stipulation on November 13, 2018, and I signed it on December 13, 2018, after the numerous Court hearings which took place that

8

25

Signed by Judge Laura Stuart Taylor January 7, 2019

1    afternoon.  A true and correct copy of the fully–executed Stipulation is attached as

2    Exhibit 1.

3        6.        Pursuant to FRBP 4001, the instant Application requires submission of

4    a Proposed Order with the Moving Papers.  Mr. Schindler's Proposed Order on this

5    Motion Seeking Relief From Stay is attached as Exhibit 2.

6        I declare under penalty of perjury under the laws of the United States of

7    America that the foregoing is true and correct, and that I authorized filing of this

8    Declaration on December 18, 2018, at San Diego, California.

9                    /s/ DONALD A. VAUGHN

10                    DONALD A. VAUGHN
                    Attorney for Creditor,
11                    JACK SCHINDLER
                    E-mail: Dav@vv-law.com
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Signed by Judge Laura Stuart Taylor January 7, 2019

# EXHIBIT 1

# STIPULATION RE LIMITED RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO STATE COURT ACTION

27

1   Aram Ordubegian (SBN 185142)
   M. Douglas Flahaut (SBN 245558)
2   Christopher K.S. Wong (SBN 308048)
   **ARENT FOX LLP**
3   555 West Fifth Street, 48th Floor
   Los Angeles, CA  90013-1065
4   Telephone:      213.629.7400
   Facsimile:       213.629.7401
5   E-mail:        aram.ordubegian@arentfox.com
             douglas.flahaut@arentfox.com
6               christopher.wong@arentfox.com

7   *Proposed* General Bankruptcy and Restructuring
   Attorneys for Debtor and Debtor-in-Possession
8

9             **UNITED STATES BANKRUPTCY COURT**

            **SOUTHERN DISTRICT OF CALIFORNIA**
10
                **SAN DIEGO DIVISION**
11

12  In re                                                  |  Case No. 18-06044-LT11

13  **JESSE WAYNE DAWBER.**, an individual  |  Chapter 11

14            Debtor and Debtor-in-  |  **STIPULATION RE LIMITED RELIEF**
            Possession.              |  **FROM THE AUTOMATIC STAY WITH**
15                       |  **RESPECT TO STATE COURT ACTION**

16                       |  *[No Hearing Required Unless Requested*
                      |  *Pursuant to Fed. R. Bankr. R. 4001(d)(3)]*
17

18

19      **TO THE HONORABLE LAURA S. TAYLOR, UNITED STATES BANKRUPTCY**

20  **JUDGE; AND ALL INTERESTED PARTIES:**

21        This stipulation (the "Stipulation") is entered into by and between the debtor and debtor-

22  in-possession Jesse Wayne Dawber (the "Debtor") and Jack Schindler ("Schindler") by and

23  through their respective counsel of record.

24                         **RECITALS**

25        A.    On or about August 11, 2015, Schindler commenced an action against the Debtor

26  and others in the Superior Court of California, County of San Diego (the "State Court"), styled as

27  *Schindler v. Dawber et. al.*, Case No. 37-2015-0026810-CU-BT-NC (the "State Court Action").

28        B.    On or about September 25, 2018, the jury in the State Court Action returned a

1   verdict for Schindler, as against the Debtor and defendant Class War, Inc. ("Class War"), with

2   damages awarded for breach of contract in the sum of $5,391,041 and other findings as

3   memorialized on a Special Verdict (the "Jury Verdict"). Also reflected therein, the jury found in

4   favor of the Debtor on his cross-action claim for breach of fiduciary duty against Schindler and

5   awarded damages in the sum of $5,581.

6         C.     On or about October 8, 2018, the Debtor filed his voluntary petition for relief

7   under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned chapter 11

8   case.

9         D.     On or about October 9, 2018, the Debtor filed a notice of bankruptcy stay in the

10   State Court Action. *See* State Ct. Dkt. No. 527. F.   As of the execution of this Stipulation, no

11   judgment has been entered in the State Court Action.

12                                    **STIPULATION**

13         NOW, THEREFORE, based upon the foregoing Recitals, which are hereby acknowledged

14   by the Debtor and Schindler (collectively, the "Parties"), and the Parties hereto intending to be

15   legally bound hereby, hereby agree and stipulate through their attorneys of record as follows:

16         1.     The above Recitals are incorporated as if set forth fully herein.

