MICHAEL D. BRESLAUER [SBN 110259]
mbreslauer@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
Telephone: (619) 231-0303
Facsimile: (619) 231-4755

Attorneys for Debtor-in-Possession CLASS
WAR, INC.

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>JESSE DAWBER, an individual,<br><br>                    Debtor-In-Possession. | CASE NO. 18-06044-LT11<br><br>Chapter 11<br><br>[Jointly Administered with Case No. 19-00293-LT11] |
| JESSE DAWBER, an individual,<br><br>       Case No. 18-06044-LT11<br><br>CLASS WAR, INC., a California corporation,<br><br>       Case No. 19-00293-LT11<br><br>       Debtors.<br><br>[  ] Affects both Debtors.<br>[X] Affects Class War, Inc. only.<br>[  ] Affects Jesse Dawber only. | **DECLARATION OF JEREMY ROSENTHAL RE EMERGENCY HEARING REQUESTED BY CHAPTER 11 EXAMINER** |

I, JEREMY ROSENTHAL, declare:

1.     I am over 18 years of age. I am the President, Chief Executive Officer, Chief Restructuring Officer and Secretary of Class War, Inc., a California corporation ("Class War" or the "Debtor"), which is a debtor and debtor-in-possession in the above-captioned Chapter 11 case.

2.      Except as indicated, all statements set forth in this Declaration are based upon: (1) my personal knowledge; (2) information supplied to me by officers and employees of the Debtor or the Debtor's professionals; (3) my review of relevant documents; and/or (4) my opinion based upon my experience and knowledge of the Debtor's operations and financial conditions. I have personal knowledge of the facts set forth in this declaration and could and would testify thereto if called as witness in this matter.

3.      I have previously filed declarations in this case which provide general background information and my understanding of certain historical events and transactions. In particular, I would like to call the Court's attention to my First Day Declaration, dated January 28, 2019 (the "First Day Declaration") (filed in Case No. 19-00293-LT11, Docket No. 5), and my Declaration regarding March 13, 2019 Status Conference filed in the jointly administered Case No. 18-06044-LT11 as Docket No. 174 (the "March Declaration").

4.      In large measure, the foundation for my drafting and swearing to the veracity of facts and statements I made in these Declarations were the statements made to me by Jesse Dawber ("Dawber") and Drew Madacsi ("Madacsi") and the statements and attestations made in Dawber's Schedules, Statement of Financial Affairs, pleadings filed on behalf of Dawber and Dawber's declarations. The cornerstone for that foundation was that the relationship between Dawber and STFU Global PTE Ltd. ("STFU") was arm's length, limited to the terms of the Creative Agreement between Dawber and STFU, dated June 30, 2017, and, most importantly, that Dawber did not own or control STFU.

5.      The Court has appointed Jesse S. Finlayson, the Court-Appointed Examiner (the "Examiner") in both Class War's case and the jointly administered case of Jesse Dawber.

6.      The Examiner has propounded document discovery on several parties to these Cases, including Dawber, Class War, STFU and Madacsi. Over the past two

weeks the Examiner has also taken my deposition as well as the deposition of Jeslyn Leong ("Leong") on behalf of STFU and the deposition of Madacsi. The Examiner's document discovery and depositions are collectively referred to herein as the "Discovery").

7.      The Discovery revealed several troubling facts relating to the relationship between Dawber, STFU, and Madacsi. These issues are described in the Chapter 11 Examiner's Preliminary Report and Request for Emergency Hearing, dated July 12, 2019, Docket No. 327 ("Examiner's Preliminary Report").

8.      From my perspective, the most significant fact that emerged from the Discovery and which has been confirmed in the Examiner's Preliminary Report is the existence of a document entitled "Declaration of Trust" which states that Leong is holding 100% of the shares of STFU in trust for Dawber, apparently leaving Dawber in full control of the voting and economic rights associated with that equity and leaving Dawber capable of unilaterally terminating the Trust and recovering 100% of the equity in STFU at any time. A copy of the Declaration of Trust is attached hereto as Exhibit 1. If the Declaration of Trust is an authentic and enforceable document, and the Discovery that I am aware of and the Examiner's Preliminary Report do not suggest any reasons why it would not be authentic and enforceable, then Dawber is the 100% owner of both Class War **and** STFU and has been before his petition date and throughout both his Chapter 11 case and Class War's Chapter 11 case.

