**Donald A. Vaughn, Esq (Bar No. 110070)**
**Evan J. Topol Esq. (Bar No. 274932)**
**VAUGHN & VAUGHN**
**501 West Broadway, Suite 1770**
**San Diego, CA 92101**
**Tel: (619) 237-1717**
**Fax: (619) 237-0447**

Attorneys for Creditor JACK SCHINDLER

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO

| | |
|---|---|
| In re<br><br>JESSE WAYNE DAWBER,<br><br>Debtor-In-Possession.<br><br>---<br><br>JESSE DAWBER, an individual<br><br>Case No. 18-06044-LT11<br><br>CLASS WAR, INC., a California corporation,<br><br>Case No. 19-00293-LT11<br><br>Debtors.<br><br>[X] Affects both Debtors.<br>[ ] Affects Class War, Inc. only.<br>[ ] Affects Jesse Dawber only. | Case No. 18-06044-LT11<br><br>Chapter 11<br><br>[Jointly Administered with Case No. 19-00293-LT11]<br><br>**OBJECTION TO SOLOMON WARD SEIDENWURM & SMITH, LLP'S MONTHLY FEE STATEMENT #4 FOR THE PERIOD FROM JUNE 1, 2019 THROUGH JUNE 30, 2019**<br><br>Judge: Hon, Laura Taylor<br>Dept.: 3, Room 129 |

Creditor Jack Schindler ("Schindler") hereby objects to the above-referenced Monthly Fee Statement for the reasons explained in detail below:

///

///

1

# I.
# INTRODUCTION

On February 25, 2019, Solomon Ward filed a motion authorizing its employment as general counsel for Class War, Inc. and payment of the law firm's fees in accord with monthly fee statement procedures. [Dkt. 149.] On March 28, 2019, this Court granted the application. [Dkt. 203.]

In addition to filing the Force 10 Partners Notice of Monthly Fee Statement for the month of June, 2019, Solomon Ward filed its own fee statement covering that same period on July 12, 2019 [Dkt. 325]. No fees or reimbursement should, however, be allowed to Solomon Ward – at least at this juncture.

# II.
# SOLOMON WARD'S SERVICES DO NOT MEET THE STANDARDS REQUIRED BY 11 U.S.C. SECTION 330

All of the actions and inactions of Force 10 Partners, as described in Schindler's Objection to the Force 10 monthly fee application, occurred while Force 10 was employed by Class War, Inc. Solomon Ward represents Class War and, in fact, Solomon Ward brought the motion seeking, and obtaining, this Court's approval to retain and pay Force 10. [See Dkt. 161.] Declarations filed by Jeremy Rosenthal, specifically in Class War's April 9, 2019, opposition [Dkt. 223] to Schindler's motion which resulted in appointment of the Court's Examiner, were all drafted and filed by Solomon Ward. Thus, because it applies with equal force in this context, Schindler respectfully incorporates by this reference the entirety of his Objection [Dkt. 337] to the Force 10 Monthly Fee Statement as if fully set forth again at this place.

In addition to or amplification of the points raised in Schindler's incorporated Objection, Schindler respectfully raises the following additional points which require that Solomon Ward not receive the fees and expenses it seeks in the referenced fee statement for the month of June, 2019.

First, while the bill for such services was not incurred in June 2019, earlier applications by Solomon Ward sought, and received, payment for services related to drafting and filing of the now – withdrawn Joint Chapter 11 Plan of Reorganization ("Plan"), amended Plan, and Disclosure Statement. The Debtors' hasty withdrawal of same is an acknowledgment of the fact that the Plan, amended Plan, and Disclosure Statement were not meritorious and, therefore, any fees previously paid in connection therewith with should offset the current Solomon Ward claim and result in a refund to the extent those previously – paid fees exceed the current claim.

Second, with respect to the current bill, review thereof reveals that payment is claimed for services designed to benefit not the Class War Estate, not the Dawber Estate, but purported creditors who conspired with Jesse Dawber in committing a fraud upon this Court. Specifically, the June 14, 2019, entry on page 8 of the current Solomon Ward application [Dkt. 325] reflects "email exchanges with Sullivan Hill re Madacsi withheld and redacted documents, [Solomon Ward] access to same." Page 10 reflects further email exchanges regarding a link to data files with Madacsi withheld and redacted documents on June 19, 2019. Page 11 reflects 1.2 hours spent on June 25, 2019 reviewing Madacsi's reserved and redacted documents. Why is Class War's counsel coordinating production of Class War's documents responsive to the subpoena from the Court – appointed Examiner with counsel for Drew Madacsi? Given Madacsi's central conspiratorial role in the fraud this Court's Examiner has uncovered, the coordination between counsel for Class War and Mr. Madacsi's attorneys – including reviewing documents Madacsi withheld and/or redacted – gives rise to numerous questions. Most germane to the within Objection is how this behind – the – scenes commiseration provided any benefit to the bankruptcy Estates, for which services Class War's attorneys should be paid in lieu of distributing those funds to creditors. Until a legitimate answer is provided to these questions, no payments should be allowed.

