1 DAVID ORTIZ, ATTORNEY #167587
UNITED STATES DEPARTMENT OF JUSTICE
2 OFFICE OF THE UNITED STATES TRUSTEE
880 FRONT STREET, SUITE 3230
3 SAN DIEGO, CA 92101
(619) 557-5013
4
Attorney for
5 TIFFANY L. CARROLL
ACTING UNITED STATES TRUSTEE

UNITED STATES BANKRUPTCY COURT

Southern District of California

| | |
|---|---|
| In re:<br><br>JESSE WAYNE DAWBER,<br><br>Debtor in Possession.<br><br>―――――――――――――――<br><br>JESSE DAWBER, an individual,<br><br>Case No. 18-06044-LT11<br><br>CLASS WAR, INC., a California Corporation,<br><br>Case No. 19-00293-LT11<br><br>Debtors.<br><br>[ ] Affects both Debtors.<br>[ ] Affects Class War only.<br>[x] Affects Jesse Dawber only. | Case No. 18-06044-LT11<br><br>[Jointly Administered with Case No. 19-00293-LT11]<br><br>UNITED STATES TRUSTEE'S OBJECTION TO CHAPTER 11 TRUSTEE'S APPLICATION TO EMPLOY SHERWOOD PARTNERS, INC., AS FINANCIAL ADVISORS |

COMES NOW, the Acting United States Trustee ("UST") and submits the following objection to the Application of Chapter 11 Trustee ("Trustee") to Employ Sherwood Partners, Inc., ("Sherwood") as Financial Advisors ("Application"). In support thereof, the UST provides as follows:

1

## INTRODUCTION

The United States Trustee objects to the Application because: 1) the scope of employment is broad and vague, and may include services that are trustee core duties; 2) the $550 hourly rate of David Johnson for accounting support appears excessive, and 3) the $300 to $500 per hour rates noted for "additional Sherwood personnel" fail to identify the individuals and their hourly rates and a recitation of their experience to support the requested hourly rate.

## POINTS AND AUTHORITIES

1. The Court can take judicial notice of the fact that the instant case (now consolidated with the Class War chapter 11 case) has incurred significant administrative costs given the number of professional employed in both cases. In light of the effect those existing costs will have on any future distributions to unsecured creditors, the UST is concerned that the mandate for any future professionals employed in the case be necessary, sufficiently described, and tailored to the needs of the case.

2. The UST does not dispute the fact that the Trustee is entitled to hire an accountant or other professional persons to assist in carrying out the Trustee's duties. 11 U.S.C. §327(a). "Section 327 allows trustees to hire professionals to perform services requiring special expertise, beyond that expected of an ordinary trustee." *In re Garcia* 335 B.R. 717, 725 (9th Cir. BAP 2005).

3. The UST, however, is concerned that it be clear at the outset of employment, that the services performed by Sherwood do not include duties the Trustee is expected to perform pursuant to 11 U.S.C. §1106. "[A]ccountant may not receive compensation for the performance of any trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant." *In re Garcia* 335 B.R. at 725, *citing U.S. Trustee v. Boldt (In re*

*Jenkins)*, 188 B.R. 416, 420 (9th Cir. BAP 1995); *aff'd* 130 F.3d 1335 (9th Cir.1997).

4. The Application at 3:23-28 and 4:1-23 (¶¶10a-g) sets out the scope of employment. There are sub-paragraphs with descriptions that can be construed as vague:

> ¶10.a "evaluating all of the Debtor's and the Debtor's bankruptcy estate's assets and debts[.]"
>
> ¶10.b "working with the Trustee's bankruptcy counsel and the Trustee to insure compliance with the requirements of the Bankruptcy Court, Bankruptcy Code, Bankruptcy Rules and the OUST[.]"
>
> ¶10.g. "performing any other services which may be appropriate in connection with its role as financial advisor for the Trustee."

Additionally, ¶10.d. refers to the preparation of reports that could be construed as a trustee core duty.

5. The concern raised here by the UST is two-fold. First, to clarify the scope of employment (as best as possible) to avoid running afoul of established case law that prohibits compensation for performing trustee duties. And, second, to the extent the Trustee wishes to have flexibility so that Sherwood can provide needed services that may not be specifically known at this time, that the UST reserves all rights to object to future fees. That it be clear that any order approving employment and the scope, however described, does not serve to waive the right to raise objection to any services provided at the fee application stage.

6. In addition to the above concerns regarding the scope of employment, the UST has two concerns regarding hourly rates. First, the hourly rate for David Johnson at $550 is significant. However, certain given tasks for which Sherwood may seek compensation may not warrant such a high rate. For example, if Johnson provides accounting support that does not require a level of expertise

3

commensurate with a professional who charges $550 per hour, the firm should use professionals that bill at a rate commensurate with the task at hand.

7. The second concern is that the Application (at 5:7-8) notes that "additional Sherwood personnel" may provide services in the case at rates ranging between $300 and $500 per hour. Yet, the Application does not provide the names of those individuals or their experience, such that the UST might evaluate the reasonableness of their proposed hourly rate. The UST requests that the Court require disclosure of this information before final adjudication of the proposed employment Application.

WHEREFORE, the United States Trustee respectfully requests that this Court deny the Application of Chapter 11 Trustee to Employ Sherwood Partners, Inc., as Financial Advisors to the extent stated herein.

                      Respectfully submitted,

                      TIFFANY L. CARROLL
                      ACTING UNITED STATES TRUSTEE

Dated: September 11, 2019    By: /s/ David A. Ortiz
                                    David A. Ortiz
                                    Trial Attorney for the
                                    Acting United States Trustee