TENTATIVE RULING

ISSUED BY JUDGE LAURA S. TAYLOR

Debtor: JESSE WAYNE DAWBER

Number: 18-06044-LT11

Hearing: 11:00 AM Thursday, December 5, 2019

Motion: MOTION FOR SANCTIONS PURSUANT TO FRBP RULE 9011, 11 U.S.C. SECTION 105(a) AND 28 U.S.C. SECTION 1927 FILED ON BEHALF OF JACK SCHINDLER

Hear.

This hearing will involve scheduling. On the record before it, the Court will not be decisional as to the sanctions sought by Movant. It appears clear from Movant's late filed reply to the evidentiary objections that Movant recognizes that an evidentiary hearing of some sort will be required not only to establish the sanctionable conduct, if any, and to determine the amount and attribution of any sanctions as among the opposing parties. The Court may be able to make certain legal rulings in an effort to define the scope of the ongoing matter, but it will largely be focused, and would expect the parties to be focused, on how this Motion fits into and can be resolved within the universe of this case which includes the proposed settlement between the estate and Mr. Schindler, the proposed settlement between the estate and Mr. Rosenthal/Force Ten, any other settlements, and potential fee applications which may be brought by some of the subjects of this Motion.

**Potential Legal Rulings**

**Sanctions Under 28 U.S.C. §1927**

In the Motion Movant seeks sanctions under 28 U.S.C. §1927, a provision of the Judicial Code that authorizes a "court of the United States" to require payment from an attorney for the "excess costs, expenses and attorney's fees," caused by such attorney's conduct to "multipl[y] the proceedings …unreasonably and vexatiously". However, it is well settled that this section is unavailable in bankruptcy cases because the bankruptcy court, as a non-Article III court, is not a "court of the United States". See *In re Perroton*, 958 F.2d 889, 896 (9th Cir. 1992) (holding that a bankruptcy court is not a "court of the United States" as defined by the Judicial Code, canvassing several statutory references, including

28 U.S.C. §1927). See also, *In re Deville,* 280 B.R. 483, 494 (9th Cir. BAP 2002) ("28 U.S.C. § 1927 does not suffice because the Ninth Circuit does not regard a bankruptcy court as a 'court of the United States.'") The Court will hear argument, if required.  Given the reply, however, it appears that Movant has abandoned this theory. **Rule 9011 Safe-Harbor Requirement**

Each of the opposing parties have argued that all or most of Movant's requests for sanctions under Rule 9011 must be denied on the ground that Movant failed to satisfy the "Safe-Harbor" prerequisite of Rule 9011(c)(1)(A) which requires that a sanctions motion (before being filed) must be served on the respondent and allow for 21 days to pass before it may be filed with the Court. While this procedure does not apply to the filing of a petition for relief under the Bankruptcy Code in the first instance, the sanctions sought by Movant are not due solely to the petitions.  The Court will hear argument but may require further briefing on application of the rule to papers filed in furtherance of an allegedly bad faith petition and the impact of concealment, if any, on the safe harbor requirements.  At any rate, the Court recognizes a potential roadblock which may limit the application of Rule 9011 in this matter.

**Bankruptcy Code Section 105**

The remaining legal basis of the Motion is Bankruptcy Code § 105.  Any ruling under § 105 would require an evidentiary hearing. The Court understands the limitations of § 105 – particularly in Mr. Schindler's hands.  But given that the motion could be seen as a request for issuance of an order to show cause issued by the Court, the Court is not prepared to simply ignore it.

The parties should be prepared to discuss the foregoing and to assist the Court in developing procedures and a strategy to resolve this matter cost-effectively in the context of the overall case.  To the extent settlements are ongoing, it is likely that the Court will stay this matter.  To the extent case professionals seek fee recovery such that the issues arise in that context as well, the Court wants to avoid duplication of effort. To the extent the claims arguably belong to the estate, they should not be pursued here concurrently. And as the case moves forward, activity in connection with this motion must be consistent with the Schindler settlement – at least as the Court understands it.

While the Court will not yet rule on the may evidentiary objections, they are preserved.  If this matter proceeds independently, they will be resolved in that context.