RON BENDER (SBN 143364)
BETH ANN R. YOUNG (SBN 143945)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Facsimile:  (310) 229-1244
Email:  rb@lnbyb.com; bry@lnbyb.com; kjm@lnbyb.com

Attorneys for David K. Gottlieb, Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: 18-06044-LT11 |
| **JESSE WAYNE DAWBER**, an individual, | Chapter 11 |
| Debtor. | [Substantively Consolidated] |
| **CLASS WAR, INC.**, a California corporation, | **CHAPTER 11 TRUSTEE'S STATUS REPORT SUMMARIZING ALL OF THE MATTERS SCHEDULED FOR HEARING ON APRIL 1, 2020** |
| Member Case No. 19-00293-LT11 | **Hearing:**<br>Date: April 1, 2020<br>Time: 10:00 a.m.<br>Place: Dept. 3/ Room 129<br>   325 West F Street<br>   San Diego, CA 92101 |

1

David K. Gottlieb in his capacity as the chapter 11 trustee (the "Trustee") in the above-captioned, substantively consolidated, bankruptcy estate of Jesse Wayne Dawber ("Dawber")[1], through his counsel – Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB"), hereby submits this Status Report summarizing all of the matters scheduled in this case for hearing on April 1, 2020 as requested by the Court.

**A.   Summary of the Trustee's Five Motions and Requested Relief and Status of Creditor Jack Schindler's Pending Sanctions Motion**

   **1.   The Hogan Lovells Settlement Agreement.**

Hogan Lovells US LLP ("Hogan Lovells") was employed as special litigation counsel to both Dawber and Class War. The Court had previously ordered Hogan Lovells and all other estate professionals (other than those employed by the Trustee) to file their final fee applications. Creditor Jack Schindler ("Schindler") had filed a motion for sanctions against, among others, Hogan Lovells (the "Schindler Sanctions Motion"). The Trustee is not a party to the Schindler Sanctions Motion, and the Trustee has taken no position with respect to the Schindler Sanctions Motion.

At the suggestion of the Court, the Trustee, Hogan Lovells and Schindler participated in a mediation before Judge Meredith Jury on February 19, 2020 (the "Hogan Lovells Mediation"). The Trustee and Hogan Lovells had entered into a stipulation that was approved by the Court to continue the date by when Hogan Lovells had to file its final fee application to a date after the Hogan Lovells Mediation to provide the parties an opportunity to try to settle their disputes and obviate the need for Hogan Lovells to file a final fee application. At the Hogan Lovells Mediation, the Trustee and Hogan Lovells reached resolution pursuant to which, among other things, (i) Hogan Lovells will repay to the Trustee for the benefit of this estate the total sum of $142,544 (the "Hogan Lovells Settlement Payment"), which Hogan Lovells represented was the remaining balance of its $150,000 pre-petition retainer, (ii) Hogan Lovells will waive all of its post-petition fees and costs, which Hogan Lovells contends was in the aggregate amount of

---

[1] The Dawber chapter 11 bankruptcy case was substantively consolidated with the chapter 11 bankruptcy case of Class War, Inc., which is a company owned by Dawber.

2

$225,061.12 (of fees) and $59,313.60 (of costs); and (iii) the Trustee (on behalf of Dawber's and Class War's bankruptcy estates) and Hogan Lovells have agreed to mutual releases (the "Hogan Lovells Settlement Agreement").

The terms of the Hogan Lovells Settlement Agreement were consistent with Judge Jury's strong recommendation. No settlement was reached at the Hogan Lovells Mediation with respect to the Schindler Sanctions Motion. Scheduled for hearing on April 1, 2020 is the Trustee's motion for approval of the Hogan Lovells Settlement Agreement (the "Hogan Lovells Settlement Motion"). Independent of the Hogan Lovells Settlement Agreement, Schindler has filed a notice with the Court that he has withdrawn the Schindler Sanctions Motion with respect to Hogan Lovells, without prejudice. In connection with the Hogan Lovells Settlement Agreement, the Trustee and Hogan Lovells are requesting the Court to waive the requirement for Hogan Lovells to file any final fee application. The deadline for any opposition to be filed to the Hogan Lovells Settlement Motion has passed without objection. The Trustee therefore does not expect any opposition to be asserted to the Hogan Lovells Settlement Motion at the hearing on April 1, 2020. As a result of Schindler's withdrawal of the Schindler Sanctions Motion with respect to Hogan Lovells, if at the hearing on April 1, 2020, the Court grants the Hogan Lovells Settlement Motion, all matters involving Hogan Lovells will have been resolved.

