Donald A. Vaughn, Esq. (Bar No. 110070)
Evan J. Topol Esq. (Bar No. 274932)
VAUGHN & VAUGHN
501 West Broadway, Suite 1770
San Diego, CA 92101
Tel: (619) 237-1717
Fax: (619) 237-0447

Attorneys for Creditor JACK SCHINDLER

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO

| | |
|---|---|
| In re<br><br>JESSE WAYNE DAWBER, an individual,<br><br>Debtor.<br><br>―――――――――――――――――<br>CLASS WAR, INC., a California corporation,<br><br>Member Case No. 19-00293-LT11 | Case No. 18-06044-LT11<br><br>Chapter 11<br><br>[Substantively Consolidated]<br><br>**JACK SCHINDLER'S STATUS REPORT**<br><br>Judge: Hon, Laura Taylor<br>Dept.: 3, Room 129<br>Date: April 1, 2020<br>Time: 10:00 a.m.<br><br>[Telephonic Hearing] |

Jack Schindler ("Schindler") respectfully submits this Status Report with respect to matters scheduled before this Court on April 1, 2020:

## I.

## PREFACE

The Trustee filed a comprehensive Status Report which provides substantial detail concerning the matters on calendar for April 1, 2020. Schindler, therefore, will not reiterate information provided by the Trustee but will, instead, set forth his understanding of, and position on, these matters.

///

1

## II.

## INTRODUCTION

This Court has five (5) motions on calendar for April 1, 2020. Three (3) of these seek Court approval under FRBP 9019 for settlements the Trustee reached with firms/attorneys which had potential claims against the Estate for services rendered to one or both Debtors. The three settling factions are: (1) Hogan Lovells/Michael Turrill (collectively, "Hogan Lovells"), (2) Arent Fox/Aram Ordubegian/Douglas Flahaut (collectively, "Arent Fox"), and (3) Solomon Ward/Michael Breslauer (collectively, "Solomon Ward").

The other two (2) motions seek Court approval of: (1) a First Amendment to the Schindler Settlement Agreement (the "First Amendment"), and (2) a Second Amendment to the Schindler Settlement Agreement (the "Second Amendment"). The First Amendment relates to the Trustee's settlement with Hogan Lovells, while the Second Amendment relates to the Trustee's Solomon Ward settlement. As set forth below in more detail, Schindler's agreement not to oppose the Hogan Lovells settlement motion is predicated upon approval of the First Amendment. Similarly, Schindler's agreement not to oppose the Solomon Ward settlement is contingent upon this Court's approval of the Second Amendment.

While the settlement agreements the Trustee has reached with these potential fee claimants do not purport to release any claims Schindler might have Schindler asserts that, even if such language was present, the Trustee could not release any rights Schindler may or might have against these claimants or anyone else. Schindler is not a party to the Trustee's settlement agreements with these fee claimants and no party asserts that the Trustee's release in the respective settlement agreements does or can affect Schindler's rights, if any, against these claimants or any other third parties.[1]

---

[1] Schindler is obliged under the Second Amendment, however, to withdraw his Sanctions Motion as against Solomon Ward with prejudice.

2

In addition to these motions, an evidentiary hearing on Schindler's Sanctions Motion with respect to Solomon Ward was scheduled for April 1, 2020. By Order dated March 11, 2020 [Dkt. 599], this Court continued the evidentiary hearing on Schindler's Sanctions Motion as against Solomon Ward to June 10, 2020, with the expectation that, if the 9019 motion with respect to the Solomon Ward settlement, and motion seeking approval of the Second Amendment are granted, the Sanctions Motion as against Solomon Ward will go off calendar.

## II.

## SCHINDLER'S POSITION

Schindler has not opposed the Trustee's 9019 motion as to Hogan Lovells and does not intend to orally oppose said motion – unless the Court *disapproves* the First Amendment to the Schindler Settlement agreement. That bargain is set forth in the contractual framework of the First Amendment. Likewise, Schindler does not intend to file written opposition to the Trustee's 9019 motion with respect to Solomon Ward and does not intend to offer any oral opposition thereto unless the Court disapproves the Second Amendment. That agreement is likewise contained in the Second Amendment.