17         2.     The Parties stipulate to relief from the automatic stay of 11 U.S.C. § 362 (the

18   "Stay") for the limited purpose of permitting the State Court to enter a judgment the State Court

19   Action (the "Judgment"), subject to the rights of the Debtor to appeal and/or otherwise challenge

20   the Judgment and any and all related rulings, verdicts, and orders in the State Court Action.

21   Nothing in this Stipulation constitutes a finding, nor shall it be interpreted as providing any

22   inference, that the Stay applies to, or has any effect upon, non—debtor Class War.

23         3.     The Parties agree the automatic stay of 11 U.S.C. § 362 will remain in effect and

24   prohibit Schindler from taking any and all actions whatsoever to enforce the Judgment against the

25   Debtor, or property of the Debtor's bankruptcy estate, absent further order from the Bankruptcy

26   Court.

27         4.     To the extent the automatic stay would prohibit the Debtor from appealing the

28   Judgment or prohibit Schindler from defending such appeal, the Parties further stipulate to relief

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/17206076.1

- 2 -

29

1  from the automatic stay for the limited purpose of allowing the Debtor to appeal the Judgment

2  and Schindler to cross – appeal and, if such appeal is taken, to allow the Parties to litigate that

3  appeal and receive a final resolution of such appeal from an appropriate court

4       5.     Nothing in this stipulation shall be construed to grant Schindler relief from the

5  automatic stay to attempt to enforce the Judgment (even if affirmed on appeal) or to otherwise

6  take any collection or enforcement actions whatsoever vis-à-vis the Debtor or the above-

7  captioned bankruptcy estate, absent further order of the Bankruptcy Court. Further, nothing in this

8  stipulation shall be construed to grant the Debtor relief from the Stay to attempt to enforce the

9  Judgment (even if affirmed on appeal) or to otherwise take any collection or enforcement actions

10  vis-à-vis Schindler, absent further order of the Bankruptcy Court, nor shall Schindler be

11  prevented from asserting set off against any permitted action by the Debtor in connection with the

12  Judgment.

13       IN WITNESS WHEREOF, the Parties do hereby execute this Stipulation on November

14  12, 2018 by and through their respective counsel of record.

15

16  DATED: November 12, 2018     **ARENT FOX LLP**

17

18  By: M. Douglas Flahaut
     *Proposed* General Bankruptcy Counsel for
19       the Debtor and Debtor-in-Possession Jesse
     Wayne Dawber

20

21  DATED: November 12, 2018     **VAUGHN & VAUGHN**

22  By: Donald A. Vaughn
23       Counsel for Jack Schindler

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/17206076.1

- 3 -

30

# EXHIBIT 2

# PROPOSED FORM OF ORDER ON MOTION FOR RELIEF FROM STAY

Name, Address, Telephone No. & I.D. No.
Donald A. Vaughn, Esq. (Bar No. 1100070)
Evan J. Topol, Esq. (Bar No. 274932)
VAUGHN & VAUGHN
501 West Broadway, Suite 1770
San Diego, CA 92101
Tel: (619) 237-1717 / Fax: (619) 237-0447

### UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

| In Re<br>JESSE WAYNE DAWBER | | |
|---|---|---|
| | Debtor. | BANKRUPTCY NO.    18-06044-LT11 |
| JACK SCHINDLER | | |
| | Movant(s) | RS NO.  DAV-1 |
| v.<br>JESSE WAYNE DAWBER<br>SARAH BRYCE | | Date of Hearing:<br>Time of Hearing:<br>Name of Judge: |
| | Respondent(s) | |

## ORDER ON
### PROPOSED FORM OF ORDER ON MOTION FOR RELIEF FROM STAY

The court orders as set forth on the continuation pages attached and numbered _____ through _____ with

exhibits, if any, for a total of _____ pages. Motion/Application Docket Entry No. _____ .

//

//

//

//

//

DATE
D: _____

_____
Judge, United States Bankruptcy Court

32

CSD 1159A [07/01/18]                                                                                    Page **2** of **2**

ORDER ON PROPOSED FORM OF ORDER ON MOTION FOR RELIEF FROM STAY

DEBTOR: JESSE WAYNE DAWBER                                            CASE NO.:18-06044-LT11

                                                                     RS NO.:DAV-1

The Motion of Creditor Jack Schdindler for Relief from Stay (RS No. DAV-1) is granted, as follows:

1.  Schindler is granted relief from the Automatic Stay of 11 U.S.C. section 362(a) to seek entry of a Judgment in the San Diego Superior Court on the jury verdict attached hereto as Exhibit A.