9.      As I testified in my deposition on July 8, 2019, the first time that I became aware of the Declaration of Trust or Dawber's ownership of STFU was following Madacsi's deposition on July 2, 2019, when the Examiner questioned Madacsi about the Declaration of Trust which Madacsi signed as a witness.  Until I became aware of the Declaration of Trust I did not know or suspect that Dawber owned STFU.

10.     Dawber's concealment of his ownership of STFU has significant ramifications for these cases and my ability to effectively perform the services for which I have been retained in the Class War case. A number of statements made to

me as an officer of Class War appear to have been false and misleading.  Similarly, Dawber, directly and through his counsel appear to have made false and misleading statements to the Court. Dawber's false and misleading statements and his concealment of material facts have led me to consider resigning my position as an officer of Class War and have led Force Ten Partners LLC ("Force 10") to considering terminating its engagement as financial advisor to Class War. Absent a clear opportunity for Force 10 and I to provide significant value to the Class War estate and the support of all constituencies to our continued work on behalf of Class War we intend to resign.

11.    Due to many of the statements and implications in the First Day Declaration and the March Declaration being rendered potentially false and/or misleading by the evidence that has emerged from the Discovery, it also appears that parts of the JOINT DISCLOSURE STATEMENT DESCRIBING JESSE DAWBER AND CLASS WAR INC.'S FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION, dated April 18, 2019 [Docket No. 247] (the "Disclosure Statement") are false and/or misleading. As a result I have requested counsel on behalf of Class War to withdraw Class War as a proponent of the Disclosure Statement and the associated First Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan"). Class War is no longer pursuing the Disclosure Statement or the Joint Plan, although it reserves the right to file its own plan of reorganization and/or a joint plan of reorganization in the future.

12.    Class War is currently undergoing an audit of its 2015, 2016 and 2017 federal tax returns and it has not yet filed its 2018 federal or state tax returns.  It is my understanding that Class War took significant deductions on its 2017 tax returns related to accrued and unpaid royalties purportedly owed to STFU. Class War also booked significant accrued and unpaid royalties on its financial statements for 2018. I have been informed, but have not independently investigated or confirmed, that an entity is not permitted to deduct accrued but unpaid royalties owed to an affiliate.  I

have also been informed that Class War's accountants knew this and requested that Dawber establish that he did not own or control STFU. According to the Examiner's Preliminary Report, pages 8-9, Mark Stepka at BDO USA, LLC (Class War's and Dawber's accountant) specifically asked if Dawber had any direct or beneficial interest in STFU in 2017, and on the date of Mr. Stepka's inquiry Madacsi responded that Dawber had resigned from STFU in June 2017, never disclosing that the resignation was backdated and that in fact Dawber owned STFU throughout 2017. It appears that Dawber's ownership of STFU will have significant consequences for Class War's already filed 2017 tax return and the preparation of its 2018 tax return. In light of Class War's participation in the preparation of these returns and discussions with the IRS auditor assigned to audit Class War, I directed counsel for Class War to notify the IRS of the existence of the Declaration of Trust. The letter Class War's counsel sent to the IRS on Friday, July 12, 2019, is attached hereto as <u>Exhibit 2</u>.

13.    Regardless of whether I remain in or leave my role as an officer of Class War, Dawber's ownership of STFU renders many of *my* statements and their implications false and/or misleading. As a consequence, I now disavow them. Accordingly, notwithstanding that I believed my statements and their implications to be true and correct when they were made, I believe it is incumbent upon me to alert the Court and the parties that I now believe many of those statements and their implications to be false and/or misleading.