OBJECTION TO SOLOMON WARD'S MONTHLY FEE STATEMENT FOR JUNE 2019

## III.
## CONCLUSION

These bankruptcy Estates have paid hundreds of thousands of dollars to professionals who provided minimal benefit and, in many instances, actually caused harm. Indeed, it is all but admitted (as a result of withdrawing the proffered Joint Plan) that numerous professionals have been paid for substantial work in generating that bad faith document, the amended Plan, and the associated Disclosure Statement. Clearly, drafting of those documents conferred no benefit whatsoever upon either the Class War or the Dawber Estate.

Moreover, as highlighted by the discussion above, Solomon Ward appears to have coordinated its production of Class War documents in response to the Examiner's subpoena by considering the substance of documentation similarly subpoenaed from Madacsi, but which he refused to produce. In contrast to what this Court was told in 2018, Madacsi is far from "gone," and appears to still be pulling the strings behind the scenes. Until the Examiner has fully concluded and reported upon his investigation, it is respectfully submitted no disbursements of Estate funds should be permitted without explicit and careful scrutiny by this Court.

Respectfully submitted,

Dated: July 22, 2019　　　　　　　　VAUGHN & VAUGHN

By: /s/ DONALD A. VAUGHN
Attorneys for JACK SCHINDLER

*In re Jesse Dawber, Case No. 18-06044-LT11*
*Jointly Administered with Case No. 19-00293-LT11*

# PROOF OF SERVICE

I, Tatiana Tomacelli, declare as follows:

I am a citizen of the United States and am employed in the County of San Diego, California. I am over the age of 18 and not a party to the within action. My business address is 501 West Broadway, Suite 1770, San Diego, California 92101. On July 22, 2019, I served the following document:

**OBJECTION TO SOLOMON WARD SEIDENWURM & SMITH, LLP'S MONTHLY FEE STATEMENT #4 FOR THE PERIOD FROM JUNE 1, 2019 THROUGH JUNE 30, 2019**

on the parties in this action as follows:

Michael D. Breslauer on behalf of Debtor Class War, Inc.
mbreslauer@swss.com

John W. Cutchin
jcutchin@san.rr.com

Jesse S. Finlayson, Court-Appointed Chapter 11 Examiner
jfinlayson@ftrlfirm.com

M. Douglas Flahaut on behalf of Debtor Jesse Wayne Dawber
flahaut.douglas@arentfox.com

Lauren N. Gans on behalf of STFU Global PTE LTD
lgans@shensonlawgroup.com

Todd S. Garan on behalf of Creditor Bank of America
tgaran@aldridgepite.com

Aram Ordubegian on behalf of Debtor Jesse Wayne Dawber
ordubegian.aram@arentfox.com

Jonathan S. Shenson on behalf of STFU Global PTE LTD
jshenson@shensonlawgroup.com

Christopher K.S. Wong on behalf of Debtor Jesse Wayne Dawber
christopher.wong@arentfox.com

| | |
|---|---|
| 1 | David A. Ortiz on behalf of the United States |
| 2 | david.a.ortiz@usdoj.gov |
| 3 | United States Trustee |
| 4 | ustp.region15@usdoj.gov |
| 5 | Tiffany L. Carroll |
| 6 | tiffany.l.carroll@usdoj.gov |
| 7 | Elizabeth C. Amorosi |
| 8 | Elizabeth.c.amorosi@usdoj.gov |

[X] **BY CM/ECF NOTICE OF ELECTRONIC FILING** by causing such document(s) listed above to be served through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth below as identified on the service list obtained from this Court on the Electronic Mail Notice List.

[ ] **BY MAIL:** I am readily familiar with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Code of Civil Procedure §1013(a).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I executed this Proof of Service on July 22, 2019, at San Diego, California.

*Tatiana Tomacelli*
**Tatiana Tomacelli**