**2. The Arent Fox Settlement Agreement.**

Arent Fox LLP ("Arent Fox") was employed as bankruptcy counsel to Dawber. At the suggestion of the Court, the Trustee, Arent Fox and Schindler participated in a mediation before Judge Meredith Jury on March 6, 2020 (the "Arent Fox Mediation"). The Trustee and Arent Fox had entered into a stipulation that was approved by the Court to continue the date by when Arent Fox had to file its final fee application to a date after the Arent Fox Mediation to provide the parties an opportunity to try to settle their disputes and obviate the need for Arent Fox to file a final fee application. At the Arent Fox Mediation, with the assistance of Judge Jury, the Trustee and Arent Fox reached resolution (the "Arent Fox Settlement Agreement") pursuant to which, among other things, if approved by the Bankruptcy Court, on account of its approximately $508,000 of post-petition fees and expenses Arent Fox incurred in the course of

its representation of Dawber, Arent Fox will (i) receive an allowed administrative claim in the amount of $100,000 that the Trustee will pay to Arent Fox out of the funds in this estate; (ii) receive an allowed general unsecured claim in the amount of $180,000, which will be fully subordinated to all other allowed claims (the "AF Allowed Subordinated Unsecured Claim"),[2] and (iii) waive its right to seek allowance or payment of any and all other fees and expenses incurred or accrued in the course of Arent Fox's representation of Dawber.[3]  The settlement reached between the Trustee and Arent Fox was consistent with Judge Jury's strong recommendation.  No settlement was reached with respect to the Schindler Sanctions Motion, and the Trustee and Arent Fox agreed that the Schindler Sanctions Motion will proceed in the manner determined by the Bankruptcy Court with the Trustee continuing to take no position with respect to the Schindler Sanctions Motion.

Scheduled for hearing on April 1, 2020 is the Trustee's motion for approval of the Arent Fox Settlement Agreement (the "Arent Fox Settlement Motion").  In connection with the Arent Fox Settlement Agreement, the Trustee and Arent Fox are requesting the Court to waive the requirement for Arent Fox to file any final fee application.  The deadline for opposition to be filed to the Arent Fox Settlement Motion expires on March 26, 2020.  The Trustee does not expect any opposition to be asserted to the Arent Fox Settlement Motion at or prior to the

---

[2] No payment shall be made to Arent Fox on account of the Arent Fox Allowed Subordinated Unsecured Claim unless and until all other allowed claims against the estate have been paid in full provided that any other similarly subordinated claims shall be treated along with the Arent Fox Allowed Subordinated Unsecured Claim on a pari passu basis.

[3] Once the settlement order becomes a final order, Arent Fox shall be deemed to have permanently waived, subject to paragraph 13 of the Arent Fox Settlement Agreement, its rights to seek allowance or payment from the estate of any and all fees and expenses accrued in the course of its representation before, on or after the Dawber Petition Date or otherwise to seek any further payment from the estate beyond the Arent Fox Allowed Administrative Claim and the Arent Fox Allowed Subordinated Unsecured Claim, which shall be treated in the manner described above.  By entering into the Arent Fox Settlement Agreement, Arent Fox is not waiving its right to seek to be paid from Dawber individually for services performed by Arent Fox on behalf of Dawber individually after the date of the Trustee's appointment if Arent Fox is legally entitled to such payment– recognizing that Arent Fox may not pursue, levy upon, foreclose upon or be paid from any asset of the estate in this regard, including but not limited to the residence located at 468 Puebla Street, Encinitas, CA 92024, unless and until all other allowed claims against the estate have been paid in full.  The Trustee takes no position in this regard as that is a matter solely between Dawber individually and Arent Fox.

hearing on April 1, 2020. If at the hearing on April 1, 2020, the Court grants the Arent Fox Settlement Motion, all matters involving Arent Fox will have been resolved except for the pending Schindler Sanctions Motion with respect to Arent Fox. The Trustee assumes that the Court will treat the hearing on April 1, 2020 as a status conference with respect to the pending Schindler Sanctions Motion with respect to Arent Fox and decide how to proceed.