Schindler's position with respect to Arent Fox is slightly different. Schindler does not intend to file written opposition nor orally object to the Trustee's settlement with Arent Fox. As the Trustee's Status Report [Dkt. 605 at pp. 4 - 5] represents, however, Schindler *does* intend to proceed with his pending Sanctions Motion as against Arent Fox. The Trustee indicates his expectation that this Court will utilize the April 1, 2020, hearing to conduct a status conference on Schindler's Sanctions Motion, and Schindler has no objection to doing so at that time.

///

///

///

///

# III.
# CONCLUSION

Schindler does not oppose the Trustee's settlements, unless the First Amendment or the Second Amendment is not also approved. These Amendments were consideration for Schindler's non—opposition to the 9019 motions. If the Court conducts a status conference on Schindler's Sanctions Motion as against Arent Fox, Schindler will be prepared to do so.

                                                      Respectfully Submitted,

Date: March 23, 2020                    VAUGHN & VAUGHN

                                  By:   /s/ DONALD A. VAUGHN
                                             DONALD A. VAUGHN
                                             EVAN J. TOPOL
                                             Attorneys for Creditor Jack Schindler

*In re Jesse Dawber, Case No. 18-06044-LT11*
*Substantively Consolidated with Case No. 19-00293-LT11*

## **PROOF OF SERVICE**

I, Donald Vaughn, declare as follows:

I am a citizen of the United States and am employed in the County of San Diego, California. I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 501 West Broadway, Suite 1770, San Diego, California 92101. On March 23, 2020, I served the following document:

## **JACK SCHINDLER'S STATUS REPORT**

on the parties in this action as follows:

Ron Bender on behalf of David K. Gottlieb, Chapter 11 Trustee of the Bankruptcy Estate of Jesse Wayne Dawber
rb@lnbyb.com

Anthony Bisconti on behalf of Defendant Jesse Wayne Dawber
tbisconti@bienertkatzman.com

Michael D. Breslauer on behalf of Debtor Class War, Inc.
mbreslauer@swss.com

John W. Cutchin
jcutchin@san.rr.com

Jesse S. Finlayson, Court-Appointed Chapter 11 Examiner
jfinlayson@ftrlfirm.com

M. Douglas Flahaut on behalf of Debtor Jesse Wayne Dawber
flahaut.douglas@arentfox.com

Lauren N. Gans on behalf of STFU Global PTE LTD
lgans@shensonlawgroup.com

Todd S. Garan on behalf of Creditor Bank of America
tgaran@aldridgepite.com

VAUGHN & VAUGHN

Christopher V. Hawkins on behalf of Creditors Strategic Lighthouse Group Limited and Drew Madacsi
hawkins@sullivanhill.com

Steven Jay Katzman on behalf of Defendant Jesse Wayne Dawber
skatzman@bienertkatzman.com

Krikor J. Meshefejian on behalf of David K. Gottlieb, Chapter 11 Trustee of the Bankruptcy Estate of Jesse Wayne Dawber
kjm@lnbyb.com

Aram Ordubegian on behalf of Debtor Jesse Wayne Dawber
ordubegian.aram@arentfox.com

Jonathan S. Shenson on behalf of STFU Global PTE LTD
jshenson@shensonlawgroup.com

Michael L. Turrill on behalf of Debtor Jesse Wayne Dawber
michael.turrill@hoganlovells.com

Beth Ann R. Young on behalf of David K. Gottlieb, Chapter 11 Trustee of the Bankruptcy Estate of Jesse Wayne Dawber
bry@lnbyb.com

Christopher K.S. Wong on behalf of Debtor Jesse Wayne Dawber
christopher.wong@arentfox.com

David A. Ortiz on behalf of the United States
david.a.ortiz@usdoj.gov

United States Trustee
ustp.region15@usdoj.gov

Tiffany L. Carroll
tiffany.l.carroll@usdoj.gov

Elizabeth C. Amorosi
Elizabeth.c.amorosi@usdoj.gov

VAUGHN & VAUGHN

PROOF OF SERVICE

[X] **BY CM/ECF NOTICE OF ELECTRONIC FILING** by causing such document(s) listed above to be served through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth below as identified on the service list obtained from this Court on the Electronic Mail Notice List.

[ ] **BY MAIL:** I am readily familiar with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Code of Civil Procedure §1013(a).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I executed this Proof of Service on March 23, 2020, at San Diego, California.

Donald Vaughn

VAUGHN & VAUGHN

PROOF OF SERVICE