2.  The Debtor, and Schindler, may appeal and/or otherwise challenge the Judgment and any and all related rulings, verdicts, and orders in the state court action.

3.  Nothing in this Order constitutes a finding, nor shall it be interpreted as providing any inference, that the Automatic Stay in any fashion applies to, or has any effect upon, non-Debtor Class War, Inc., which is not subject to the Automatic Stay.

4.  The Automatic Stay of 11 U.S.C. section 362(a) will remain in effect and prohibit Schindler from taking any and all actions to enforce the Judgment against the Debtor, or property of the Debtor's bankruptcy estate, absent further Order of this Court.

5.  Nothing in this Order grants the Debtor relief from stay to attempt to enforce the Judgment or take any collection or enforcement actions against Schindler, without further order of this Court, nor shall Schindler be prevented from asserting set off against any permitted action by the Debtor in connection with the Judgment.

IT IS SO ORDERED.

CSD 1159A                                                                               33

# EXHIBIT A

# VERDICT FORM

Signed by Judge Laura Stuart Taylor January 7, 2019

FILED
Clerk of the Superior Court

SEP 25 2018

BY Noreen McKinley, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, NORTH COUNTY REGIONAL CENTER

| | |
|---|---|
| JACK SCHINDLER, an individual, | Case No. 37-2015-00026810-CU-BT-NC |
| Plaintiff, | **VERDICT FORM** |
| vs. | |
| JESSE DAWBER, an individual, and DOES 1-50, inclusive, | Judge: Earl H. Maas, III |
| Defendants. | Dept.: N-28 |
| AND RELATED CROSS-ACTION. | |

We, the jury, answer the questions submitted to us as follows:

[For Questions 1 – 5, select one of the two options listed and, if the first option is selected, fill in the appropriate sum.]

1. On Jack Schindler's claim for Breach of Contract:

   __✓__ We find in favor of Jack Schindler and against Jesse Dawber and Class War, Inc. in the sum of $_5,341,041_.

   _____ We find in favor of Jesse Dawber and Class War, Inc. against Jack Schindler.

///

1

Signed by Judge Laura Stuart Taylor January 7, 2019

2.   On Jack Schindler's claim for Breach of the Duty of Good Faith and Fair Dealing:

✓ We find in favor of Jack Schindler and against Jesse Dawber and Class War, Inc. in the sum of $ ___○___ .

_____ We find in favor of Jesse Dawber and Class War, Inc. against Jack Schindler.

3.   On Jack Schindler's claim for Intentional Interference with Contractual Relations:

✓ We find in favor of Jack Schindler and against Class War, Inc. in the sum of $ ___○___ .

_____ We find in favor of Class War, Inc. against Jack Schindler.

4.   On Jack Schindler's claim for Breach of Fiduciary Duty:

✓ We find in favor of Jack Schindler and against Jesse Dawber in the sum of $ ___○___ .

_____ We find in favor of Jesse Dawber against Jack Schindler.

5.   On Jack Schindler's claim for Constructive Fraud:

✓ We find in favor of Jack Schindler and against Jesse Dawber in the sum of $ ___○___ .

_____ We find in favor of Jesse Dawber against Jack Schindler.

///
///
///
///
///
///
///
///

2

GENERAL VERDICT FORM

Signed by Judge Laura Stuart Taylor January 7, 2019

[Answer Question 6 below only if you find in favor of Plaintiff on *at least* one of his claims in Questions 2, 3, 4, or 5.]

    6.    Do you find by clear and convincing evidence that Jesse Dawber or Class War, Inc. acted with malice, oppression, or fraud?

As to Jesse Dawber:

   ✓   Yes

_____ No

As to Class War, Inc.:

   ✓   Yes

_____ No

[For Questions 7 – 10, select one of the two options listed and, if the first option is selected, fill in the appropriate sum.]

    7.    On Jesse Dawber's claim for Breach of Contract:

_____ We find in favor of Jesse Dawber and against Jack Schindler in the sum of $_____.

   ✓   We find in favor of Jack Schindler and against Jesse Dawber.