14.    In particular, and by no means an exhaustive list of statements that may no longer be reliable due to the concealment of Dawber's ownership of STFU and the other false and misleading statements made by Dawber, I call the Court's attention to the following:

15.    In the First Day Declaration:

    a.  I would no longer draw the conclusion made in ¶ 30 that "the path to maximize the value of Class War's assets was to enter into a licensing agreement with STFU."

b. In ¶ 32, I do not think it is accurate to state that there is a "common interest that Class War and STFU have in Mr. Dawber continuing to be a productive artist and not choosing to abandon his art or the Sketchy Tank brand in light of the tremendous pressure caused by the Schindler Litigation, the large and unexpected verdict, and the near collapse of his company Class War." Among other things, in this context, stating that there is a common interest between Class War and STFU implies that they are not affiliated entities owned by the same person, Dawber.  Further, based on the Discovery, it seems possible, in  light of STFU's termination of Class War's rights, that Dawber and STFU may have conspired to bring about the "near collapse of [Dawber's] company Class War" and shift the profits from the sale of Dawber's art from Class War (the then defendant in the Schindler litigation and a United States tax payer) to STFU (a foreign entity apparently secretly owned by Dawber).

c. Paragraph 35 is also misleading. Had I known of this ownership, I would not have stated that the license Agreement between Class War and STFU, dated January 16, 2019 ("<u>License Agreement</u>") (attached to the First Day Declaration as Exhibit 28) was the preferred means of monetizing Class War's intellectual property while avoiding costly and uncertain litigation. Nor would I have said that the License Agreement "protects Class War against the risk that STFU and Mr. Dawber [would] attempt circumvent Class War's rights by adopting new brands and iconography." Given that Dawber, a debtor, apparently owns STFU, there are far more direct and cost-effective means for bringing the diverted value back into Class War's estate.

d. Significantly, ten paragraphs of the First Day Declaration, ¶¶ 47-56, describe my then understanding of the relationship between Dawber, Class War and STFU, an understanding that was based upon, *inter alia*, discussions with Dawber and Madacsi and my review of all of the agreements between Dawber and STFU that I was aware of. That description now appears to be false and/or misleading. Not only did the Discovery establish Dawber's apparent ownership of STFU, but it also appears to have established, among other things, that Leong is employed by an entity controlled by Madacsi and that Madacsi is currently Dawber's "business manager." These relationships, roles and connections were not known to me before the Discovery and therefore were not disclosed in paragraphs 47-56 of the First Day Declaration.

16.  In the March Declaration:

a. Paragraph 5 states: "It does not appear that Class War transferred any rights or interests as part of the transfers illustrated on the License Charts and therefore Class War may not be able to seek to avoid the purported termination of Mr. Dawber's license to Class War and STFU's purported termination of its license to Class War. Further, as the Court observed, given the foreign status of STFU, Ms. Leong and Mr. Madacsi, if there are avoidable transfers, it may be difficult and costly to prosecute avoidance actions and ultimately recover damages on account of any avoided transfers." In light of the evidence that has emerged in the Discovery, these statements do not reflect my current views.

b. Paragraph 8 states: "The contemplated joint plan was developed by Class War and Mr. Dawber in recognition of the reality that by

virtue of Mr. Dawber terminating his grant of a license to STFU and foregoing the license payments he receives from STFU, that Class War and Mr. Dawber could effectively undo the historic events that Class War, Mr. Schindler and this Court are focused on without the cost and uncertainty of trying to establish that the grant and termination of the various licenses at issue are avoidable transfers. Mr. Dawber terminating his license to STFU is an elegant and cost effective way of cutting the Gordian Knot these cases face … through the joint plan illustrated in the License Charts, we can effectively undo the prior arrangements and bring all of the intellectual property back to Mr. Dawber and Class War for efficient exploitation for the benefit of all holders of allowed claims." In light of the evidence that has emerged in the Discovery, these statements do not reflect my current views. Further, it appears that a more accurate organizational chart showing the relationship between the entitles would be as reflected on Exhibit 3 attached hereto.

17.    I am profoundly troubled by the evidence that has emerged in the Discovery and by my mistaken reliance on statements made to me by Dawber and Madacsi and documents filed by or on behalf of Dawber with the Court.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and this declaration is executed on July 13, 2019, in Ojai, California.

/s/ Jeremy Rosenthal
JEREMY ROSENTHAL

# EXHIBIT 1

## DECLARATION OF TRUST

This **DECLARATION OF TRUST** is made on 20 June 2017 by **LEONG JIA MIN JESLYN** (NRIC: S8417694Z), a citizen of Singapore residing at Blk 410 Jurong West St 42 #10-889 Singapore 640410 (the "**Nominee**").