### 3. The Solomon Ward Settlement Agreement.

Solomon Ward Seidenwurm & Smith, LLP ("Solomon Ward") served as bankruptcy counsel to Class War. Solomon Ward was paid a pre-petition retainer in the amount of $115,000 of which $104,387.35 remained as of the filing of the Class War chapter 11 case (the "Retainer"). In accordance with a draw down procedure that was approved by the Court, Solomon Ward was paid $55,439.20 of fees and $997.80 of expenses during the Class War chapter 11 case leaving a current unpaid balance of $74,191.30 of fees and $766.75 of expenses. Solomon Ward is currently holding the $47,950.35 undrawn balance of the Retainer (the "Remaining Retainer Balance") in a Solomon Ward account. Solomon Ward contends that it incurred total fees in the amount of $129,630.50 and total expenses in the amount of $1,764.55 for total fees and expenses of $131,395.05 during the period of January 24, 2019 through September 12, 2019 (the "Solomon Ward Fees and Expenses"). Subsequent to the December 5, 2019 hearing, the Trustee and Solomon Ward met and conferred regarding a possible resolution of the Solomon Ward Fees and Expenses but were unable to agree on the terms of a settlement or the parameters of a mediation. Accordingly, the Trustee and Solomon Ward did not participate in any mediation. On February 6, 2020, Solomon Ward filed its final fee application [Docket No. 560] (the "Solomon Ward Fee Application"), and unilaterally scheduled a hearing on the Solomon Ward Fee Application (the "Solomon Ward Fee Hearing") for March 5, 2020. The Trustee requested that Solomon Ward agree to continue the Solomon Ward Fee Hearing to April 1, 2020 (and related briefing deadlines). Solomon Ward consented to the Trustee's request but only with respect to the Trustee and the United States Trustee. On February 11, 2020, the Trustee and Solomon Ward filed a stipulation [Docket No. 563] with the Bankruptcy Court in which they requested the Bankruptcy Court to continue the Solomon Ward Fee Hearing

and related briefing deadlines with respect only to the Trustee and the United States Trustee. The Bankruptcy Court entered an order approving that stipulation on February 14, 2020 [Docket No. 566]. That stipulated order provided that the Solomon Ward Fee Hearing will be held on April 1, 2020 and that the hearing scheduled for March 5, 2020 would be treated as a status conference only as to any objections filed to the Solomon Ward Fee Application other than by the Trustee or the United States Trustee. That stipulated order further provided that unless the Bankruptcy Court decided otherwise, the hearing on April 1, 2020 at 10:00 a.m. shall be the substantive hearing on the Solomon Ward Fee Application and not just a status conference, and the Trustee agreed not to request any further discovery from Solomon Ward. Schindler filed an objection to the Solomon Ward Fee Application in connection with the hearing scheduled for March 5, 2020. At the status conference hearing on March 5, 2020, the Court scheduled April 1, 2020 to be a substantive hearing on the Solomon Ward Fee Application, and the Court established a briefing schedule and various procedures with respect to the Solomon Ward Fee Application. Following the hearing on March 5, 2020, the Trustee and Solomon Ward engaged in settlement discussions which resulted in a settlement of their dispute. Pursuant to the settlement, the Solomon Ward Fees and Expenses shall be allowed as a final chapter 11 administrative expense in the total amount of $111,395.05 (the "Solomon Ward Allowed Fees and Expenses"), which amounts to a $20,000 voluntary reduction by Solomon Ward which is in addition to the payment to the Trustee as reflected below. Solomon Ward shall retain on a final basis the sum of $55,439.20 of fees and $997.80 of expenses that Solomon Ward has already been paid during the Class War chapter 11 case in accordance with the draw down procedure that was previously approved by the Bankruptcy Court. With respect to the $47,950.35 Remaining Retainer Balance, Solomon Ward shall return $22,950.35 to the Trustee for the benefit of the Estate, and Solomon Ward shall be paid the remaining $25,000 toward payment of the Solomon Ward Allowed Fees and Expenses. The remaining unpaid $29,958.05 of the Solomon Ward Allowed Fees and Expenses shall be fully subordinated to the payment in full of all other allowed claims against the Estate (the "Solomon Ward Allowed Subordinated Unsecured Claim"). No payment shall be made to Solomon Ward on account of the Solomon