    8.    On Jesse Dawber's claim for Breach of the Fiduciary Duty:

   ✓   We find in favor of Jesse Dawber and against Jack Schindler in the sum of $ 5,581 .

_____ We find in favor of Jack Schindler against Jesse Dawber.

    9.    On Jesse Dawber's claim for Conversion:

_____ We find in favor of Jesse Dawber and against Jack Schindler and Major Award Distribution, Inc. in the sum of $_____.

   ✓   We find in favor of Jack Schindler and Major Award Distribution, Inc. against Jesse Dawber.

3

GENERAL VERDICT FORM    37

Signed by Judge Laura Stuart Taylor January 7, 2019

10. On Jesse Dawber's claim for Breach of Implied Covenant of Good Faith and Fair Dealing:

_____ We find in favor of Jesse Dawber and against Jack Schindler and Major Award Distribution, Inc. in the sum of $_____.

___✓___ We find in favor of Jack Schindler and Major Award Distribution, Inc. against Jesse Dawber.

[Answer Question 11 below only if you find in favor of Cross-Complainant on *at least* one of his claims in Questions 8, 9 or 10.]

11. Do you find by clear and convincing evidence that Jack Schindler or Major Award Distribution, Inc. acted with malice, oppression, or fraud towards Jesse Dawber?

As to Jack Schindler:

_____ Yes

___✓___ No

As to Major Award Distribution, Inc.:

_____ Yes

___✓___ No

Signed: _____
                Presiding Juror

Dated: 9/25/18

[After this verdict form has been signed, notify the bailiff that you are ready to present your verdict in the courtroom.]

4

GENERAL VERDICT FORM                                                                                    38

Signed by Judge Laura Stuart Taylor January 7, 2019

# EXHIBIT 3

# VERDICT FORM

Signed by Judge Laura Stuart Taylor January 7, 2019

F I L E D

Clerk of the Superior Court

SEP 25 2018

BY Noreen McKinley, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, NORTH COUNTY REGIONAL CENTER

| | |
|---|---|
| JACK SCHINDLER, an individual, | Case No. 37-2015-00026810-CU-BT-NC |
| Plaintiff, | **VERDICT FORM** |
| vs. | |
| JESSE DAWBER, an individual, and DOES 1-50, inclusive, | Judge: Earl H. Maas, III |
| Defendants. | Dept.: N-28 |
| | |
| AND RELATED CROSS-ACTION. | |

We, the jury, answer the questions submitted to us as follows:

[For Questions 1 – 5, select one of the two options listed and, if the first option is selected, fill in the appropriate sum.]

    1.    On Jack Schindler's claim for Breach of Contract:

        ✓ We find in favor of Jack Schindler and against Jesse Dawber and Class War, Inc. in the sum of $ 2,391,091 .

        _____ We find in favor of Jesse Dawber and Class War, Inc. against Jack Schindler.

///

1

GENERAL VERDICT FORM

40

2.   On Jack Schindler's claim for Breach of the Duty of Good Faith and Fair Dealing:

   ✓    We find in favor of Jack Schindler and against Jesse Dawber and Class War, Inc. in the sum of $ _____.

_____ We find in favor of Jesse Dawber and Class War, Inc. against Jack Schindler.

3.   On Jack Schindler's claim for Intentional Interference with Contractual Relations:

   ✓    We find in favor of Jack Schindler and against Class War, Inc. in the sum of $ _____.

_____ We find in favor of Class War, Inc. against Jack Schindler.

4.   On Jack Schindler's claim for Breach of Fiduciary Duty:

   ✓    We find in favor of Jack Schindler and against Jesse Dawber in the sum of $ _____.

_____ We find in favor of Jesse Dawber against Jack Schindler.

5.   On Jack Schindler's claim for Constructive Fraud:

   ✓    We find in favor of Jack Schindler and against Jesse Dawber in the sum of $ _____.

_____ We find in favor of Jesse Dawber against Jack Schindler.

///
///
///
///
///
///
///
///

2

GENERAL VERDICT FORM                    41

Signed by Judge Laura Stuart Taylor January 7, 2019

[Answer Question 6 below only if you find in favor of Plaintiff on *at least* one of his claims in Questions 2, 3, 4, or 5.]