1.    **DECLARATION OF TRUST**

1.1    The Nominee declares that:

(a)    at the date hereof, she is the registered holder of all the ordinary shares in the share capital of **STFU Global Pte. Ltd.,** a company incorporated in Singapore having its registered address at 6 Eu Tong Sen Street, #12-20, The Central, Singapore 059817(the "**Company**");

(b)    she holds such number of ordinary shares representing **100%** of the issued share capital of the Company ("**Beneficiary Shares**") on trust for **Jesse Wayne Dawber** (Passport or DL: 485241260), a citizen of United States of America residing at 468 Puebla St, Encinitas, CA 92024, USA ("**Beneficial Owner**") from the date hereof.

2.    **NOMINEE'S UNDERTAKINGS**

2.1    The Nominee irrevocably and unconditionally undertakes to:

(a)    account to the Beneficial Owner for:

(i)    all dividends, interests and other distributions received in respect of the Beneficiary Shares; and

(ii)    all and any warrants, bonus shares and other securities in the Company so offered and subscribed for by the Nominee in respect of the Beneficiary Shares, together with all dividends, monies or interest accrued and to accrue thereon in respect of such warrants, bonus shares or securities in the Company;

(b)    exercise all voting and other rights and powers vested in the Nominee as registered holder of the Beneficiary Shares ("**Rights**") in accordance with the directions of the Beneficial Owner, and shall not exercise any Rights without the directions of the Beneficial Owner;

(c)    transfer, pay and deal with the Beneficiary Shares and all dividends and interest payable in respect in the same in such manner as the Beneficiary shall from time to time direct, and if required by the Beneficial Owner, shall sign and execute all deeds, documents or other writings and do all things which may be necessary to effectuate the transfer or payment of the Beneficiary Shares or dividends, bonuses or other rights in respect thereof to the Beneficial Owner or to his nominee, as the Beneficial Owner may direct; and

(d)    save as the Beneficial Owner may direct from time to time, the Nominee shall not:

(i)    pledge, mortgage, charge or otherwise encumber in any manner the Beneficiary Shares held by him or any legal or beneficial interest therein;

(ii)    sell, transfer or assign the Beneficiary Shares held by him or any legal or beneficial interest therein;

1

(iii)   assign or grant an option over the Beneficiary Shares held by him or any legal or beneficial interest therein; or

(iv)   otherwise purport to deal with the Beneficiary Shares held by him or with any legal or beneficial interest therein.

**3.    POWER OF ATTORNEY**

3.1   The Nominee appoints the Beneficial Owner or any person nominated by it in writing as its attorney in its name and on its behalf to execute a transfer or transfers of the Beneficiary Shares and to complete any other deed or document that the attorney may consider necessary or expedient for any such purpose.

3.2   This power of attorney shall be irrevocable save with the consent of the Beneficial Owner and is given by way of security to secure the performance of obligations owed by the Nominee to the Beneficial Owner.

**4.    TERMINATION**

4.1   This Declaration of Trust shall only terminate if the Beneficial Owner provides written notice of termination to the Nominee (**"Termination Notice"**). Within three (3) days from the date of the Termination Notice, the Nominee shall:

(a)   sign and execute a share transfer form in respect of the Beneficiary Shares in favour of the Beneficial Owner or any person nominated by the Beneficial Owner (as the Beneficial Owner may direct) (**"Beneficial Owner Transfer"**);

(b)   sign and execute all other agreement, deeds or documents, and do all things which may be necessary to effectuate Beneficial Owner Transfer, as may be required by the Beneficial Owner;

(c)   deliver the duly executed share transfer form and any other agreement, deeds or documents in respect of the Beneficial Owner Transfer to the Beneficial Owner; and

(d)   deliver the share certificates in respect of the Beneficiary Shares issued by the Company to the Nominee to the Beneficial Owner.

4.2   The termination of this Declaration of Trust shall be effective upon the full compliance by the Nominee of its obligations under Clause 4.1.