Ward Allowed Subordinated Unsecured Claim unless and until all other allowed claims against the Estate have been paid in full provided that any other similarly subordinated claims shall be treated along with the Solomon Ward Allowed Subordinated Unsecured Claim on a pari passu basis. Scheduled for hearing on April 1, 2020 is the Trustee's motion for approval of the Solomon Ward Settlement Agreement (the "<u>Solomon Ward Settlement Motion</u>"). In connection with the Solomon War Settlement Agreement, as more described below, the Trustee has entered into a Second Amendment to the Original Schindler Settlement Agreement (the "<u>Schindler Second Amendment</u>") pursuant to which Schindler has agreed to withdraw the Sanctions Motion with respect to Solomon Ward with prejudice. The deadline for opposition to be filed to the Solomon Ward Settlement Motion expires on March 26, 2020. The Trustee does not expect any opposition to be asserted to the Solomon Ward Settlement Motion at or prior to the hearing on April 1, 2020. As a result of Schindler's withdrawal of the Schindler Sanctions Motion with respect to Solomon Ward as part of the Schindler Second Amendment, if at the hearing on April 1, 2020, the Court grants the Solomon Ward Settlement Motion and the Trustee's motion for approval of the Schindler Second Amendment, all matters involving Solomon Ward will have been resolved.

**4. <u>The First and Second Amendments to the Original Schindler Settlement Agreement.</u>**

The Trustee was very desirous of obtaining the Court's approval of the Hogan Lovells Settlement Agreement and the Solomon Ward Settlement Agreement without objection or appeal from Schindler when Schindler was not satisfied by those settlement agreements. A material provision of the Original Schindler Settlement Agreement was contained in Section 8 which provided, in summary, that if the Trustee obtained or recovered any funds from any professionals who were employed in the Dawber or Class War bankruptcy case, the Trustee would pay all of the net proceeds received by the Trustee from any such professionals (after payment of all fees and expenses incurred by the Trustee, including the statutory fee owing to the Trustee, and after payment of all of the fees and expenses of all professionals employed by the Trustee that are incurred in connection with or relating to the Trustee obtaining or

recovering any such fees and expenses from any such professionals) to Schindler ("Professional Fee Recovery Payments"), with any such Professional Fee Recovery Payments to Schindler to be in addition to, and not credited against, Schindler's $3.5 million liquidated judgment.

In connection with the Hogan Lovells Settlement Agreement, the Trustee entered into a First Amendment to the Original Schindler Settlement Agreement (the "Schindler First Amendment") which provided, in summary, as follows:

- the $142,543.53 that is being returned by Hogan Lovells to the Trustee will be paid to Schindler and will be additive to Schindler's $3.5 million liquidated judgment;

- consistent with Section 6 of the Original Schindler Settlement Agreement, the Trustee shall pay out of funds in this estate all professional fees and expenses incurred through and including December 31, 2019 but which are allowed by the Court on or after January 1, 2020 before any 50% distributions are made to Schindler;

- by no later than March 31, 2020, LNBYB and all of the Trustee's other professionals who have outstanding fees/costs through December 31, 2019 shall be required to file fee applications (designed to enable the Trustee to commence making the 50% distributions to Schindler as soon as possible); and

- notwithstanding Section 8 of the Original Schindler Settlement Agreement, the Trustee shall pay out of funds in this estate (i) all of LNBYB's fees and expenses incurred from and after January 1, 2020 and relate to the Hogan Lovells Mediation (both the preparation of all mediation briefing and participating in the mediation), the Hogan Lovells Settlement Agreement, the Hogan Lovells 9019 Motion, the Schindler First Amendment, the Schindler First Amendment Motion, the Hogan Lovells Approval Order and the Schindler First Amendment Order (the "Hogan Lovells Related Fees and Expenses"), up to a maximum of $50,000,[4] and (ii) the

---

[4] The First Amendment makes clear that this $50,000 figure is not in any way serving as a cap upon or an estimate of the Hogan Lovells Related Fees and Expenses. The purpose of this provision is only to address the source of payment of all such Hogan Lovells Related Fees and Expenses.