6. Do you find by clear and convincing evidence that Jesse Dawber or Class War, Inc. acted with malice, oppression, or fraud?

As to Jesse Dawber:

___✓___ Yes

_____ No

As to Class War, Inc.:

___✓___ Yes

_____ No

[For Questions 7 – 10, select one of the two options listed and, if the first option is selected, fill in the appropriate sum.]

7. On Jesse Dawber's claim for Breach of Contract:

_____ We find in favor of Jesse Dawber and against Jack Schindler in the sum of $_____.

___✓___ We find in favor of Jack Schindler and against Jesse Dawber.

8. On Jesse Dawber's claim for Breach of the Fiduciary Duty:

___✓___ We find in favor of Jesse Dawber and against Jack Schindler in the sum of $__5,501__.

_____ We find in favor of Jack Schindler against Jesse Dawber.

9. On Jesse Dawber's claim for Conversion:

_____ We find in favor of Jesse Dawber and against Jack Schindler and Major Award Distribution, Inc. in the sum of $_____ _____.

___✓___ We find in favor of Jack Schindler and Major Award Distribution, Inc. against Jesse Dawber.

3

Signed by Judge Laura Stuart Taylor January 7, 2019

10.    On Jesse Dawber's claim for Breach of Implied Covenant of Good Faith and Fair Dealing:

_____ We find in favor of Jesse Dawber and against Jack Schindler and Major Award Distribution, Inc. in the sum of $_____.

___✓___ We find in favor of Jack Schindler and Major Award Distribution, Inc. against Jesse Dawber.

[Answer Question 11 below only if you find in favor of Cross-Complainant on *at least* one of his claims in Questions 8, 9 or 10.]

11.    Do you find by clear and convincing evidence that Jack Schindler or Major Award Distribution, Inc. acted with malice, oppression, or fraud towards Jesse Dawber?

As to Jack Schindler:

_____ Yes

___✓___ No

As to Major Award Distribution, Inc.:

_____ Yes

___✓___ No

Signed: _____
                         Presiding Juror

Dated: _9_/_15_/_18_

[After this verdict form has been signed, notify the bailiff that you are ready to present your verdict in the courtroom.]

4

GENERAL VERDICT FORM                    43

Donald A. Vaughn, Esq. (Bar No. 110070)
Evan J. Topol, Esq. (Bar No. 274932)
VAUGHN & VAUGHN
501 West Broadway, Suite 1770
San Diego, CA 92101
Tel: (619) 237-1717 / Fax: (619) 237-0447

Attorneys for JACK SCHINDLER

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

In re

JESSE WAYNE DAWBER,

      Debtor in Possession.

Case No. 18-06044-LT11

**PROOF OF SERVICE**

I, Tatiana Tomacelli, DECLARE AS FOLLOWS:

I am a resident of and employed in the State of California, County of San Diego. I am over the age of 18 years and not a party to the above-entitled action. On December 18, 2018, i served a true copy of the following document(s):

**MEMORANDUM IN SUPPORT OF MOTION FOR STIPULATED RELIEF FROM STAY AND ASSOCIATED RELIEF; SUPPORTING DECLARATION OF DONALD A. VAUGHN**

on the parties in this action as follows:

[X] BY CM/ECF NOTICE OF ELECTRONIC FILING by causing such document(s) listed above to be served through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth below as identified on the service list obtained from this Court on the Electronic Mail Notice List.

1

Signed by Judge Laura Stuart Taylor January 7, 2019

1  Christine E. Baur on behalf of Class War, Inc.
2  christine@baurbklaw.com, admin@baurbklaw.com

3  Douglas Flahaut on behalf of Debtor Jesse Wayne Dawber
4  flahaut.douglas@arentfox.com

5  Aram Ordubegian on behalf of Debtor Jesse Wayne Dawber
6  ordubegian.aram@arentfox.com

7  Todd S. Garan on behalf of Creditor BANK OF AMERICA, N.A.
8  ch11ecf@aldridgepite.com, tgaran@aldridgepite.com, TSG@ecf.courtdrive.com

9  David Ortiz on behalf of Debtor Jesse Wayne Dawber
10  david.a.ortiz@usdoj.gov

11  United States Trustee
12  ustp.region15@usdoj.gov

13
14      All other interested parties in this action that are not a registered ECF User
    are served as follows:
15

16              **SEE ATTACHED SERVICE LIST**

17  [X]    By U.S. Mail by placing the document(s) listed above in a sealed envelope
18  with postage thereon fully prepaid, in the United States Mail at San Diego,
    California addressed as set forth below.
19

20  [ ]    BY OVERNIGHT DELIVERY by causing such envelope(s) to be deposited
    in a box or other facility regularly maintained by Federal Express overnight
21  delivery with fees paid.