**5.    INJUNCTIVE RELIEF**

The Nominee acknowledges and agrees that damages may be an inadequate remedy for a breach by it of any undertaking, obligation or term of this Declaration of Trust and shall not oppose any application by the Beneficial Owner for equitable remedies (including but not limited to injunction or specific performance), relief to protect its rights under this Agreement, in addition to any and all other remedies available to it in equity, at law or under this Agreement.

**6.    NO RIGHTS OF THIRD PARTIES**

A person who is not a party has no rights under the Contracts (Rights of Third Parties) Act, Chapter 53B of Singapore, to enforce any term of this Declaration of Trust, but this does not affect any right or remedy of a third party which exists or is available apart from the said Act.

2

**7.**     **GOVERNING LAW AND JURISDICTION**

7.1     This Declaration of Trust and any disputes or claims arising out of or in connection with its subject matter or formation (including non-contractual disputes or claims) are governed by and construed in accordance with the law of Singapore.

7.2     The parties irrevocably agree that the courts of Singapore shall have exclusive jurisdiction to settle any dispute or claim that arises out of or in connection with this deed or its subject matter or formation (including non-contractual disputes or claims).

**IN WITNESS WHEREOF,** this Declaration of Trust has been executed as a deed and is signed, sealed and delivered and takes effect on the date stated at the beginning of it.

**SIGNED, SEALED AND DELIVERED**                    )
**BY LEONG JIA MIN JESLYN**                              )
in the presence of                                                  )

Name of Witness:

Passport No.: PE0319829

**ACKNOWLEDGED by JESSE WAYNE DAWBER**

Signature

Date: _____ 2018

3

# EXHIBIT 2



Wells Fargo Plaza
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755
www.swsslaw.com

Michael D. Breslauer
Partner
mbreslauer@swsslaw.com
(t) 619.238.4804
(f) 619.615.7904

July 12, 2019

**<u>VIA FACSIMILE - 855.481.3839</u>**

Internal Revenue Service
1 Civic Center Drive  Suite 400
San Marcos, CA 92069
Attn:  Minh Phan

Re:    Audit – Class War, Inc. (Tax I.D. No. 47-4219380) – Tax Years 2015, 2016, 2017

Dear Ms. Phan:

I am lead Chapter 11 counsel for Class War, Inc., ("Class War") Debtor-in-Possession in connection with a consolidated Chapter 11 case now pending in the United States Bankruptcy Court for the Southern District of California as Case No. 18-06044-LT11 (the "Bankruptcy Case"). The Class War Chapter 11 case is administratively consolidated with the case of Jesse Wayne Dawber under the single case number mentioned immediately above.

Jeremy Rosenthal, the Chief Executive Officer and Chief Restructuring Officer of Class War, has become aware of certain facts that may be inconsistent with positions previously taken by Class War and Mr. Dawber with respect to the tax returns and ongoing audits for both Class War and Mr. Dawber for the 2017 tax year.

As the result of discovery conducted with respect to the Bankruptcy Case, Mr. Rosenthal and I have recently become aware of a document entitled "Declaration of Trust" which purports to identify Mr. Dawber as the beneficial holder of 100% of the equity in a Singaporean entity known as STFU Global PTE Ltd. ("STFU"). A copy of the Declaration of Trust is attached hereto as Exhibit A. As a result of several depositions related to the Declaration of Trust conducted over the past two weeks it is our understanding that the Declaration of Trust was entered into in 2018 but backdated to appear as if it was executed in 2017.

STFU is a counter-party to a purported license agreement with Class War entered into in 2017 and purportedly terminated in 2018.  Royalty payments purportedly owed under that license were accrued by Class War on its financial statements for 2017 and 2018 and deducted on its 2017 tax return.  Class War's 2018 return has not yet been filed.  It is Mr. Rosenthal's understanding that it was previously represented to the IRS that Mr. Dawber held no interest in STFU and that the license between Class War and STFU was entered into at arms' length. Mr. Rosenthal believes these representations to be false.

Internal Revenue Service
July 12, 2019
Page 2

If you have any questions regarding this matter, please do not hesitate to contact me.