8

Trustee's statutory fee relating to the Hogan Lovells Settlement Payment (expected to be $4,276.32) before any 50% distributions are made to Schindler under Section 5 of the Original Schindler Settlement Agreement. All Hogan Lovells Related Fees and Expenses of LNBYB to the extent they exceed $50,000 may be paid only out of the Trustee's 50% of Funds.

- In exchange for all of the above consideration, Schindler has agreed not to (i) file any written opposition to the Hogan Lovells 9019 Motion, (ii) assert any oral opposition to the Hogan Lovells 9019 Motion at the Bankruptcy Court hearing on the Hogan Lovells 9019 Motion, or (iii) appeal the Hogan Lovells Approval Order or to seek any reconsideration of the Hogan Lovells Approval Order.[5]

In connection with the Trustee's settlement with Solomon Ward, the Trustee entered into a Second Amendment to the Original Schindler Settlement Agreement (referenced and defined above as the "Schindler Second Amendment") which provided, in summary, as follows:

- the $22,950.35 that is being returned by Solomon Ward to the Trustee will be paid to Schindler and will be additive to Schindler's $3.5 million liquidated judgment;

- notwithstanding Section 8 of the Original Schindler Settlement Agreement, the Trustee shall pay out of funds in this estate (i) all of LNBYB's fees and expenses incurred from and after January 1, 2020 and relate to the Trustee's intended objection to the Solomon Ward Fee Application, the preparation of the Solomon Ward Settlement Agreement, the Solomon Ward Settlement Motion, the Schindler Second Amendment, the Schindler Second Amendment Motion, the Solomon Ward Settlement Order and the Schindler Second Amendment Order (the "Solomon Ward Related Fees and Expenses"), up to a maximum of $20,000,[6] and (ii) the Trustee's statutory fee relating to the returned funds from Solomon Ward (expected to be

---

[5] As indicated above, while not a requirement of the Schindler First Amendment, Schindler has dismissed the Schindler Sanctions Motion with respect to Hogan Lovells without prejudice.

[6] The Second Amendment makes clear that this $20,000 figure is not in any way serving as a cap upon or an estimate of the Solomon Ward Related Fees and Expenses. The purpose of this provision is only to address the source of payment of all such Solomon Ward Related Fees and Expenses.

9

$688.51) before any 50% distributions are made to Schindler under Section 5 of the Original Schindler Settlement Agreement. All Solomon Ward Related Fees and Expenses in excess of $20,000 may be paid only out of the Trustee's 50% of Funds.

- In exchange for all of the above, Schindler has agreed not to (i) file any written opposition to the Solomon Ward 9019 Motion, (ii) assert any oral opposition to the Solomon Ward 9019 Motion at the Bankruptcy Court hearing on the Solomon Ward 9019 Motion, or (iii) appeal the Solomon Ward Approval Order or to seek any reconsideration of the Solomon Ward Approval Order. Schindler also agreed to dismiss the Sanctions Motion with prejudice with respect to Solomon Ward and its attorney.

The First Schindler Amendment and the Second Schindler Amendment are set forth in two separate motions filed by the Trustee – both of which are scheduled to be considered by the Court at the hearing on April 1, 2020. No opposition has been filed to either motion, and the Trustee is not expecting any opposition to be filed to either motion.

### B. Summary of Other Issues Remaining in the Bankruptcy Cases

#### 1. The Net Results of all of the foregoing Agreements.

If the Court approves all of the five settlement agreements and related settlement motions referenced above at the hearing on April 1, 2020, the only outstanding matter would be the Schindler Sanctions Motion against Arent Fox and certain Arent Fox attorneys.