22
23  [ ]    BY ELECTRONIC SERVICE by causing document(s) to be electronically
    served on the interested parties in the above-referenced action.  The transmission
24  was reported as complete without error and a copy of the report will be maintained
    with the document by the sender.
25

26  [ ]    BY FACSIMILE by causing the foregoing document(s) via facsimile
    transmission.  The transmission was reported as complete without error and a copy
27  of the report will be maintained with the document by the sender.

28

Signed by Judge Laura Stuart Taylor January 7, 2019

1

2

3    I declare under penalty of perjury that the documents were served by methods indicated above and the foregoing is true and correct.  Executed on December 18, 2018 at San Diego, California.

4

5    Tatiana Tomacelli

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

**Jesse Wayne Dawber**
**Case No. 18-06044-LT11**
**SERVICE LIST**

| | | |
|---|---|---|
| Internal Revenue Service<br>Post Office Box 7346<br>Philadelphia, PA 19101-7346 | Hogan Lovells US LLP<br>c/o Michael Turrill<br>1999 Ave of the Stars,<br>Suite 1400<br>Los Angeles, CA 90067 | Bankruptcy Counsel<br>United States Security &<br>Exchange Commission<br>444 South Flower St., Ste.<br>900<br>Los Angeles, CA 90071-9591 |
| American Express<br>P.O. Box 0001<br>Los Angeles, CA 90096-8000 | Bank of America<br>P.O. Box 982235<br>El Paso, TX 79998 | Franchise Tax Board<br>ATTN: Bankruptcy<br>Post Office Box 2952<br>Sacramento, CA 95812-2952 |
| Discover<br>P.O. Box 51908<br>Los Angeles, CA 90051-6208 | Sarah Bryce<br>468 Puebla Street<br>Encinitas, CA 92024 | Jesse Wayne Dawber<br>468 Puebla Street<br>Encinitas, CA 92024 |

4

Signed by Judge Laura Stuart Taylor January 7, 2019

# EXHIBIT B

# STIPULATION RE LIMITED RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO STATE COURT ACTION

1   Aram Ordubegian (SBN 185142)
    M. Douglas Flahaut (SBN 245558)
2   Christopher K.S. Wong (SBN 308048)
    **ARENT FOX LLP**
3   555 West Fifth Street, 48th Floor
    Los Angeles, CA 90013-1065
4   Telephone:   213.629.7400
    Facsimile:   213.629.7401
5   E-mail:   aram.ordubegian@arentfox.com
           douglas.flahaut@arentfox.com
6         christopher.wong@arentfox.com

7   *Proposed* General Bankruptcy and Restructuring
    Attorneys for Debtor and Debtor-in-Possession
8

9             **UNITED STATES BANKRUPTCY COURT**

10            **SOUTHERN DISTRICT OF CALIFORNIA**

11                 **SAN DIEGO DIVISION**

12   In re                          Case No. 18-06044-LT11

13   **JESSE WAYNE DAWBER.**, an individual   Chapter 11

14           Debtor and Debtor-in-   **STIPULATION RE LIMITED RELIEF**
              Possession.           **FROM THE AUTOMATIC STAY WITH**
15                             **RESPECT TO STATE COURT ACTION**

16                            *[No Hearing Required Unless Requested*
                            *Pursuant to Fed. R. Bankr. R. 4001(d)(3)]*
17

18

19      **TO THE HONORABLE LAURA S. TAYLOR, UNITED STATES BANKRUPTCY**

20   **JUDGE; AND ALL INTERESTED PARTIES:**

21        This stipulation (the "Stipulation") is entered into by and between the debtor and debtor-

22   in-possession Jesse Wayne Dawber (the "Debtor") and Jack Schindler ("Schindler") by and

23   through their respective counsel of record.

24                            **RECITALS**

25        A.     On or about August 11, 2015, Schindler commenced an action against the Debtor

26   and others in the Superior Court of California, County of San Diego (the "State Court"), styled as

27   *Schindler v. Dawber et. al.*, Case No. 37-2015-0026810-CU-BT-NC (the "State Court Action").

28        B.     On or about September 25, 2018, the jury in the State Court Action returned a

AFDOCS/17206076.1

1  verdict for Schindler, as against the Debtor and defendant Class War, Inc. ("Class War"), with

2  damages awarded for breach of contract in the sum of $5,391,041 and other findings as

3  memorialized on a Special Verdict (the "Jury Verdict"). Also reflected therein, the jury found in

4  favor of the Debtor on his cross-action claim for breach of fiduciary duty against Schindler and

5  awarded damages in the sum of $5,581.

6          C.      On or about October 8, 2018, the Debtor filed his voluntary petition for relief

7  under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned chapter 11

8  case.

9          D.      On or about October 9, 2018, the Debtor filed a notice of bankruptcy stay in the

10  State Court Action. *See* State Ct. Dkt. No. 527. F.  As of the execution of this Stipulation, no

11  judgment has been entered in the State Court Action.

12                                  **STIPULATION**

13          NOW, THEREFORE, based upon the foregoing Recitals, which are hereby acknowledged

14  by the Debtor and Schindler (collectively, the "Parties"), and the Parties hereto intending to be

15  legally bound hereby, hereby agree and stipulate through their attorneys of record as follows:

16          1.      The above Recitals are incorporated as if set forth fully herein.

17          2.      The Parties stipulate to relief from the automatic stay of 11 U.S.C. § 362 (the

18  "Stay") for the limited purpose of permitting the State Court to enter a judgment the State Court

19  Action (the "Judgment"), subject to the rights of the Debtor to appeal and/or otherwise challenge

20  the Judgment and any and all related rulings, verdicts, and orders in the State Court Action.

21  Nothing in this Stipulation constitutes a finding, nor shall it be interpreted as providing any

22  inference, that the Stay applies to, or has any effect upon, non—debtor Class War.

23          3.      The Parties agree the automatic stay of 11 U.S.C. § 362 will remain in effect and

24  prohibit Schindler from taking any and all actions whatsoever to enforce the Judgment against the

25  Debtor, or property of the Debtor's bankruptcy estate, absent further order from the Bankruptcy

26  Court.

27          4.      To the extent the automatic stay would prohibit the Debtor from appealing the

28  Judgment or prohibit Schindler from defending such appeal, the Parties further stipulate to relief

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/17206076.1

- 2 -

1  from the automatic stay for the limited purpose of allowing the Debtor to appeal the Judgment

2  and Schindler to cross – appeal and, if such appeal is taken, to allow the Parties to litigate that

3  appeal and receive a final resolution of such appeal from an appropriate court

4      5.      Nothing in this stipulation shall be construed to grant Schindler relief from the

5  automatic stay to attempt to enforce the Judgment (even if affirmed on appeal) or to otherwise

6  take any collection or enforcement actions whatsoever vis-à-vis the Debtor or the above-

7  captioned bankruptcy estate, absent further order of the Bankruptcy Court. Further, nothing in this

8  stipulation shall be construed to grant the Debtor relief from the Stay to attempt to enforce the

9  Judgment (even if affirmed on appeal) or to otherwise take any collection or enforcement actions

10  vis-à-vis Schindler, absent further order of the Bankruptcy Court, nor shall Schindler be

11  prevented from asserting set off against any permitted action by the Debtor in connection with the

12  Judgment.

13      IN WITNESS WHEREOF, the Parties do hereby execute this Stipulation on November

14  12, 2018 by and through their respective counsel of record.

15  DATED: November 12, 2018        **ARENT FOX LLP**

16

17

18  By: M. Douglas Flahaut
    *Proposed* General Bankruptcy Counsel for

19      the Debtor and Debtor-in-Possession Jesse
        Wayne Dawber

20  DATED: November 12, 2018        **VAUGHN & VAUGHN**

21

22  By:  Donald A. Vaughn

23      Counsel for Jack Schindler

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/17206076.1                        - 3 -

# EXHIBIT C

# VERDICT FORM



F I L E D
Clerk of the Superior Court

SEP 25 2018

BY Noreen McKinley, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN DIEGO, NORTH COUNTY REGIONAL CENTER

JACK SCHINDLER, an individual,

        Plaintiff,

vs.

JESSE DAWBER, an individual, and DOES
1-50, inclusive,

        Defendants.

AND RELATED CROSS-ACTION.

Case No. 37-2015-00026810-CU-BT-NC

**VERDICT FORM**

Judge: Earl H. Maas, III
Dept.: N-28

We, the jury, answer the questions submitted to us as follows:

[For Questions 1 – 5, select one of the two options listed and, if the first option is selected, fill in the appropriate sum.]

    1.    On Jack Schindler's claim for Breach of Contract:

        ✓__ We find in favor of Jack Schindler and against Jesse Dawber and Class

    War, Inc. in the sum of $ 57,311,041 ___

        _____ We find in favor of Jesse Dawber and Class War, Inc. against Jack

    Schindler.

///

1

GENERAL VERDICT FORM

2.    On Jack Schindler's claim for Breach of the Duty of Good Faith and Fair Dealing:

_____✓_____ We find in favor of Jack Schindler and against Jesse Dawber and Class War, Inc. in the sum of $ _____

_____ We find in favor of Jesse Dawber and Class War, Inc. against Jack Schindler.

3.    On Jack Schindler's claim for Intentional Interference with Contractual Relations:

_____✓_____ We find in favor of Jack Schindler and against Class War, Inc. in the sum of $ _____.

_____ We find in favor of Class War, Inc. against Jack Schindler.

4.    On Jack Schindler's claim for Breach of Fiduciary Duty:

_____✓_____ We find in favor of Jack Schindler and against Jesse Dawber in the sum of $ _____.

_____ We find in favor of Jesse Dawber against Jack Schindler.

5.    On Jack Schindler's claim for Constructive Fraud:

_____✓_____ We find in favor of Jack Schindler and against Jesse Dawber in the sum of $ _____

_____ We find in favor of Jesse Dawber against Jack Schindler.

///
///
///
///
///
///
///
///

2

Signed by Judge Laura Stuart Taylor January 7, 2019

[Answer Question 6 below only if you find in favor of Plaintiff on *at least* one of his claims in Questions 2, 3, 4, or 5.]

6. Do you find by clear and convincing evidence that Jesse Dawber or Class War, Inc. acted with malice, oppression, or fraud?

As to Jesse Dawber:

___✓___ Yes

_____ No

As to Class War, Inc.:

___✓___ Yes

_____ No

[For Questions 7 - 10, select one of the two options listed and, if the first option is selected, fill in the appropriate sum.]

7. On Jesse Dawber's claim for Breach of Contract:

_____ We find in favor of Jesse Dawber and against Jack Schindler in the sum of

$_____.

___✓___ We find in favor of Jack Schindler and against Jesse Dawber.

8. On Jesse Dawber's claim for Breach of the Fiduciary Duty:

___✓___ We find in favor of Jesse Dawber and against Jack Schindler in the sum of

$___5,584_____

_____ We find in favor of Jack Schindler against Jesse Dawber.

9. On Jesse Dawber's claim for Conversion:

_____ We find in favor of Jesse Dawber and against Jack Schindler and Major

Award Distribution, Inc. in the sum of $_____.

___✓___ We find in favor of Jack Schindler and Major Award Distribution, Inc.

against Jesse Dawber.

3

GENERAL VERDICT FORM

25

Signed by Judge Laura Stuart Taylor January 7, 2019

10. On Jesse Dawber's claim for Breach of Implied Covenant of Good Faith and Fair Dealing:

_____ We find in favor of Jesse Dawber and against Jack Schindler and Major Award Distribution, Inc. in the sum of $ _____ .

___✓ We find in favor of Jack Schindler and Major Award Distribution, Inc. against Jesse Dawber.

[Answer Question 11 below only if you find in favor of Cross-Complainant on *at least* one of his claims in Questions 8, 9 or 10.]

11. Do you find by clear and convincing evidence that Jack Schindler or Major Award Distribution, Inc. acted with malice, oppression, or fraud towards Jesse Dawber?

As to Jack Schindler:

_____ Yes

___✓ No

As to Major Award Distribution, Inc.:

_____ Yes

✓ No

Signed: _____
                    Presiding Juror

Dated: 9/15/18

[After this verdict form has been signed, notify the bailiff that you are ready to present your verdict in the courtroom.]

4

Signed by Judge Laura Stuart Taylor January 7, 2019