Very truly yours,

Michael D. Breslauer
Solomon Ward Seidenwurm & Smith, LLP

cc:    Mark Samson, CPA (via email only w/enclosure)
       M. Douglas Flahaut, Esq. (via email only w/enclosure)
       Jesse Finlayson (via email only w/enclosure)
       Jeremy Rosenthal (via email only w/enclosure)

P:01299274.2:60673.001

## DECLARATION OF TRUST

This **DECLARATION OF TRUST** is made on 20 June 2017 by LEONG JIA MIN JESLYN (NRIC: S8417694Z), a citizen of Singapore residing at Blk 410 Jurong West St 42 #10-889 Singapore 640410 (the "**Nominee**").

**1.    DECLARATION OF TRUST**

1.1    The Nominee declares that:

(a)    at the date hereof, she is the registered holder of all the ordinary shares in the share capital of **STFU Global Pte. Ltd.**, a company incorporated in Singapore having its registered address at 6 Eu Tong Sen Street, #12-20, The Central, Singapore 059817(the "**Company**");

(b)    she holds such number of ordinary shares representing **100%** of the issued share capital of the Company ("**Beneficiary Shares**") on trust for **Jesse Wayne Dawber** (Passport or DL: 485241260), a citizen of United States of America residing at 468 Puebla St, Encinitas, CA 92024, USA ("**Beneficial Owner**") from the date hereof.

**2.    NOMINEE'S UNDERTAKINGS**

2.1    The Nominee irrevocably and unconditionally undertakes to:

(a)    account to the Beneficial Owner for:

(i)    all dividends, interests and other distributions received in respect of the Beneficiary Shares; and

(ii)    all and any warrants, bonus shares and other securities in the Company so offered and subscribed for by the Nominee in respect of the Beneficiary Shares, together with all dividends, monies or interest accrued and to accrue thereon in respect of such warrants, bonus shares or securities in the Company;

(b)    exercise all voting and other rights and powers vested in the Nominee as registered holder of the Beneficiary Shares ("**Rights**") in accordance with the directions of the Beneficial Owner, and shall not exercise any Rights without the directions of the Beneficial Owner;

(c)    transfer, pay and deal with the Beneficiary Shares and all dividends and interest payable in respect in the same in such manner as the Beneficiary shall from time to time direct, and if required by the Beneficial Owner, shall sign and execute all deeds, documents or other writings and do all things which may be necessary to effectuate the transfer or payment of the Beneficiary Shares or dividends, bonuses or other rights in respect thereof to the Beneficial Owner or to his nominee, as the Beneficial Owner may direct; and

(d)    save as the Beneficial Owner may direct from time to time, the Nominee shall not:

(i)    pledge, mortgage, charge or otherwise encumber in any manner the Beneficiary Shares held by him or any legal or beneficial interest therein;

(ii)    sell, transfer or assign the Beneficiary Shares held by him or any legal or beneficial interest therein;

1

(iii)    assign or grant an option over the Beneficiary Shares held by him or any legal or beneficial interest therein; or

(iv)    otherwise purport to deal with the Beneficiary Shares held by him or with any legal or beneficial interest therein.

**3.**    **POWER OF ATTORNEY**

3.1    The Nominee appoints the Beneficial Owner or any person nominated by it in writing as its attorney in its name and on its behalf to execute a transfer or transfers of the Beneficiary Shares and to complete any other deed or document that the attorney may consider necessary or expedient for any such purpose.

3.2    This power of attorney shall be irrevocable save with the consent of the Beneficial Owner and is given by way of security to secure the performance of obligations owed by the Nominee to the Beneficial Owner.

**4.**    **TERMINATION**

4.1    This Declaration of Trust shall only terminate if the Beneficial Owner provides written notice of termination to the Nominee (**"Termination Notice"**). Within three (3) days from the date of the Termination Notice, the Nominee shall:

(a)    sign and execute a share transfer form in respect of the Beneficiary Shares in favour of the Beneficial Owner or any person nominated by the Beneficial Owner (as the Beneficial Owner may direct) (**"Beneficial Owner Transfer"**);

(b)    sign and execute all other agreement, deeds or documents, and do all things which may be necessary to effectuate Beneficial Owner Transfer, as may be required by the Beneficial Owner;

(c)    deliver the duly executed share transfer form and any other agreement, deeds or documents in respect of the Beneficial Owner Transfer to the Beneficial Owner; and

(d)    deliver the share certificates in respect of the Beneficiary Shares issued by the Company to the Nominee to the Beneficial Owner.

4.2    The termination of this Declaration of Trust shall be effective upon the full compliance by the Nominee of its obligations under Clause 4.1.

**5.**    **INJUNCTIVE RELIEF**

The Nominee acknowledges and agrees that damages may be an inadequate remedy for a breach by it of any undertaking, obligation or term of this Declaration of Trust and shall not oppose any application by the Beneficial Owner for equitable remedies (including but not limited to injunction or specific performance), relief to protect its rights under this Agreement, in addition to any and all other remedies available to it in equity, at law or under this Agreement.

**6.**    **NO RIGHTS OF THIRD PARTIES**

A person who is not a party has no rights under the Contracts (Rights of Third Parties) Act, Chapter 53B of Singapore, to enforce any term of this Declaration of Trust, but this does not affect any right or remedy of a third party which exists or is available apart from the said Act.

2

**7.**    **GOVERNING LAW AND JURISDICTION**

7.1    This Declaration of Trust and any disputes or claims arising out of or in connection with its subject matter or formation (including non-contractual disputes or claims) are governed by and construed in accordance with the law of Singapore.

7.2    The parties irrevocably agree that the courts of Singapore shall have exclusive jurisdiction to settle any dispute or claim that arises out of or in connection with this deed or its subject matter or formation (including non-contractual disputes or claims).

**IN WITNESS WHEREOF,** this Declaration of Trust has been executed as a deed and is signed, sealed and delivered and takes effect on the date stated at the beginning of it.

**SIGNED, SEALED AND DELIVERED**                )
**BY LEONG JIA MIN JESLYN**                       )
in the presence of                                         )

Name of Witness:
Passport No.: PE0719829

**ACKNOWLEDGED** by **JESSE WAYNE DAWBER**

Signature

Date: 6\27    2018

3

# EXHIBIT 3

**EXHIBIT 3**

**Apparent Actual Organizational Chart After 2017 Creative Agreements**



**PROOF OF SERVICE**

I, Wendy A. Yones, declare as follows:

I am employed in the County of San Diego, State of California; I am over the age of eighteen years and am not a party to this action; my business address is Solomon Ward Seidenwurm & Smith, LLP, 401 B Street, Suite 1200, San Diego, CA 92101, in said County and State. On <u>July 14, 2019</u>, I served the following document(s):

### DECLARATION OF JEREMY ROSENTHAL RE EMERGENCY HEARING REQUESTED BY CHAPTER 11 EXAMINER

on each of the interested parties as follows:

**<u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>July 14, 2019</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Christine E. Baur    christine@baurbklaw.com, admin@baurbklaw.com
•Michael D. Breslauer    mbreslauer@swsslaw.com, wyones@swsslaw.com
•John W. Cutchin    jcutchin@san.rr.com
•Jesse S. Finlayson    jfinlayson@ftrlfirm.com, bmendoza@ftrlfirm.com
•Douglas Flahaut    flahaut.douglas@arentfox.com
•Lauren Nicole Gans    lgans@shensonlawgroup.com, jshenson@shensonlawgroup.com
•Todd S. Garan    ch11ecf@aldridgepite.com, tgaran@aldridgepite.com;TSG@ecf.courtdrive.com
•Aram Ordubegian    ordubegian.aram@arentfox.com
•David Ortiz    david.a.ortiz@usdoj.gov,
USTP.REGION15@USDOJ.GOV;tiffany.l.carroll@usdoj.gov;Elizabeth.C.Amorosi@usdoj.gov
•Michael L. Turrill    michael.turrill@hoganlovells.com,
elizabeth.goncharov@hoganlovells.com;tiffany.dejonge@hoganlovells.com;jamie.wood@hoganlovells.com;ladocketing.com
• United States Trustee    ustp.region15@usdoj.gov
•Donald A. Vaughn    dav@vv-law.com, etopol@vv-law.com
•Christopher K.S. Wong    christopher.wong@arentfox.com

**<u>SERVED BY U.S. MAIL:</u>** On <u>July 14, 2019</u>, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows:

### SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  July 14, 2019                    By: <u>/s/ Wendy A. Yones</u>
                                                    WENDY A. YONES

P:01299566.1:60673.001