#### 2. Current Cash Position of the Estate.

As of March 19, 2020, the Trustee was holding the total cash sum of $616,050.04. A summary of those funds is set forth immediately below. The Trustee would expect to receive an additional payment from Faction in March, 2020 which should increase the cash balance in this estate by the time of the hearings on April 1, 2020 to approximately $700,000. The Trustee would pay the $100,000 to Arent Fox that will be owing pursuant to the Arent Fox Settlement Agreement out of these funds.

| | | |
|---|---|---|
| 1 | Starting Balance on 1-1-20 (Trustee Reserve) | $100,000.00 |
| 2 | Faction payment on 1-7-20 | $125,000.00 |
| 3 | Madacsi settlement payment on 1-13-20 | $175,000.00 |
| 4 | Finlayson payment on 1-21-20 | ($489.50) |
| 5 | Storage payment fee on 1-22-20 | ($468.95) |
| 6 | Retainer refund from Kit Gardener | $4,856.00 |
| 7 | Faction payment on 2-5-20 | $90,000.00 |
| 8 | Royalty payment from Stance, Inc. 2-13-20 | $423.30 |
| 9 | Storage payment fee on 2-22-20 | ($468.95) |
| 10 | Faction payment on 2-26-20 | $100,000.00 |
| 11 | Royalty payment from Zumiez on 2-27-20 | $22,198.14 |
| 12 | **Current Balance** | **$616,050.04** |

Dated: March 19, 2020

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.


By:   */s/ Ron Bender*  
         RON BENDER  
         BETH ANN R. YOUNG  
         KRIKOR J. MESHEFEJIAN  
         LEVENE, NEALE, BENDER, YOO  
         & BRILL L.L.P.  
         Attorneys for David K. Gottlieb,  
         Chapter 11 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **CHAPTER 11 TRUSTEE'S STATUS REPORT SUMMARIZING ALL OF THE MATTERS SCHEDULED FOR HEARING ON APRIL 1, 2020** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 19, 2020** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Christine E. Baur** christine@baurbklaw.com, admin@baurbklaw.com
- **Ron Bender** rb@lnbyb.com, bry@lnbyb.com
- **Anthony Bisconti** tbisconti@bienertkatzman.com, admin@bienertkatzman.com;4579179420@filings.docketbird.com
- **Michael D. Breslauer** mbreslauer@swsslaw.com, wyones@swsslaw.com
- **John W. Cutchin** jcutchin@san.rr.com
- **Jesse S. Finlayson** jfinlayson@ftrlfirm.com, bmendoza@ftrlfirm.com
- **Douglas Flahaut** flahaut.douglas@arentfox.com
- **Lauren Nicole Gans** lgans@shensonlawgroup.com, jshenson@shensonlawgroup.com
- **Todd S. Garan** ch11ecf@aldridgepite.com, tgaran@aldridgepite.com;TSG@ecf.courtdrive.com
- **David Gottlieb** dkgtrustee@dkgallc.com, rjohnson@dkgallc.com;dgottlieb1@iq7technology.com
- **Christopher V. Hawkins** hawkins@sullivanhill.com, hill@sullivanhill.com;millerick@sullivanhill.com;bkstaff@sullivanhill.com;vidovich@ecf.inforuptcy.com;hawkins@ecf.inforuptcy.com
- **Krikor John Meshefejian** kjm@lnbyb.com
- **Aram Ordubegian** ordubegian.aram@arentfox.com
- **David Ortiz** david.a.ortiz@usdoj.gov, USTP.REGION15@USDOJ.GOV;tiffany.l.carroll@usdoj.gov;Elizabeth.C.Amorosi@usdoj.gov
- **Michael L. Turrill** michael.turrill@hoganlovells.com, elizabeth.goncharov@hoganlovells.com;tiffany.dejonge@hoganlovells.com;jamie.wood@hoganlovells.com;LADocketing@hoganlovells.com
- **United States Trustee** ustp.region15@usdoj.gov
- **Donald A. Vaughn** dav@vv-law.com, etopol@vv-law.com
- **Christopher K.S. Wong** christopher.wong@arentfox.com
- **Beth Ann R. Young** bry@lnbyb.com

**2. SERVED BY UNITED STATES MAIL**: On **March 19, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

.☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 19, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **March 19, 2020** | Lourdes Cruz | */s/ Lourdes Cruz* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |